UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELANIE WILSON                              :    CIVIL ACTION
                                            :    NO. 3:02 CV1026 (CFD)
V.                                          :

CITY OF NORWICH; LOUIS T. FUSARO;
JAMES F. DAIGLE, JR.                        :    MARCH 2, 2004

## JOINT RULE 26(f) REPORT

Date Complaint Filed:            Complaint was initially filed in Superior Court on May 13, 2002. The Defendants removed the matter on June 18, 2002. An Amended Complaint was filed on September 8, 2003

Date Complaint was served:

Date of Defendant(s) Appearance:    Defendants appeared in this case on June 11, 2002.

Pursuant to Fed. R. Civ P 16(b), 26(f) and D.Conn L. Civ. R. 38. A conference was held on February 25, 2004. The participants were:

**John Williams,** Williams & Pattis, 51 Elm Street, Suite 409, New Haven, CT 06510 for the plaintiff, Melanie Wilson.

**Eric P. Daigle**, Halloran & Sage, LLP, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 for the defendant, James F. Daigle, Jr.

**Beatrice S. Jordan**, Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114, for the defendants City of Norwich and Louis T. Fusaro.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities of achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. SUBJECT MATTER JURISDICTION

The basis for the Court's subject matter jurisdiction is pursuant to 28 U.S.C. 1331, 1343(3) and 1367(a) as this action is brought pursuant to, *inter alia*, Sections 1983 and 1988 of Title 42 of the United States Code.

### B. PERSONAL JURISDICTION

Personal jurisdiction may be contested.

## III. BRIEF DESCRIPTION OF CASE

### A. CLAIMS OF THE PLAINTIFF:

The Plaintiff, Melanie Wilson, was a resident of New London and was born on May 20, 1982. Defendant, James F. Daigle Jr., was a Detective Sergeant with the Norwich Police Department, a municipal agency of the Defendant, the City of Norwich acting as a police officer while on duty in that capacity. His actions described herein were malicious, wanton and willful. He is sued only in his individual capacity.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In early September of 2000, the Plaintiff volunteered to assist the City of Norwich Police Department in an undercover, underage alcohol purchase "sting" operation. The Defendant, Daigle, also participated in this operation, and was one of the chief planners and developers of the "sting" operation. The Defendant, Daigle, was the City of Norwich Police Officer who recruited the Plaintiff to be a volunteer in the undercover, underage alcohol purchase "sting" operation.

On September 15, 2000, the Defendant, Daigle, told the Plaintiff that to participate in the "Sting" operation as an undercover minor attempting to purchase alcohol, it would be necessary for him to take two photographs of her fully nude, front and back, to document that she was not wearing a wire or tape recorder. Because Detective Sergeant Daigle was a Norwich Police Officer, the Plaintiff believed what he told her, and allowed him to take two photographs of her fully nude, front and back.

At the time the Defendant took the two photographs of the Plaintiff, the Plaintiff was under the belief that said photographs were necessary and required as part of her participation in the underage alcohol purchasing "sting" operation.

In December of 2000, the Plaintiff volunteered to assist the City of Norwich Police Department in a Child Pornography investigation. The defendant Daigle also participated in this operation, and was one of the chief planners and developers of the investigation. The defendant Daigle was the City of Norwich police officer who recruited the plaintiff to be a volunteer in the Child Pornography investigation.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

At some time in October or November of 2000, the defendant Daigle told the plaintiff that several female City of Norwich police officers had posed in the nude as part of the child pornography investigation, but that nude photographs of a minor were needed to create authentic nude photographs, and that since the plaintiff was 18, it would be legal for him to photograph her, but that the nude photographs of the plaintiff would look like those of a minor. Because the defendant Daigle was a Norwich police officer, the plaintiff believed what he told her and allowed him to take several photographs of her nude from the waist up sometime between December 15 and December 24, 2000. The Plaintiff's belief that the taking of the nude photographs was necessary and required was reasonable, given the Defendant's position as a City of Norwich Police Detective Sergeant.

On or about January 4, 2002, the Plaintiff learned that the nude photographs that had been taken of her were not part of any "sting" operation, and that the Defendant, Daigle, made misrepresentations to her about having to pose in the nude to assist the City of Norwich as a volunteer in a "sting" operation. The Defendant, Daigle, made the misrepresentations to the Plaintiff concerning the need to take nude photographs of the Plaintiff in order to induce the Plaintiff to consent to the taking of the said nude photographs.

As a result of the nude photographs taken of the Plaintiff, she has suffered serious and permanent emotional injuries, including but not limited to, severe emotional distress, anxiety, depression, low self-esteem, anger, rage, and permanent

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

psychological scarring. Additionally, the Plaintiff does not know who has seen her nude photographs, or what has been done with them, and fears that she will forever be subject to future pain and humiliation. As a result of her injuries as described above, the Plaintiff has undergone, and will in the future continue to undergo, intensive therapy and counseling. Furthermore, as a result of the injuries and damages, the Plaintiff has incurred, and will in the future continue to incur, medical bills for treatment, therapy and counseling.

**B.    DEFENSES AND CLAIMS:**

The defendant, **James F, Daigle, Jr.**, denies the material allegations of the plaintiff's Complaint. Defendant Daigle asserts the defense of qualified immunity on the basis that he did not violate any clearly established constitutional right of the plaintiff or, alternatively, his actions were objectively reasonable in the light of the circumstances then and there existing.

As to the plaintiff's state law claims, the defendants have asserted the defense of governmental immunity insofar as they were engaged in discretionary acts as part of their governmental functions.

The defendants, **City of Norwich, City of Norwich Police Department** and **Louis T. Fusaro**, deny the material allegations of the complaint. Furthermore, the plaintiff's claims against the defendants are barred by the doctrines of qualified immunity and governmental immunity.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## IV.  STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The plaintiff, Melanie Wilson, was a resident of the State of Connecticut at the time of the subject incident.

2. The City of Norwich is a municipal corporation existing under the laws of the State of Connecticut.

## V.  CASE MANAGEMENT PLAN:

### A.  STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B.  SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C.  EARLY SETTLEMENT CONFERENCE

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

3. The parties prefer a settlement conference with a United States Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

**E. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

1. Defendants should be allowed until March 15, 2004, to file a response to the Complaint.

**F. DISCOVERY**

1. The parties anticipate that discovery will be needed on the following subjects: whether the defendant, James Daigle, invaded the plaintiff's right of privacy and misrepresented facts alleged in the Complaint; whether there existed a custom, practice or policy of unconstitutional conduct such that it was the moving force behind the events described in the Complaint; the nature and extent of the plaintiff's physical and emotional injuries alleged; and whether the defendants are entitled to qualified or governmental immunity as to any of the plaintiff's claims.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately, and completed by December 15, 2004.

3. Discovery will not be conducted in phases.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

4.  The parties anticipate that the plaintiff will require a total of 6 depositions of fact witnesses and the defendants will require a total of 4 depositions of fact witnesses. The depositions will commence immediately, and be completed by November 15, 2004.

5.  The parties may request permission to serve more than twenty-five Interrogatories.

6.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 15, 2004, a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by September 15, 2004, a date not later than two months before the deadline for completing all discovery.

7.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2004, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by November 15, 2004, a date not later than the discovery cutoff date.

8.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by November 15, 2004.

**G.  DISPOSITIVE MOTIONS:**

Dispositive motions will be filed on or before January 15, 2005.

-8-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**H.    JOINT TRIAL MEMORANDUM**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by January 15, 2005, or thirty days after this Court rules on any summary judgment motion filed by the defendants, whichever is later.

Plaintiff:  Melanie Wilson

By: _____    Date: 3/6/04
John Williams  (ct 00215)
Williams & Pattis
51 Elm Street
Suite 409
New Haven, CT 06510

Defendants: City of Norwich and Louis Fusaro

By: _____    Date: 3/4/04
Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Defendants: James F. Daigle

By: _____    Date: 3/2/04
Eric P. Daigle
Halloran & Sage LLP
One Goodwin Square
Hartford, CT 06103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105