UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | |
| | : | |
| VS. | : | NO. 3:02CV1026(CFD) |
| | : | |
| CITY OF NORWICH, LOUIS T. | : | |
| FUSARO and JAMES F. DAIGLE, JR. | : | AUGUST 10, 2004 |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT CITY OF NORWICH

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiff

requests that defendant City of Norwich answer under oath interrogatories within

thirty (30) days from the date of service upon the defendant.

INSTRUCTION AND DEFINITION:

1. These interrogatories shall be deemed continuing, so as to require

supplemental answers if further information is obtained between the time the

answers are served and the time of trial.

2. If no one agent of the defendant is competent to answer all the

interrogatories, the responses should be separately answered under oath by as

many agents of the defendant as are necessary.

3. As used herein, the term "document" means the original as well as

any copy regardless of origin or location of any typewritten, handwritten, printed

or recorded material including, but not limited to, any book, pamphlet, periodical,

letter, memorandum, telegram, report, record, study, handwritten note, working paper, chart, paper, graph, index, tape, disc, data sheet, data processing card, diary, calendar, business records, address and telephone records, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced to which you have or have had access or control.

4. As used herein, the term "identify" or "identification" with reference to a document means to state the date, author (and if different the signer or signers), the addressee, document (e.g., letter, memorandum, etc.) and its present or last known location and the name and address of the person having custody or control of such document. If any such document was, but is no longer in your possession or subject to your control, state the disposition made of it, the reason for such disposition and the date thereof, its present location and the name and address of the person having custody or control of such document, with sufficient particularity to request its production under Rule 34, F.R.C.P.

5. As used herein, the term "you" means you, yourself, the person to whom these interrogatories are addressed or any of your agents, deputies, assignees, partners, associates or any employees, employers or organizations of which you are a member or an employee, or any person acting on your behalf.

6.  Without limitation, a document is deemed to be in your "control" if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

7.  "Communicate" or "communication" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

8.  Use of the term "identify" with reference to an individual person, means to state his full name, present home address, present position and business affiliation or employment.  "Identify" as to a communication means to state the date of the communication, the type of communication, the place where such communication was made, the identities or the maker(s) and the receiver(s) of the communication and of each person present when it was made, and the subject matter discussed.

9.  The masculine shall include the neuter or feminine gender, unless the context expressly indicates otherwise; the singular includes the plural and vice versa; the present tense includes the past tense and vice versa; and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

10. If any of the information requested in answer to the interrogatories propounded herein is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage) state the form in which it is available and describe the type of computer or other machine required to read the records. If the information requested is stored in a computer, indicate whether there is an existing program which will print the records in the form desired, or if no program exists, whether one could be written.

11. If you do not answer any interrogatories because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

INTERROGATORIES:

1. What is the full name of each person responding to these interrogatories?

ANSWER:

2. What is the date of birth of each person responding to these interrogatories?

ANSWER:

4

3.  What is the business address of each person responding to these interrogatories?

ANSWER:

4.  What is the present job title and present job duties of each person responding to these interrogatories?

ANSWER:

5.  Has any official of the defendant City of Norwich made any written or recorded statements to any person regarding any incident alleged in the Complaint?

ANSWER:

6.  State the names and addresses of all persons who were or are believed to have been present at the time of each incident alleged in the Complaint or who observed or are believed to have observed all or part of any such incident.

ANSWER:

7.  As to each individual named in response to Interrogatory 6, state whether such individual has given any written or recorded statement or statements, concerning the subject matter of the Complaint in this lawsuit.

ANSWER:

8.  If, at the time of the incident alleged in the Complaint, you were covered by an insurance policy under which an insurer may be liable to satisfy part or all of a judgment or reimburse you for payments to satisfy part or all of a judgment, state the following:

A.  The name(s) and address(es) of the insured(s);

      B.  The amount of coverage under each insurance policy;

      C.  The name(s) and address(es) of said insurer(s).

ANSWER:

    9.  State the names and addresses of all experts whom you intend to call to testify at trial.

ANSWER:

    10.  If either of the individual defendants has ever been the subject of any civilian complaint or internal disciplinary proceeding having to do with alleged abuses of his powers as a law enforcement officer, state as to each such proceeding:

      A.  The substance of any charges made in each such proceeding;

B. The name and address of each person who brought such charges;

C. The date and outcome of each such proceeding, including the date and nature of any subsequent disciplinary action, if any was taken.

ANSWER:

11. Identify all records or reports generated by any official or employee of the defendant City of Norwich concerning any incident alleged in the complaint, concerning the plaintiff, and/or concerning either of the individual defendants.

ANSWER:

12. Describe in detail all disciplinary actions taken against either of the individual defendants in connection with any conduct involving the plaintiff or any of the allegations of the complaint.

ANSWER:

13.  Describe in detail the process by which each of the individual defendants was hired by the City of Norwich.

ANSWER:

14.  Describe in detail all training provided to each of the individual defendants during the course of such defendant's employment by the City of Norwich.

ANSWER:

15.  If any electronic or photographic record was made of any part of any of the events alleged in the complaint or in your answers to the preceding interrogatories, identify the person or persons having present custody or such electronic or photographic record or recording and state the exact present location of each such photograph or recording.

ANSWER:

16. Identify all regulations or rules of the City of Norwich and/or its police department, in effect at any time during the last ten (10) years, concerning the employment or uncompensated usage of civilians and/or minors by any City department, including but not limited to the Police Department.

ANSWER:

17.  Identify every civilian utilized by the Norwich Police Department at any time during the last ten (10) years in connection with the department's attempts to enforce liquor laws, and state the date(s) each person was utilized by the department.

ANSWER:

## PLAINTIFF'S REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiff requests that defendant City of Norwich, through counsel, provide the plaintiff, through counsel undersigned, at the office address of counsel undersigned, within thirty days of the date hereof, all written or tangible materials, including photographs, in the possession, custody or control of the defendant or defense counsel, or to which the defendant or defense counsel have access, which materials concern or are relevant to the subject matter of this action, including, but not limited to, the following:

1.  Any and all materials identified in answer to any interrogatories served upon the defendant by the plaintiff.

2.  Any and all materials used or relied upon by the defendant in preparing answers to any of the plaintiff's interrogatories.

3.  The names and address of all persons who are or may be witnesses to any of the events which are the subject of this lawsuit or of any defense being offered by the defendant.

4.  The names and addresses of any and all expert witnesses contacted or retained by the defendant or defense counsel in connection with any aspect of this litigation.

5. Any and all photographs of any plaintiff.

6. Any and all films, videos or recordings of the plaintiff.

7. Any and all photographs of any scene of events described or referred to in the Complaint.

8. The complete personnel, disciplinary and training files of each of the individual defendants.

9. Any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial of this case.

10. Any and all statements of witnesses to any event relevant to this Complaint or any defense being offered to this Complaint.

11. Any and all C.I.R. reports, case/incident reports, internal affairs records, Detective Bureau records, medical records, accident records, wagon records, booking records, cell block records, etc., concerning the plaintiff, either individual defendant or the subject matter of this lawsuit.

14

12. Any and all police records concerning internal disciplinary procedures, regardless of the outcome, to which either of the individual defendants has been subjected while employed as a police officer.

13. Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department of the subject matter of this lawsuit.

14. Copies of all documents identified in response to Interrogatory 16.

15. All records concerning each person identified in response to Interrogatory 17.

15

THE PLAINTIFF

BY _____
JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
(203) 562-9931
FAX: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
Attorney for Plaintiff

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to

```
Attorney Linda L. Mariani
Stephen E. Reck, Esq.
Mariani & Reck
P.O. Box 1630
New London, CT 06320-1630

Thomas R. Gerarde, Esq.
Attorney Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

James M. Sconzo, Esq.
Halloran & Sage, LLP
225 Asylum Street
One Goodwin Square
Hartford, CT 06103-4303
```

JOHN R. WILLIAMS

17

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MELANIE WILSON :  
  :
VS. :   NO. 3:02CV1026(CFD)
  :
CITY OF NORWICH, LOUIS T. :
FUSARO and JAMES F. DAIGLE, JR. :   AUGUST 10, 2004

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT FUSARO

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiff requests that defendant Fusaro answer under oath interrogatories within thirty (30) days from the date of service upon the defendant.

INSTRUCTION AND DEFINITION:

      1. These interrogatories shall be deemed continuing, so as to require supplemental answers if further information is obtained between the time the answers are served and the time of trial.

      2. As used herein, the term "document" means the original as well as any copy regardless of origin or location of any typewritten, handwritten, printed or recorded material including, but not limited to, any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, working paper, chart, paper, graph, index, tape, disc, data sheet, data processing card, diary, calendar, business records, address and telephone records, or any other

written, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced to which you have or have had access or control.

3. As used herein, the term "identify" or "identification" with reference to a document means to state the date, author (and if different the signer or signers), the addressee, document (e.g., letter, memorandum, etc.) and its present or last known location and the name and address of the person having custody or control of such document.  If any such document was, but is no longer in your possession or subject to your control, state the disposition made of it, the reason for such disposition and the date thereof, its present location and the name and address of the person having custody or control of such document, with sufficient particularity to request its production under Rule 34, F.R.C.P.

4. As used herein, the term "you" means you, yourself, the person to whom these interrogatories are addressed or any of your agents, deputies, assignees, partners, associates or any employees, employers or organizations of which you are a member or an employee, or any person acting on your behalf.

5. Without limitation, a document is deemed to be in your "control" if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

2

6. "Communicate" or "communication" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

7. Use of the term "identify" with reference to an individual person, means to state his full name, present home address, present position and business affiliation or employment. "Identify" as to a communication means to state the date of the communication, the type of communication, the place where such communication was made, the identities or the maker(s) and the receiver(s) of the communication and of each person present when it was made, and the subject matter discussed.

8. The masculine shall include the neuter or feminine gender, unless the context expressly indicates otherwise; the singular includes the plural and vice versa; the present tense includes the past tense and vice versa; and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

9. If any of the information requested in answer to the interrogatories propounded herein is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage) state the form in which it

3

is available and describe the type of computer or other machine required to read the records. If the information requested is stored in a computer, indicate whether there is an existing program which will print the records in the form desired, or if no program exists, whether one could be written.

10. If you do not answer any interrogatories because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

INTERROGATORIES:

1. What is your full name?

ANSWER:

2. What is your date of birth?

ANSWER:

3. What is your home address?

ANSWER:

4

4.  What is your present job title and what are your present job duties?

ANSWER:

5.  Have you made any written or recorded statements to any person regarding any incident alleged in the Complaint?

ANSWER:

6.  State the names and addresses of all persons known to you who were present at the time of each incident alleged in the Complaint or who observed or witnesses all or part of the incident.

ANSWER:

7.  As to each individual named in response to Interrogatory 6, state whether to your knowledge, or the knowledge of your attorney, such individual has given any written or recorded statement or statements, concerning the subject matter of the Complaint in this lawsuit.

ANSWER:

8.  If, at the time of the incident alleged in the Complaint, you were covered by an insurance policy under which an insurer may be liable to satisfy part or all of a judgment or reimburse you for payments to satisfy part or all of a judgment, state the following:

        A.  The name(s) and address(es) of the insured(s);

        B.  The amount of coverage under each insurance policy;

        C.  The name(s) and address(es) of said insurer(s).

ANSWER:

9. State the names and addresses of all experts whom you intend to call to testify at trial.

ANSWER:

10. If you have ever been the subject of any civilian complaint or internal disciplinary proceeding having to do with alleged abuses of your powers as a law enforcement officer, state as to each such proceeding:

A. The substance of any charges made against you in each such proceeding;

B. The name and address of each person who brought such charges;

C. The date and outcome of each such proceeding, including the date and nature of any subsequent disciplinary action against you, if any was taken.

ANSWER:

11.  State exactly and complete detail all contact of every kind which you had with the plaintiff on the date of each event alleged in the complaint, identifying every other person known to you who was present during each such contact.

ANSWER:

12. If you claim you were acting under the orders of any person or institution during any of the activities you have described above, identify each such person and state exactly and in detail each such order.

ANSWER:

13. If you claim that the plaintiff committed any crime in connection with any of the events described by you in answer to any of the preceding interrogatories or in connection with any of the events alleged in the Complaint, state exactly and in detail what crime or crimes you claim were committed, how you claim such crime or crimes were committed, and upon what basis you make your claims.

ANSWER:

9

14. If you claim that you are entitled to qualified immunity in connection with any of the events alleged in the complaint, state exactly and completely:

A. Your entire basis for making such claim;

B. All physical evidence which might or could be   introduced on your behalf in support of such claim;

C. Identify all witnesses who might or could be called to testify on your behalf in support of such claim.

ANSWER:

15. If any electronic or photographic record was made of any part of any of the events alleged in the complaint or in your answers to the preceding interrogatories, identify the person or persons having present custody or such electronic or photographic record or recording and state the exact present location of each such photograph or recording.

ANSWER:

10

16.  If you have ever been arrested and/or convicted of any crime whatsoever, identify by name and description the nature of each such offense, the date on which same occurred, and the location and disposition of any prosecution arising out of any such arrest.

ANSWER:

17.  If you took or seized any item of property from the plaintiff or from any automobile or building occupied by the plaintiff, owned by the plaintiff or to which you claim the plaintiff had access, identify each such item of property stating where, when and by whom such property was seized, the present location such property, and the entire reasons for seizing such property.

ANSWER:

11

## PLAINTIFF'S REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiff requests that defendant Fusaro, through counsel, provide the plaintiff, through counsel undersigned, at the office address of counsel undersigned, within thirty days of the date hereof, all written or tangible materials, including photographs, in the possession, custody or control of the defendant or defense counsel, or to which the defendant or defense counsel have access, which materials concern or are relevant to the subject matter of this action, including, but not limited to, the following:

1.  Any and all materials identified in answer to any interrogatories served upon the defendant by the plaintiff.

2.  Any and all materials used or relied upon by the defendant in preparing answers to any of the plaintiff's interrogatories.

3.  The names and address of all persons who are or may be witnesses to any of the events which are the subject of this lawsuit or of any defense being offered by the defendant.

12

4. The names and addresses of any and all expert witnesses contact or retained by the defendant or defense counsel in connection with any aspect of this litigation.

5. Any and all photographs of the plaintiff.

6. Any and all electronic, video or audio recordings of the plaintiff.

7. Any and all photographs of any scene of events described or referred to in the Complaint.

8. Any and all photographs, films or videotapes of any defendant, other participants in, or other witness to any of the events which are the subject of this lawsuit, or any of the said events themselves or of the scene of any such events.

13

9.  Any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial of this case.

10.  Any and all statements or witnesses to any event relevant to this Complaint or any defense being offered to this Complaint.

11.  Any and all C.I.R. reports, case/incident reports, internal affairs records, Detective Bureau records, medical records, etc., concerning the plaintiff, any defendant or the subject matter of this lawsuit.

12.  Any and all police records concerning internal disciplinary procedures, regardless of the outcome, to which the defendant has been subjected while employed as a police officer.

14

13.  Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department of the subject matter of this lawsuit.

THE PLAINTIFF

BY

JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
(203) 562-9931
FAX: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
Attorney for the Plaintiff

15

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to

Attorney Linda L. Mariani
Stephen E. Reck, Esq.
Mariani & Reck
P.O. Box 1630
New London, CT 06320-1630

Thomas R. Gerarde, Esq.
Attorney Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Ct 06114

James M. Sconzo, Esq.
Halloran & Sage, LLP
225 Asylum Street
One Goodwin Square
Hartford, CT 06103-4303

JOHN R. WILLIAMS

16