UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | NO.: 3:02CV1026 (CFD) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NORWICH, ET AL | : | APRIL 27, 2005 |

**DEFENDANTS LOUIS J. FUSARO and CITY OF NORWICH'S**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(a), the defendants, Louis J. Fusaro and City of Norwich, hereby move for summary judgment as to the plaintiff's Amended Complaint dated September 8, 2003, on Counts Fifteen through Thirty-Four and Thirty-Seven. Plaintiff alleges that the co-defendant Daigle took semi-nude photographs at her house of her as part of an underage liquor sting in September 2000. She also alleges that Daigle took semi-nude photographs of her at her house under the guise of using them to catch a child pornographer, in December 2000. She did not report Daigle's actions until January 2002, after initially denying anything inappropriate occurred when questioned by Deputy Chief Mocek in December 2001.

ORAL ARGUMENT IS REQUESTED

Plaintiff alleges negligent supervision, a violation of C.G.S. § 46a-58, a violation of substantive due process and common law indemnification against the City for Daigle's actions.

As is more fully set forth in the attached Memorandum of Law, Local Rule 56(a)1 Statement, supporting affidavits, and sworn deposition testimony, the common law negligent training and supervision claim against Fusaro and the City in Counts Fifteen and Sixteen are barred by governmental immunity at common law and pursuant to C.G.S. § 52-557n.  Counts Seventeen and Eighteen fail as a matter of law because there is no private cause of action under C.G.S. § 46a-58.  The §1983 claim against Chief Fusaro, in his individual capacity, is barred under supervisory liability principles and qualified immunity.  The §1983 claim in Count Twenty against the City fails as a matter of law because there is no policy supporting Daigle's conduct. Plaintiff's claims for indemnification against the City in Counts Twenty-Two through Thirty-Four as to Daigle actions in Counts One through Fourteen fail as a matter of law because plaintiff failed to provide timely statutory notice, and a municipality is not liable for the intentional conduct of its employee.  The indemnification claims in Count Thirty-Seven for the allegations of negligent misrepresentation in Counts Thirty-Five and Thirty-Six are also barred for the same reasons.

WHEREFORE, the defendants, Louis J. Fusaro and the City of Norwich, respectfully request that summary judgment enter in their favor.

DEFENDANTS,
CITY OF NORWICH
AND LOUIS T. FUSARO


By_____
    Melinda A. Powell
    ct 17049
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    E-Mail:  mpowell@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 27th day of April, 2005.

Stephen E. Reck, Esquire
Michael J. Cartier, Esquire
Mariani & Reck, LLC
83 Broad Street
New London, CT  06320

John R. Williams, Esquire
William & Pattis, LLC
51 Elm Street
New Haven, CT  06510

Eric P. Daigle, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Melinda A. Powell