UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | NO.: 3:02CV1026 (CFD) |
| v. | : | |
| CITY OF NORWICH, ET AL | : | APRIL 27, 2005 |

### DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The defendants, Louis J. Fusaro and the City of Norwich, hereby submit their Statement of Material Facts not in Dispute, in support of their Motion for Summary Judgment.

1. In December 2002, another woman, Kristen Ejchorszt, complained to Deputy Chief Warren Mocek and Chief Louis Fusaro that Daigle had taken semi-nude pictures of her during an underage alcohol sting. **Exhibit B**, Affidavit of Louis Fusaro; **Exhibit C**, Affidavit of Warren Mocek.

2. An investigation was immediately commenced into Ms. Ejchorszt's complaint. Id.

3. Through this investigation, Deputy Chief Mocek learned that Ms. Wilson, the plaintiff herein, had been involved in another liquor sting operation on September 15, 2000. **Exhibit C**.

    4. He contacted Ms. Wilson on December 11, 2001 in Pennsylvania and interviewed her. Id.

    5. Ms. Wilson advised she knew about the investigation. Id.

    6. She told Deputy Chief Mocek that she knew Officer Camp and met Daigle through him. She described Daigle as an "acquaintance type" friend. Id.

    7. She denied anything unusual happening and did not report the photographs to Deputy Chief Mocek. Id.; See also **Exhibit A**, Deposition of Melanie Wilson, p. 107-108. She also told Deputy Chief Mocek that she had a good time and would do it again if given the opportunity. **Exhibit C**. She said that if something was not right, she would have spoken right up. Id.

    8. On January 4, 2002, Deputy Chief Mocek was called to the police station at approximately 10:00 p.m., being advised that a woman and her daughter were there to make a report related to the Daigle investigation. **Exhibit C.** It was at that time that Wilson gave a statement to the police department, stating that Daigle had taken nude photographs of her. Id.

    9. Prior to this date, Ms. Wilson did not inform anyone at the police department about Daigle's actions. **Exhibit A**, pp. 154; 107-108; 170-171; and 173.

    10. There is no evidence Chief Fusaro knew about Daigle's actions prior to them occurring. Id., p. 170-171; 172.

11. It would have been reasonable for Chief Fusaro to assume Officers would not take nude photographs of volunteer operatives and he could not supervise every action. Id., p. 174; 167-168.

12. The City of Norwich had no policy authorizing Daigle's nude photography of the plaintiff. Id., p. 165-166.

13. The sole basis for plaintiff's claims against Chief Fusaro and the City is that photographs were taken by Daigle Id., p. 172.

14. The sole policy making authority for the Police Department is the Chief of Police. **Exhibits B** and **C**.

15. On December 7, 2001, Chief Fusaro put Daigle on administrative leave pending the investigation into the allegations. **Exhibits B** and **C**.

16. Prior to January 2002, Chief Fusaro was never aware that Daigle had taken nude photographs of Ms. Wilson. **Exhibit C**.

17. This matter was fully investigated, and based upon the investigation into Daigle's actions, Lt. Daigle was demoted to Sergeant and discharged from the Department. **Exhibits B** and **C.**

18. Prior to Ms. Ejchorszt's complaint on December 3, 2001, Chief Fusaro did not know, and had no reason to know that Lt. Daigle had taken any nude or semi-nude photographs of underage liquor operatives. **Exhibit B.**

19. Daigle's photography of Ms. Wilson violated not only Department policy, but public policy and common sense as well.  **Exhibit C**.

20. In addition to other training, on at least the dates of May 27, 1993 and June 1, 1999, Lt. Daigle received sexual harassment training.  Training for the underage drinking operations were provided by the State Liquor Commission on January 24, 2001 and April 20, 2001.  He also received prisoner transport training on at least April 29, 1999 and September 26, 2001.  **Exhibit C.**

        DEFENDANTS,
        CITY OF NORWICH
        AND LOUIS T. FUSARO


By_____
   Melinda A. Powell
   ct17049
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  mpowell@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 27th day of April, 2005.

Stephen E. Reck, Esquire
Michael J. Cartier, Esquire
Mariani & Reck, LLC
83 Broad Street
New London, CT  06320

John R. Williams, Esquire
William & Pattis, LLC
51 Elm Street
New Haven, CT  06510

Eric P. Daigle, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

                                                                     _____
                                                                     Melinda A. Powell