Exhibit H

| | |
|---|---|
| RETURN DATE: JUNE 11, 2002 | SUPERIOR COURT |
| MELANIE WILSON | J.D. OF NEW LONDON |
| V. | AT NEW LONDON |
| JAMES F. DAIGLE JR., ET AL | MAY 13, 2002 |

C O M P L A I N T

COUNT ONE (Invasion of privacy as to James F. Daigle Jr.)

1. At all times mentioned herein, the Plaintiff, Melanie Wilson, was a resident of the State of Connecticut, County of New London, and under 21 years of age.

2. At all times mentioned herein, the Defendant, James F. Daigle Jr., (herein after referred to as Daigle) was a Detective Sergeant with the Norwich Police Department, a municipal agency of the Defendant, the City of Norwich acting as a police officer while on duty in that capacity.

3. In early September of 2000, the Plaintiff volunteered to assist the City of Norwich Police Department in an undercover, underage alcohol purchase "sting" operation.



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 405910   (860) 443-5023

4. The Defendant, Daigle, also participated in this operation, and was one of the chief planners and developers of the "sting" operation.

5. The Defendant, Daigle, was the City of Norwich Police Officer who recruited the Plaintiff to be a volunteer in the undercover, underage alcohol purchase "sting" operation.

6. That, on September 15, 2000, the Defendant, Daigle, told the Plaintiff that to participate in the "Sting" operation as an undercover minor attempting to purchase alcohol, it would be necessary for him to take two photographs of her fully nude, front and back, to document that she was not wearing a wire or tape recorder.

7. That, because Detective Sergeant Daigle was a Norwich Police Officer, the Plaintiff believed what he told her, and allowed him to take two photographs of her fully nude, front and back.

8. At the time the Defendant took the two photographs of the Plaintiff, the Plaintiff was under the belief that said photographs were necessary and required as part of her



participation in the underage alcohol purchasing "sting" operation.

9. The Plaintiff's belief that the taking of the nude photographs was necessary and required was reasonable, given the Defendant's position as a City of Norwich Police Detective Sergeant.

10. On or about January 4, 2002, the Plaintiff learned that the nude photographs that had been taken of her were not part of any "sting" operation, and that the Defendant, Daigle, made misrepresentations to her about having to pose in the nude to assist the City of Norwich as a volunteer in a "sting" operation.

11. The Defendant, Daigle, made the misrepresentations to the Plaintiff concerning the need to take nude photographs of the Plaintiff in order to induce the Plaintiff to consent to the taking of the said nude photographs.

12. The Defendant taking nude photographs of the Plaintiff constituted an invasion of the Plaintiff's privacy in that:



     a. The Defendant wrongfully appropriated the Plaintiff's nude photographs or likeness under false pretenses for the Defendant's own benefit, and

     b. The taking of the nude photographs under false pretenses constituted an intrusion upon the Plaintiff's physical solitude or seclusion.

13. As a result of the nude photographs taken of the Plaintiff, she has suffered serious and permanent emotional injuries, including but not limited to, severe emotional distress, anxiety, depression, low self-esteem, anger, rage, and permanent psychological scarring. Additionally, the Plaintiff does not know who has seen her nude photographs, or what has been done with them, and fears that she will forever be subject to future pain and humiliation.

14. As a result of her injuries as described above, the Plaintiff has undergone, and will in the future continue to undergo intensive therapy and counseling. Furthermore, as a result of the injuries and damages, the Plaintiff has incurred,



and will in the future continue to incur, medical bills for treatment, therapy and counseling.

**COUNT TWO (Invasion of privacy as to James F. Daigle Jr.)**

1.  Paragraphs 1 and 2 of the First Count are hereby made paragraphs 1 and 2 of the Second Count as if fully restated herein.

3.  In December of 2000, the Plaintiff volunteered to assist the City of Norwich Police Department in a Child Pornography Investigation.

4.  The Defendant, Daigle, also participated in this operation, and was one of the chief planners and developers of the investigation.

5.  The Defendant, Daigle, was the City of Norwich Police Officer who recruited the Plaintiff to be a volunteer in the Child Pornography Investigation.

6.  That, at some time in October or November of 2000, the Defendant, Daigle, told the Plaintiff that several female City of Norwich Police Officers had posed in the nude as part of



the Child Pornography Investigation, but that nude photographs of a minor were needed to create authentic nude photographs, and that since the Plaintiff was 18, it would be legal for him to photograph her, but that the nude photographs of the Plaintiff would look like those of a minor.

7. Because the Defendant, Daigle, was a Norwich Police Officer, the Plaintiff believed what he told her, and allowed him to take several photographs of her nude from the waist up sometime between December 15 and December 24, 2000.

8. At the time, the Defendant, Daigle, took the nude photographs of the Plaintiff, the Plaintiff was under the belief that said nude photographs were necessary and required as part of her participation in the Child Pornography Investigation.

9. The Plaintiff's belief that the taking of the nude photographs was necessary and required was reasonable, given the Defendant's position as a City of Norwich Police Detective Sergeant.



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 405910   (860) 443-5023

10. On or about January 4, 2002, the Plaintiff learned that the nude photographs that had been taken of her were not part of any Child Pornography Investigation, and that the Defendant, Daigle, made misrepresentations to her about having to pose in the nude to assist the City of Norwich as a volunteer in a Child Pornography Investigation.

11. The Defendant, Daigle, made misrepresentations to the Plaintiff concerning the need to take nude photographs of the Plaintiff, in order to induce the Plaintiff to consent to the taking of the said nude photographs.

12. The Defendant taking nude photographs of the Plaintiff constituted, an invasion of the Plaintiff's privacy in that:

   a. The Defendant wrongfully appropriated the Plaintiff's nude photographs or likeness under false pretenses for the Defendant's own benefit, and

   b. The taking of the nude photographs under false pretenses constituted an intrusion upon the Plaintiff's physical solitude or seclusion.



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 405910   (860) 443-5023

13. As a result of the nude photographs taken of the Plaintiff, she has suffered serious and permanent emotional injuries, including but not limited to, severe emotional distress, anxiety, depression, low self-esteem, anger, rage, and permanent psychological scarring. Additionally, the Plaintiff does not know who has seen her nude photographs, or what has been done with them, and fears that she will forever be subject to future pain and humiliation.

14. As a result of her injuries as described above, the Plaintiff has undergone, and will in the future continue to undergo intensive therapy and counseling. Furthermore, as a result of the injuries and damages, the Plaintiff has incurred, and will in the future continue to incur, medical bills for treatment, therapy and counseling.



MARIANI & RECK, LLC
83 BROAD STREET    P.O. BOX 1630    NEW LONDON, CONNECTICUT 06320    JURIS # 405910    (860) 443-5023

**COUNT THREE  (Violation of 42 USC 1983 and Conn Gen Stat §46a-58 as to James F. Daigle Jr.)**

1-14.   Paragraphs 1-14 of the First Count are hereby made paragraphs 1-14 of the Third Count as if fully restated herein.

15.   The taking of the nude photographs and the invasion of the Plaintiff's rights to privacy as stated above, and constituted a violation of Title 42 Section 1983 of the United States Code and Connecticut General Statute §46a-58.

16.   The taking of the nude photographs of the Plaintiff denied the Plaintiff of her equal rights guaranteed to her by the United States and Connecticut Constitutions.

**COUNT FOUR   (Violation of 42 USC 1983 and Conn Gen Stat §46a-58 as to James F. Daigle Jr.)**

1-14.   Paragraphs 1-14 of the Second Count are hereby made paragraphs 1-14 of the Fourth Count as if fully restated herein.



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 405910   (860) 443-5023

15. The taking of the nude photographs of the Plaintiff, and the invasion of the Plaintiffs right to privacy as stated above, constituted a violation of Title 42 Section 1983 of the United States Code and Connecticut General Statute §46a-58.

16. The taking of the nude photographs of the Plaintiff denied the Plaintiff of her equal rights guaranteed to her by the United States and Connecticut Constitutions.

**COUNT FIVE (Intentional Misrepresentation as to James F. Daigle Jr.)**

1-14. Paragraphs 1-14 of the First Count are hereby made paragraphs 1-14 of the Fifth Count as if fully restated herein.

15. The Defendant, Daigle, intentionally misrepresented to the Plaintiff that it was necessary for the Plaintiff to submit to the taking of said nude photographs, in order to induce the Plaintiff into agreeing to allow Daigle to take said nude photographs.



MARIANI & RECK, LLC
83 BROAD STREET    P.O. BOX 1630    NEW LONDON, CONNECTICUT 06320    JURIS # 405910    (860) 443-5023

16. Had the Defendant, Daigle, not made said misrepresentations, the Plaintiff would have never agreed to allow the taking of said nude photographs.

**COUNT SIX (Intentional Misrepresentation as to James F. Daigle Jr.)**

1-14. Paragraphs 1-14 of the Second Count are hereby made paragraphs 1-14 of the Sixth Count as if fully restated herein.

15. The Defendant, Daigle, intentionally misrepresented to the Plaintiff that it was necessary for the Plaintiff to submit to the taking of said nude photographs, in order to induce the Plaintiff into agreeing to allow Daigle to take said nude photographs.

16. Had the Defendant, Daigle, not made said misrepresentations, the Plaintiff would have never agreed to allow the taking of said nude photographs.



MARIANI & RECK, LLC
83 BROAD STREET    P.O. BOX 1630    NEW LONDON, CONNECTICUT 06320    JURIS # 405910    (860) 443-5023

**COUNT SEVEN** <u>(Negligent Infliction of Emotional Distress as to James F. Daigle Jr.)</u>

1-14. Paragraphs 1 through 14 of the first count are hereby incorporated into paragraphs 1 through 14 of the Seventh Count, as if fully restated herein.

15. The Defendant, Daigle, should have realized that his conduct involved an unreasonable risk of causing emotional distress to the Plaintiff and that distress, if it were caused, might result in distress or bodily harm.

16. As a result of the Defendant's conduct as stated above, the Plaintiff was caused to suffer sever emotional distress.

**COUNT EIGHT** <u>(Negligent Infliction of Emotional Distress as to James F. Daigle Jr.)</u>

1-14. Paragraphs 1 through 14 of the Second Count are hereby incorporated into paragraphs 1 through 14 of the Eighth Count, as if fully restated herein.



15. The Defendant, Daigle, should have realized that his conduct involved an unreasonable risk of causing emotional distress to the Plaintiff and that distress, if it were caused, might result in distress or bodily harm.

16. As a result of the Defendant's conduct as stated above, the Plaintiff was caused to suffer sever emotional distress.

COUNT NINE:   Intentional Infliction of Emotional Distress as to James F. Daigle Jr.)

1-14. Paragraphs 1 through 14 of the First count are hereby incorporated into paragraphs 1 through 14 of the Ninth count, as if fully restated herein.

15. That, the Defendant, Daigle, intended to inflict emotional distress or that it knew or should have known that emotional distress was the likely result of his conduct.

16. That the conduct was extreme and outrageous.

17. That, the Defendant's conduct was the cause of the Plaintiff's distress.



18. That, the emotional distress sustained by the Plaintiff was severe.

**COUNT TEN: ( Intentional Infliction of Emotional Distress as to James F. Daigle, Jr.)**

1-14. Paragraphs 1 through 14 of the Second count are hereby incorporated into paragraphs 1 through 14 of the Tenth count, as if fully restated herein.

15. That, the Defendant, Daigle, intended to inflict emotional distress or that it knew or should have known that emotional distress was the likely result of his conduct.

16. That the conduct was extreme and outrageous.

17. That, the Defendant's conduct was the cause of the Plaintiff's distress.

18. That the emotional distress sustained by the Plaintiff was severe.



**COUNT ELEVEN:** (Sexual Harassment as to James F. Daigle, Jr.)

1-14. Paragraphs 1 through 14 of the First count are hereby incorporated into paragraphs 1 through 14 of the Eleventh count, as if fully restated herein.

15. At all times mentioned herein, the plaintiff was a volunteer, working for the City of Norwich Police Department, and placed under the direct supervision and control of the Defendant, Daigle.

16. That, the Defendant, Daigle, required the Plaintiff to submit to the taking of nude photographs as a condition of the Plaintiff's participation in the above mentioned underage alcohol purchase "sting" operation.

17. That, the Defendant, Daigle, intended to use his position of authority as a member of the City of Norwich Police Department, and did so use his position and authority, to take and obtain sexually revealing photographs of the Plaintiff.



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 405910   (860) 443-5023

**COUNT TWELVE:   (Sexual Harassment as to James F. Daigle, Jr.)**

1-14.   Paragraphs 1 through 14 of the Second Count are hereby incorporated into paragraphs 1 through 14 of the Eleventh count, as if fully restated herein.

15.   At all times mentioned herein, the Plaintiff was a volunteer, working for the City of Norwich Police Department, and place under the direct supervision and control of the Defendant, Daigle.

16.   That, the Defendant, Daigle, required the Plaintiff to submit to the taking of nude photographs as a condition of the Plaintiff's participation in the above mentioned underage Child Pornography Investigation.

17.   That, the Defendant, Daigle, intended to use his position of authority as a member of the City of Norwich Police Department, and did so use his position and authority, to take and obtain sexually revealing photographs of the Plaintiff.



MARIANI & RECK, LLC
83 BROAD STREET    P.O. BOX 1630    NEW LONDON, CONNECTICUT 06320    JURIS # 405910    (860) 443-5023

**COUNT THIRTEEN: Negligent Training and Supervision as to the City of Norwich Police Department**

1-14. Paragraphs 1 through 14 of the First Count are hereby incorporated as paragraphs 1 through 14 of the Thirteenth Count.

15-28. Paragraphs 1 through 14 of the Second Count are hereby incorporated as paragraphs 15 through 28 of the Thirteenth Count.

28. At all operative times mentioned herein, the Defendant, Louis J. Fusaro, was Chief of the Norwich Police Department.

29. The Defendants, Louis J. Fusaro, the City of Norwich Police Department, negligently failed to train and/or supervise its employees with regards to sexual harassment, photographing volunteers and witnesses, and the civil rights including the right to privacy of said volunteers and witnesses.

30. The Defendants, Louis J. Fusaro, and the City of Norwich Police Department, negligently failed to follow State and Municipal rules and guidelines for conducting underage alcohol

