purchasing "sting" operations utilizing minors as undercover operatives.

31. The Defendants, Louis J. Fusaro, and the City of Norwich Police Department, negligently allowed the Defendant, Daigle, to participate, plan, recruit underage minors and then train and supervise said minors in an underage alcohol purchasing "sting" operation utilizing minors as undercover operatives.

32. The Defendants, Louis J. Fusaro, and the City of Norwich knew or should have known that the Defendant, Daigle, would violate the privacy rights of the Plaintiff and/or deny the Plaintiff equal protection under the law, or deny the Plaintiff of her equal rights.

33. Had the Defendants, Louis J. Fusaro, and the City of Norwich, properly trained its employees and/or properly supervised said employees, the damage sustained by the Plaintiff would not have occurred.

**COUNT FOURTEEN, (Violation of 42 USC 1983 and Connecticut General Statute 46a-58 as to the City of Norwich, the City of Norwich Police Department and Chief of Police Fusaro)**



1-14.  Paragraphs 1 through 14 of the First Count are hereby incorporated as paragraphs 1 through 14 of the Fourteenth Count.

15-28. Paragraphs 1 through 14 of the Second Count are hereby incorporated as paragraphs 15 through 28 of the Fourteenth Count.

29. At all operative times mentioned herein, the Defendant, Louis J. Fusaro, was Chief of the Norwich Police Department.

30. The Defendants, the City of Norwich, the City of Norwich Police Department, Louis J. Fusaro, and/or James F. Daigle, implemented a policy requiring the taking of nude and or semi-nude photographs of underage alcohol undercover purchasing volunteers and/or of minors participating in Child Pornography Investigations.

31. The Defendants, the City of Norwich, the City of Norwich Police Department, and Louis J. Fusaro were aware or should have been aware that, the Defendant, James F. Daigle, implemented a policy requiring the taking of nude and or semi-nude photographs of underage alcohol undercover purchasing



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 405910   (860) 443-5023

volunteers and/or of minors participating in Child Pornography Investigations.

32. Said policy was made by the City of Norwich lawmakers or by those whose edicts or acts may fairly be said to represent official policy, and inflicted injury for which the Defendant, the City of Norwich as an entity is responsible for under 42 USC 1983 and Connecticut General Statute 46a-58.

33. Said policy violated the rights of said participating minors, and specifically violated the rights of the Plaintiff guaranteed to her under the United States and Connecticut Constitutions, and invaded her right to privacy.

**COUNT FIFTEEN, (Claim for Indemnity as to the City of Norwich and the City of Norwich Police Department under Sections 7-101a & Section 7-465)**

1-28. Paragraphs 1 through 28 of the Fourteenth Count are hereby incorporated as paragraphs 1 through 28 of the Fifteenth Count.

29. On September 15, 2000 and from December 15 to December 24, 2000, and for a long time prior thereto, the Defendant,



the City of Norwich, was and is a municipal corporation existing under the laws of the State of Connecticut.

30. That, the Defendant, Daigle, an employee of the Defendant, the City of Norwich, at said time, was acting in the performance of his duties and within the scope of his employment, and said occurrence alleged in the first and second count.

31. Pursuant to §7-465 and §7-101a of the Connecticut General Statutes, notice was given to the City Clerk for the City of Norwich on January 10, 2002, of the Plaintiff's intention to commence this action, a copy of which notice is attached hereto and marked Exhibit A.

32. Pursuant to §7-101a and §7-465 of the Connecticut General Statutes, the Plaintiff claims indemnity from the Defendant City of Norwich for the carelessness and negligence of the Defendant employee.

**COUNT SIXTEEN, (Claim for Indemnity as to the City of Norwich and the City of Norwich Police Department under Sections 7-101a & Section 7-465)**



MARIANI & RECK, LLC
83 BROAD STREET    P.O. BOX 1630    NEW LONDON, CONNECTICUT 06320    JURIS # 405910    (860) 443-5023

1-16.   Paragraphs 1 through 16 of the Third Count are hereby incorporated as Paragraphs 1 through 16 of the Sixteenth Count.

17-32.   Paragraphs 1 through 16 of the Fourth Count are hereby incorporated as Paragraphs 17 through 32 of the Sixteenth Count.

33.   On September 15, 2000 and from December 15 to December 24, 2000, and for a long time prior thereto, the Defendant, the City of Norwich, was and is a municipal corporation existing under the laws of the State of Connecticut.

34.   The Defendant, Daigle, an employee of the Defendant City of Norwich at said time, was acting in the performance of his duties and within the scope of his employment, and said occurrence alleged in the first and second count.

35.   Pursuant to §7-465 and §7-101a of the Connecticut General Statutes, notice was given to the City Clerk for the City of Norwich on January 10, 2002 of the Plaintiff's intention to commence this action, a copy of which notice is attached hereto and marked Exhibit A.



36. Pursuant to §7-101a and §7-465 of the Connecticut General Statutes, the Plaintiff claims indemnity from the Defendant City of Norwich for the carelessness and negligence of the Defendant employee.

**COUNT SEVENTEEN, (Claim for Indemnity as to the City of Norwich and the City of Norwich Police Department under Sections 7-101a & Section 7-465)**

1-16. Paragraphs 1 through 16 of the Fifth Count are hereby incorporated as paragraphs 1 through 16 of the Seventeenth Count.

17-32. Paragraphs 1 through 16 of the Sixth Count are hereby incorporated as paragraphs 17 through 32 of the Seventeenth Count.

32. On September 15, 2000 and from December 15 to December 24, 2000, and for a long time prior thereto, the Defendant, the City of Norwich, was and is a municipal corporation existing under the laws of the State of Connecticut.

33. The Defendant, Daigle, an employee of the Defendant City of Norwich at said time, was acting in the performance of his



duties and within the scope of his employment, and said occurrence alleged in the first and second count.

34. Pursuant to §7-465 and §7-101a of the Connecticut General Statutes, notice was given to the City Clerk for the City of Norwich on January 10, 2002 of the Plaintiff's intention to commence this action, a copy of which notice is attached hereto and marked Exhibit A.

35. Pursuant to §7-101a and §7-465 of the Connecticut General Statutes, the Plaintiff claims indemnity from the Defendant, City of Norwich, for the carelessness and negligence of the Defendant employee.

<u>COUNT EIGHTEEN, (Claim for Indemnity as to the City of Norwich and the City of Norwich Police Department under Sections 7-101a & Section 7-465)</u>

1-16. Paragraphs 1 through 16 of the Seventh Count are hereby incorporated as paragraphs 1 through 16 of the Eighteenth Count.



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 405910   (860) 443-5023

17-32. Paragraphs 1 through 16 of the Eighth Count are hereby incorporated as paragraphs 17 through 32 of the Eighteenth Count.

33. On September 15, 2000 and from December 15 to December 24, 2000, and for a long time prior thereto, the Defendant, the City of Norwich, was and is a municipal corporation existing under the laws of the State of Connecticut.

34. The Defendant, Daigle, an employee of the Defendant City of Norwich at said time, was acting in the performance of his duties and within the scope of his employment, and said occurrence alleged in the first and second count.

35. Pursuant to §7-465 and §7-101a of the Connecticut General Statutes, notice was given to the City Clerk for the City of Norwich on January 10, 2002 of the Plaintiff's intention to commence this action, a copy of which notice is attached hereto and marked Exhibit A.

36. Pursuant to §7-101a and §7-465 of the Connecticut General Statutes, the Plaintiff claims indemnity from the Defendant,



the City of Norwich, for the carelessness and negligence of the Defendant employee.

**COUNT NINETEEN, (Claim for Indemnity as to the City of Norwich and the City of Norwich Police Department under Sections 7-101a & Section 7-465)**

1-18. Paragraphs 1 through 18 of the Ninth Count are hereby incorporated as paragraphs 1 through 18 of the Nineteenth Count.

19-36. Paragraphs 1 through 18 of the Tenth Count are hereby incorporated as paragraphs 19 through 36 of the Nineteenth Count.

37. On September 15, 2000 and from December 15 to December 24, 2000, and for a long time prior thereto, the Defendant, the City of Norwich, was and is a municipal corporation existing under the laws of the State of Connecticut.

38. The Defendant, Daigle, an employee of the Defendant, the City of Norwich, at said time, was acting in the performance of his duties and within the scope of his employment, and said occurrence alleged in the first and second count.



MARIANI & RECK, LLC
83 BROAD STREET    P.O. BOX 1630    NEW LONDON, CONNECTICUT 06320    JURIS # 405910    (860) 443-5023

39. Pursuant to §7-465 and §7-101a of the Connecticut General Statutes, notice was given to the City Clerk for the City of Norwich on January 10, 2002 of the Plaintiff's intention to commence this action, a copy of which notice is attached hereto and marked Exhibit A.

40. Pursuant to §7-101a and §7-465 of the Connecticut General Statutes, the Plaintiff claims indemnity from the Defendant, the City of Norwich, for the carelessness and negligence of the Defendant employee.

<u>COUNT TWENTY, (Claim for Indemnity as to the City of Norwich and the City of Norwich Police Department under Sections 7-101a & Section 7-465)</u>

1-17. Paragraphs 1 through 17 of the Eleventh Count are hereby incorporated as paragraphs 1 through 17 of the Twentieth Count.

18-34. Paragraphs 1 through 17 of the Twelfth Count are hereby incorporated as paragraphs 18 through 34 of the Twentieth Count.



35. On September 15, 2000 and from December 15 to December 24, 2000, and for a long time prior thereto, the Defendant, the City of Norwich was and is a municipal corporation existing under the laws of the State of Connecticut.

36. The Defendant, Daigle, an employee of the Defendant City of Norwich at said time, was acting in the performance of his duties and within the scope of his employment, and said occurrence alleged in the first and second count.

37. Pursuant to §7-465 and §7-101a of the Connecticut General Statutes, notice was given to the City Clerk for the City of Norwich on January 10, 2002 of the Plaintiff's intention to commence this action, a copy of which notice is attached hereto and marked Exhibit A.

38. Pursuant to §7-101a and §7-465 of the Connecticut General Statutes, the Plaintiff claims indemnity from the Defendant City of Norwich for the carelessness and negligence of the Defendant employee.



**COUNT TWENTY-ONE   (Negligent Misrepresentation as to James F. Daigle Jr.)**

1-14.   Paragraphs 1-14 of the First Count are hereby made paragraphs 1-14 of the Twenty-first Count as if fully restated herein.

15.   The Defendant, Daigle, negligently misrepresented to the Plaintiff that it was necessary for the Plaintiff to submit to the taking of said nude photographs, in order to induce the Plaintiff into agreeing to allow the Defendant, Daigle, to take said nude photographs.

16.   At the time, the Defendant, Daigle, made the misrepresentations, knew or should have known that the statement was not true.

17.   At the time, the Defendant, Daigle made the misrepresentations, knew or should have known that the Plaintiff would rely upon his statements.

18.   The Plaintiff's reliance upon the Defendant, Daigle's, statements was reasonable.



19. Had the Defendant, Daigle, not made said misrepresentations, the Plaintiff would have never agreed to allow the taking of said nude photographs.

**COUNT TWENTY-TWO (Negligent Misrepresentation as to James F. Daigle Jr.)**

1-14. Paragraphs 1-14 of the Second Count are hereby made paragraphs 1-14 of the Twenty-second Count as if fully restated herein.

15. The Defendant, Daigle, negligently misrepresented to the Plaintiff that it was necessary for the Plaintiff to submit to the taking of said nude photographs, in order to induce the Plaintiff into agreeing to allow Daigle to take said nude photographs.

16. At the time, the Defendant, Daigle, made the misrepresentations, knew or should have known that the statement was not true.



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 405910   (860) 443-5023

17. At the time, the Defendant, Daigle, made the misrepresentations, knew or should have known that the Plaintiff would rely upon his statements.

18. The Plaintiff's reliance upon the Defendant, Daigle's, statements was reasonable.

15. Had the Defendant, Daigle, not made said misrepresentations, the Plaintiff would have never agreed to allow the taking of said nude photographs.

**COUNT TWENTY-THREE: (Claim for Indemnity as to the City of Norwich and the City of Norwich Police Department under Sections 7-101a & Section 7-465)**

1-19.    Paragraphs 1 through 19 of the Twenty-first Count are hereby incorporated as paragraphs 1 through 19 of the Twenty-third Count.

20-38. Paragraphs 1 through 19 of the Twenty-second Count are hereby incorporated as paragraphs 20 through 38 of the Twenty-third Count.

39. On September 15, 2000, and from December 15 to December 24, 2000, and for a long time prior thereto, the Defendant,



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 405910   (860) 443-5023

the City of Norwich, was and is a municipal corporation existing under the laws of the State of Connecticut.

40. The Defendant, Daigle, an employee of the Defendant City of Norwich at said time, was acting in the performance of his duties and within the scope of his employment, and said occurrence alleged in the first and second count.

41. Pursuant to §7-465 and §7-101a of the Connecticut General Statutes, notice was given to the City Clerk for the City of Norwich on January 10, 2002 of the Plaintiff's intention to commence this action, a copy of which notice is attached hereto and marked Exhibit A.

42. Pursuant to §7-101a and §7-465 of the Connecticut General Statutes, the Plaintiff claims indemnity from the Defendant City of Norwich for the carelessness and negligence of the Defendant employee.



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 405910   (860) 443-5023

WHEREFORE, the Plaintiff claims:

1. Fair, just, and reasonable damages;
2. Such other relief as the Court may deem necessary to the ends of justice;
3. Attorneys fees and costs.
4. Punitive damages.

THE PLAINTIFF
MELANIE WILSON

BY: _____
Michael J. Cartier
MARIANI & RECK, LLC
Her Attorneys

MARIANI & RECK, LLC
83 BROAD STREET    P.O. BOX 1630    NEW LONDON, CONNECTICUT 06320    JURIS # 405910    (860) 443-5023

```
RETURN DATE:  JUNE 11, 2002        SUPERIOR COURT

MELANIE WILSON                     J.D. OF NEW LONDON

V.                                 AT NEW LONDON

JAMES F. DAIGLE JR.                MAY 13, 2002
```

### STATEMENT OF AMOUNT IN DEMAND

1.   The amount, legal interest or property in demand is Fifteen Thousand and 00/100 Dollars ($15,000.00), or more, exclusive of interest and costs.

```
                                   THE PLAINTIFF
                                   MELANIE WILSON

                                   BY: /s/ Michael J. Cartier
                                       Michael J. Cartier
                                       MARIANI & RECK, LLC
                                       Her Attorneys
```

ATTEST A TRUE COPY
HARRY J. LAKOWSKY
STATE MARSHAL
NEW LONDON COUNTY



MARIANI & RECK, LLC
83 BROAD STREET   P.O. BOX 1630   NEW LONDON, CONNECTICUT 06320   JURIS # 403910   (860) 443-5023