UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MELANIE WILSON                    :
                                  :
VS.                               :        NO. 3:02CV1026(CFD)
                                  :
CITY OF NORWICH, LOUIS T.         :
FUSARO and JAMES F. DAIGLE, JR.   :        JUNE 13, 2005

## BRIEF IN SUPPORT OF MOTION TO COMPEL

The plaintiff was a high school student when the defendant Daigle, at the time an officer in the Norwich Police Department, recruited her to "work undercover" and persuaded her that, to do so, she had to submit to his taking partially-nude photos of her. This litigation ensued and Daigle has been fired. The City of Norwich and Louis T. Fusaro, respectively his employer and his supervisor, have moved for summary judgment on the ground that there was no way they could have known or suspected that Daigle was likely to engage in such conduct, so they can't be held responsible for his actions.

The defendants have made this argument while simultaneously refusing to produce Daigle's employment records so the plaintiff can determine whether their argument makes sense or is spurious. Accordingly, the plaintiff now has moved to compel production of those records. Specifically, the plaintiff seeks:

1

8. The complete personnel, disciplinary and training files of each of the individual defendants.

12. Any and all police records concerning internal disciplinary procedures, regardless of the outcome, to which either of the individual defendants has been subjected while employed as a police officer.

13. Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department of the subject matter of this lawsuit.

It is elementary that "discovery is to be considered relevant where there is any possibility that the information sought may be relevant to the subject matter of the action." Renshaw v. Ravert, 82 F.R.D. 361, 363 (E.D. Pa. 1979) (emphasis in original). See also Inmates of Unit 14 v. Rebideau, 102 F.R.D. 122, 127-28 (N.D.N.Y. 1984).

The word "relevant," for discovery purposes, includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case....[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Klonski v. Mahlab, 156 F.3d 255, 267 (1st Cir. 1998).

There cannot be any legitimate claim that privileges created by state statutes or common law, much less local custom or private contract, can override the clear mandate of the federal rules. See United States v. One Parcel of Property Located at 31-33 York Street, Hartford, Connecticut, 930 F.2d 139, 140-41 (2d Cir. 1991); Kerr v.

2

United States District Court, 511 F.2d 192, 197 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976); Penfield v. Venuti, 93 F.R.D. 364 (D. Conn. 1981) (Cabranes, J.); United States v. Thorne, 467 F. Supp. 938 (D. Conn. 1979); Miller v. Pancucci, 141 F.R.D. 292 (C.D. Calif. 1992).

 If there were even a colorable claim of privilege in this case, the defendant was obliged, at the time of filing the objection to discovery on this ground, to furnish a detailed Privilege Log in accordance with Local Rule 9(d)(1) of the Civil Rules of this Court. No such log has been filed and the claim of privilege must, accordingly, be rejected.

 The motion to compel discovery should be granted.

    Respectfully submitted:


    _____
     JOHN R. WILLIAMS (ct00215)
     51 Elm Street, Suite 409
     New Haven, CT 06510
     (203) 562-9931
     FAX:  (203) 776-9494
     E-Mail: jrw@johnrwilliams.com
     Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to

Attorney Linda L. Mariani
Stephen E. Reck, Esq.
Mariani & Reck
P. O. Box 1630
New London, CT 06320-1630

Thomas R. Gerarde, Esq.
Attorney Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

James M. Sconzo, Esq.
Halloran & Sage, LLP
225 Asylum Street
One Goodwin Square
Hartford, CT 06103-4303

_____
JOHN R. WILLIAMS