# EXHIBIT 1

## John R. Williams

| | |
|---|---|
| **From:** | "Beatrice S. Jordan" <bjordan@hl-law.com> |
| **To:** | "Daigle, Eric P." <Daigle@halloran-sage.com>; "John R. Williams" <jrw@johnrwilliams.com>; "Melinda A. Powell" <mpowell@hl-law.com> |
| **Cc:** | <info@marianireck.com>; <sreck@marianireck.com> |
| **Sent:** | Wednesday, January 11, 2006 1:43 PM |
| **Attach:** | 302CV1026 (CFD) -- 070605 Opp to M-Compel.pdf |
| **Subject:** | RE: Melanie Wilson vs. City of Norwich, Louis Fusaro and James Daigle |

Dear John,

In response to your inquiry, I would refer you to my responses to the three production requests at issue as set forth beginning on page 6 of my Opposition to your Motion to Compel, a copy of which is attached hereto. Again, I note that we have provided you with complete copies of the internal affairs investigation regarding this matter, including the disciplinary action taken against Daigle, as well as the investigation regarding the claims of the other two plaintiffs. You have also been provided with all documentation referenced and/or relied upon in our summary judgment motion with regard to Daigle's training.

Sincerely,

Beatrice S. Jordan
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
bjordan@hl-law.com
(860) 249-1361
(860) 249-7655 (System Fax)
(860) 522-9549 (1st Floor Fax)

**The information contained in this message is confidential and privileged information from the law firm of Howd & Ludorf. This information is intended for the use of the person named and is to be read only by the person to whom it is addressed. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this message in error, please notify the sender immediately.**

-----Original Message-----
**From:** Daigle, Eric P. [mailto:Daigle@halloran-sage.com]
**Sent:** Tuesday, January 10, 2006 6:14 PM
**To:** John R. Williams; Beatrice S. Jordan; Melinda A. Powell
**Cc:** info@marianireck.com; sreck@marianireck.com
**Subject:** RE: Melanie Wilson vs. City of Norwich, Louis Fusaro and James Daigle

John,

The objection is across the board for the personnel file and disciplinary file. A protective order does not solve this problem. The Court will conduct an in camera review and decide what if anything is relevant.

Eric

    -----Original Message-----
    **From:** John R. Williams [mailto:jrw@johnrwilliams.com]
    **Sent:** Tuesday, January 10, 2006 4:48 PM

**To:** Daigle, Eric P.; Beatrice S. Jordan; Melinda A. Powell
**Cc:** info@marianireck.com; sreck@marianireck.com
**Subject:** Re: Melanie Wilson vs. City of Norwich, Louis Fusaro and James Daigle

Let's agree on a protective order, if that is your concern.

> ----- Original Message -----
> **From:** Daigle, Eric P.
> **To:** John R. Williams ; Beatrice S. Jordan ; Melinda A. Powell
> **Cc:** info@marianireck.com ; sreck@marianireck.com
> **Sent:** Tuesday, January 10, 2006 2:12 PM
> **Subject:** RE: Melanie Wilson vs. City of Norwich, Louis Fusaro and James Daigle
>
> John,
>
> On behalf of James Daigle I would continue to object to the City disclosing any part of his personnel and disciplinary files; to include any internal disciplinary investigations conducted against him that are not subject to this action. Any disclosure from his personnel or disciplinary files which would be a direct intrusion into his life and would not necessarily lead to information which may be relevant in this case. The best analysis of this application to the right of privacy in a personnel file was set forth in State v. Januszewski, 182 Conn. 142, 170-73, 438 A.2d 679 (1980)
>
> I have no objection to his training records and a copy of the internal investigation as it relates to the subject action.
>
> Thank you
>
> Eric Daigle
>
>> -----Original Message-----
>> **From:** John R. Williams [mailto:jrw@johnrwilliams.com]
>> **Sent:** Sunday, January 08, 2006 5:00 PM
>> **To:** avoccio@hl-law.com; Beatrice S. Jordan; John Radshaw; Melinda A. Powell; Thomas R. Gerarde; Daigle, Eric P.; Plourde, Christine P.
>> **Cc:** info@marianireck.com; sreck@marianireck.com
>> **Subject:** Melanie Wilson vs. City of Norwich, Louis Fusaro and James Daigle
>>
>> Judge Smith has pointed out that I should try to work with you folks to resolve amicably the discovery dispute set forth in the attached brief in support of motion to compel, which you will remember I filed last June. We cannot go ahead with your summary judgment motions until this issue is resolved. Can you agree to give up this information? Please let me hear from you this week.

1/11/2006

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | NO.: 3:02CV1026 (CFD) |
| v. | : | |
| CITY OF NORWICH, ET AL | : | JULY 6, 2005 |

**DEFENDANT CITY OF NORWICH'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL**

The defendant, City of Norwich, hereby objects to the plaintiff's Motion to Compel dated June 13, 2005.

I.  **FACTUAL BACKGROUND**

The plaintiff, Melanie Wilson, has brought this action by way of a thirty-seven count Amended Complaint dated September 8, 2003. The plaintiff alleges that, in early September of 2000, she volunteered to assist the City of Norwich in an underage alcohol purchase sting operation after being recruited by the co-defendant, James F. Daigle, Jr. The plaintiff further alleges that, on September 15, 2000, Daigle told her that, as a participant in the sting operation, he would need to take nude photographs of her in order to document that she was not wearing a wire. Based on this representation, the plaintiff allowed Daigle to take the photographs.

In addition, the plaintiff alleges that she volunteered to assist in a child pornography investigation after being recruited by Daigle. The plaintiff alleges that Daigle told her of the need for nude photographs of minors, stating that it would be legal for him to photograph her since she was 18 years old. The plaintiff alleges that she allowed Daigle to take several nude photographs of her sometime between December 15 and December 24, 2000 based on his representations. Finally, the plaintiff alleges that she did not become aware that the photographs taken with regard to both the alcohol sting operation and the child pornography investigation were not actually for those purposes until January 4, 2002.

Counts One through Fourteen, Thirty-Five and Thirty-Six of the Amended Complaint are directed to the co-defendant, James F. Daigle, and allege the following causes of action: invasion of privacy, substantive due process, intentional misrepresentation, negligent infliction of emotional distress, intentional infliction of emotional distress, sexual harassment and negligent misrepresentation.

Counts Fifteen through Thirty-Four and Thirty-Seven are brought against Chief Louis Fusaro and the City of Norwich. Specifically, Counts Fifteen through Twenty allege claims against the City and Chief Fusaro for negligent training and supervision, violations of Conn. Gen. Stat. §46a-58, and violation of the plaintiff's substantive due process rights pursuant to 42 U.S.C. §1983, respectively. Counts Twenty-One through Thirty-Four and Thirty-Seven allege claims for indemnification directed to the

2

City of Norwich, pursuant to C.G.S. §§7-101a and 7-465, for Daigle's conduct set forth in counts against him, namely Counts One through Fourteen, Thirty-Five and Thirty-Six.

## II.  BACKGROUND RE DISCOVERY REQUESTS

By way of procedural background, the defendant represents as follows:

1. On August 10, 2004, the plaintiff served the defendant, City of Norwich, with interrogatories and production requests. The defendant requested and was granted an extension of time within which to respond and/or object to the same up to and including October 11, 2004.

2. Thereafter, the defendant filed various objections to said discovery requests on September 24, 2004. (See Objections to Plaintiff's Interrogatories and Production Requests dated September 24, 2004, attached as **Exhibit A**.)

3. On October 8, 2004, counsel for the defendant conferred with counsel for the plaintiff, Attorney John Williams, with regard to disclosure of the internal affairs investigation file relative to the plaintiff allegations. During said discussion, counsel for the defendant represented that the file documents would be disclosed, however, the defendants requested a protective order with regard to the documents in light of the highly sensitive and confidential nature of documents contained therein. Pursuant to Attorney Williams' agreement, the parties filed a Stipulated Motion for Protective

3

Order, which was approved by the Court on November 24, 2004. (See Stipulated Motion for Protective Order dated October 8, 2004, attached as **Exhibit B**; Order re Stipulated Motion for Protective Order dated November 24, 2004, attached as **Exhibit C**.)

4. Thereafter, on October 25, 2004, the defendant filed its responses to the plaintiff's discovery request in accordance with the Court's granting of an additional extension of time with regard to the same, notwithstanding or waiving its prior objections. (See Responses/Objections to Plaintiff's Interrogatories and Production Requests dated October 25, 2004, attached as **Exhibit D**.) Counsel for the plaintiff made no further attempts to resolve any disputes with regard to the defendant's objections or the documents produced in compliance with the discovery requests.

5. On April 27, 2005, the defendants, City of Norwich and Louis Fusaro, filed a Motion for Summary Judgment with regard to each and every claim against them. In support of their motion, the defendants referenced only the following training with regard to co-defendant Daigle: (1) sexual harassment training on May 27, 1993 and June 1, 1999; (2) training provided by the State of Connecticut Liquor Commission for underage drinking operations on January 24, 2001 and April 20, 2001; and (3) prisoner transport training on April 29, 1999 and September 26, 2001.

6. In response to the defendants' summary judgment motion, counsel for the plaintiff, Attorney Williams, contacted defense counsel, via electronic mail on

May 24, 2005, and requested the voluntary production of a complete copy of co-defendant Daigle's entire personnel file based upon the defendants' reference to Daigle's training in order to facilitate an appropriate response to the summary judgment motion.

7. On May 25, 2004, defense counsel advised plaintiff's counsel, via electronic mail, that the defendants did not agree that the plaintiff was entitled to a copy of the *entire* personnel file, and further clarified the materials referenced in the summary judgment motion as specified above. In addition, defense counsel advised the plaintiff that the defendant requested the opportunity to confer with counsel for co-defendant Daigle prior to disclosing copies of the records referred to in the summary judgment motion.

8. Defense counsel <u>did</u> <u>not</u> refuse to produce the documents requested without a Court Order, nor did defense counsel assert any confidentiality rights with regard to disclosure of the same.

9. On June 15, 2005, the defendant filed supplemental responses to the plaintiff's discovery requests, providing the documentation regarding co-defendant Daigle's training as referred to in the summary judgment motion, in addition to an itemization of all training received by Daigle. (See Defendants' Supplemental Responses to Plaintiff's Interrogatories and Production Requests dated June 15, 2005, attached as **Exhibit E**.)

10. On the afternoon of June 15, 2005, defense counsel received a copy of plaintiff's instant Motion to Compel.

For the reasons more fully articulated below, the defendant has substantially and fairly complied with the plaintiff's production requests and believes that its objections are well founded in reason and law and should, therefore, be sustained.

### III. REPLY TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

As a preliminary matter, the plaintiff's Motion to Compel is improperly before the Court. Pursuant to Rule 37(a)2 of the Local Rules of Civil Procedure, the plaintiff was required to first confer with defense counsel regarding resolution of the three production requests at issue prior to filing the instant motion, and further to attach an affidavit as to the same in conjunction with the filing of the instant motion.

Notwithstanding the above, the plaintiff at no time contacted the defendant concerning the defendant's objections to Production Requests 12 and 13, nor did the plaintiff contact the defendant with regard to any disputes she had regarding the defendant's October 25, 2004 compliance with said requests.

Additionally, in her Motion to Compel, the plaintiff states that the defendant has failed and refused to produce the documents requested in Production Request 8. (See Motion to Compel, at p.1; Brief in Support of Motion to Compel, at p.1.) The plaintiff further represents that defense counsel advised the plaintiff that they would not

6

voluntarily produce the records requested without a Court Order due to concerns of the confidentiality rights of the co-defendant, Daigle. (See Motion to Compel, at pp.1-2.)

As indicated above, however, defense counsel did not refuse to produce the documents requested without a Court Order, nor did defense counsel assert any confidentiality rights with regard to disclosure of the same. Rather, the defendant simply requested the opportunity to confer with Daigle's counsel prior to disclosure of the documents referenced in the summary judgment motion, and subsequently produced the records. (See **Exhibit E**.)

Accordingly, the plaintiff's motion is improperly before the Court as the plaintiff has failed to comply with the requirements of Rule 37(a)2.

The defendant now replies to the plaintiff's Motion to Compel with regard to each of the production requests in turn.

### A.    PRODUCTION REQUEST # 8

The plaintiff's eighth production request is as follows:

> 8.    *The complete personnel, disciplinary and training files of each of the individual defendants.*

The defendant objected to this production request on the grounds that: (1) it sought information which was irrelevant, immaterial and not reasonably calculated to

7

lead to the discovery of admissible evidence, and (2) it was overbroad and unduly burdensome in that it was unlimited in time and scope.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may seek discovery of any matter which is not privileged, and "that is relevant to the claim or defense of any party." Thus, the plaintiff is required, at a minimum, to make a threshold showing that the material being sought is relevant to her claims, or is likely to lead to relevant and discoverable material. See Croom v. Western Connecticut State University, 2002 WL 32503667, *1 (D. Conn., Mar. 20, 2002) (attached as **Exhibit F**), citing, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). While records concerning allegations similar to those alleged in the complaint may be reasonably calculated to lead to the discovery of admissible evidence, the relevance of records which contain allegations wholly unrelated to those of the complaint is too tenuous to permit discovery. See Reyes v. City of New York, 2000 WL 1528239, *1 (S.D.N.Y., Oct. 16, 2000) (attached as **Exhibit G**).

In the instant matter, the plaintiff has filed a blanket request for the personnel, training and disciplinary files of Chief Fusaro and co-defendant Daigle without limitation as to time, content or employer. Such a request, without identifying what information is sought and how it may be relevant to the plaintiff's claims, amounts to no more than a fishing expedition. See Croom, **Exhibit F**.

8

In her Motion to Compel, the plaintiff simply claims that the records are crucial as to the issue of whether the defendants should have known of the co-defendant's propensity to engage in the conduct alleged. The defendants contend that the personnel, training and disciplinary records of Chief Fusaro are irrelevant, immaterial, and are not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff fails to proffer any showing that Chief Fusaro's personnel, training and disciplinary files are in any way relevant to what the defendants should have known with regard to the co-defendant's propensities, let alone any likelihood that Chief Fusaro's files would yield any relevant and discoverable material.

With regard to co-defendant Daigle's personnel, training and disciplinary files, the defendants have produced documentation relative to Daigle's training in the following areas: sexual harassment, underage drinking operations as provided by the State of Connecticut Liquor Commission, and prisoner transport training. (See **Exhibit E**.) In addition, the defendants produced an itemization of all training received by Daigle. (See Id.) Finally, the defendants produced copies of all documentation regarding civilian complaints and internal disciplinary proceedings against Daigle as to the wrongful taking of nude and/or semi-nude photographs in conjunction with underage alcohol sting operations or the alleged child pornography investigations. (See **Exhibit D**.) Accordingly, the plaintiff's claim that the defendant City has failed and/or refused to produce the documents requested is disingenuous.

9

As indicated above, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the plaintiff may seek discovery of any matter which is not privileged and "is relevant to the claims or defense of any party." The plaintiff makes no showing as to how any records contained within Daigle's personnel, training and disciplinary files which are wholly unrelated or similar to the allegations in the instant matter are in any way relevant to her claims as to whether the City or Chief Fusaro knew or should have known of Daigle's alleged propensities. The plaintiff's blanket requests for these documents amounts to no more than a fishing expedition and is, therefore, too tenuous to permit discovery. See Reyes, **Exhibit G**.

For the foregoing reasons, the defendants respectfully request that the plaintiff's Motion to Compel with regard to production request #8 be denied.

### B.   PRODUCTION REQUEST # 12

The plaintiff's twelfth production request is as follows:

> 12.   *Any and all police records concerning internal disciplinary procedures, regardless of outcome, to which either of the individual defendants has been subjected while employed as a police officer.*

The defendant objected to this production request on the grounds that: (1) it sought information which was irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence, and (2) it was overbroad and unduly burdensome in that it was unlimited in time and scope.

10

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may seek discovery of any matter which is not privileged, and "that is relevant to the claim or defense of any party." Thus, the plaintiff is required, at a minimum, to make a threshold showing that the material being sought is relevant to her claims, or is likely to lead to relevant and discoverable material. See Croom, supra, **Exhibit F**. While records concerning allegations similar to those alleged in the amended complaint may be reasonably calculated to lead to the discovery of admissible evidence, the relevance of records which contain allegations wholly unrelated to those of the complaint is too tenuous to permit discovery. See Reyes, supra, **Exhibit G**.

In the instant matter, the plaintiff has filed a blanket request for the disciplinary files of Chief Fusaro and co-defendant Daigle without limitation as to time, content or employer. Such a request, without identifying what information is sought and how it may be relevant to the plaintiff's claims, amounts to no more than a fishing expedition. See Croom, **Exhibit F**.

In her Motion to Compel, the plaintiff again simply claims that the records are crucial as to the issue of whether the defendants should have known of the co-defendant's propensity to engage in the conduct alleged. The defendants contend that the disciplinary records of Chief Fusaro are irrelevant, immaterial, and are not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff fails to proffer any showing that Chief Fusaro's disciplinary files are in any way

11

relevant to what the defendants should have known with regard to the co-defendant's propensities, let alone any likelihood that Chief Fusaro's files would yield any relevant and discoverable material.

With regard to co-defendant Daigle's disciplinary files, the defendants have produced copies of <u>all</u> documentation regarding civilian complaints and internal disciplinary proceedings against Daigle as to the wrongful taking of nude and/or semi-nude photographs in conjunction with underage alcohol sting operations or the alleged child pornography investigations. (<u>See</u> **Exhibit D**.) In fact, the plaintiff has been provided with an <u>entire</u> <u>box</u> of documents relative to the disciplinary investigation of the co-defendant. Accordingly, the plaintiff's claim that the defendant City has failed and/or refused to produce the documents requested is disingenuous.

As indicated above, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the plaintiff may seek discovery of any matter which is not privileged and "is relevant to the claims or defense of any party." The plaintiff makes no showing as to how any records contained within Daigle's disciplinary files which are wholly unrelated or similar to the allegations in the instant matter are in any way relevant to her claims as to whether the City or Chief Fusaro knew or should have known of Daigle's alleged propensities. The plaintiff's blanket requests for these documents amounts to no more than a fishing expedition and is, therefore, too tenuous to permit discovery. <u>See</u> <u>Reyes</u>, **Exhibit G**.

For the foregoing reasons, the defendant respectfully request that the plaintiff's Motion to Compel with regard to production request #12 be denied.

### C.    PRODUCTION REQUEST # 13

The plaintiff's thirteenth production request is as follows:

> 13.    *Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department of the subject matter of this lawsuit.*

The defendant objected to this production request only to the extent that it sought materials prepared in anticipation of litigation and/or constituted work product. While the defendants did not assume that the plaintiff was seeking any attorney-client communications in her designation of "any and all records, reports, letters, memoranda", etc., the defendant was obligated to raise the objection in light of the broad scope of the request.

Moreover, the plaintiff has misrepresented that the above requested documents were not produced by the defendant. On the contrary, the defendant has produced to the plaintiff a complete copy of all documents regarding the internal affairs investigation of the plaintiff's allegations, as well as the investigation relative to similar complaints, inclusive of all reports, witness statements, photographs and transcripts. (See **Exhibit D**.) In fact, the plaintiff herself explicitly refers to and relies upon each document contained within the internal affairs investigation file produced to her in her

13

supplemental responses to the defendant's discovery requests. (See Plaintiff's Supplemental Responses dated January 18, 2005, attached as **Exhibit H**.) Accordingly, the plaintiff's claim that the defendants have failed and refused to produce copies of the documents regarding the internal affairs investigation in this matter is wholly without merit.

## IV. CONCLUSION

For the foregoing reasons, the defendant, City of Norwich, respectfully requests that the plaintiff's Motion to Compel dated June 13, 2005, be denied.

DEFENDANT,
CITY OF NORWICH

By  /s/ Beatrice S. Jordan
Beatrice S. Jordan
ct22001
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail: bjordan@hl-law.com

14

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 6th day of July, 2005.

Stephen E. Reck, Esquire
Michael J. Cartier, Esquire
Mariani & Reck, LLC
83 Broad Street
New London, CT 06320

John R. Williams, Esquire
William & Pattis, LLC
51 Elm Street
New Haven, CT 06510

Eric P. Daigle, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

/s/ Beatrice S. Jordan
Beatrice S. Jordan