UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | CIVIL ACTION |
| | | NO. 3:02CV1026 (CFD) |
| V. | : | |
| CITY OF NORWICH, LOUIS T. | : | |
| FUSARO and JAMES F. DAIGLE, JR. | : | JANUARY 31, 2006 |

**MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the defendant, James F. Daigle, Jr., respectfully requests that the Court grant a Protective Order in the above-captioned matter. The Protective Order, attached as **Exhibit A**, requests that all parties present at the deposition of the defendant, James F. Daigle, Jr., be precluded from questioning him regarding his factual interaction with Kristen Ejchorszt and Theresa Earl who are plaintiffs in subsequent civil actions against him. The deposition is currently scheduled for February 13, 2006. The defendant has conferred with plaintiff's counsel in an attempt to resolve this request without success, as required under Rule 26(f), which is attached as **Exhibit D**.

I.  **FACTUAL ALLEGATIONS**

This case stems from the plaintiff's allegations that in September and December of 2000, the defendant, James F. Daigle, Jr., took nude photos of her in his official capacity as a City of Norwich Police Officer. The plaintiff alleges claims of invasion of privacy, intentional misrepresentation and other pendent state law claims, along with

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

invoking 42 U.S.C. §1983 in support of her federal constitutional claims that she was deprived of substantive due process of law violation of the Fourteenth Amendment.

There are currently two other cases pending in the District Court in which similar allegations were made against the defendant by separate plaintiffs. These actions are (1) <u>Earl v. City of Norwich, et al</u>, Case No 3:03CV1323 and (2) <u>Ejchorszt v. James F. Daigle, Jr., et al</u>, Case No. 3:02CV1350. The undersigned defendant requests that the Court take judicial notice that these matters are not consolidated with the subject lawsuit. As such, the defendant, James Daigle, Jr., requests to preclude the plaintiff in the above-captioned matter from asking any questions regarding these subsequent pending matters, specifically, anything about the defendant's factual interaction, conversations and representations with Theresa Earl and Kristen Ejchorszt, plaintiffs in the lawsuits <u>Earl v. City of Norwich, et al</u> and <u>Ejchorszt v. James F. Daigle, Jr., et al</u>.

## II.   **RELIEF SOUGHT AND APPLICABLE LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) provides that "[u]pon motion by a party … and for good cause shown … the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … (4) that certain matters not be inquired into …" Thus, in the interest of Justice, the Court has the power to control the degree of disclosure of information by weighing the right of the plaintiff to liberal examination and the right of the defendant to a protective order. <u>De Long Corp v. Lucas</u>, 138 F. Supp. 805, 809 (S.D.N.Y. 1956). "A protective order may issue on good

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

cause shown by the moving party." (internal citations omitted) Rubin v. Hirschfeld, 2001 WL 34549221, *1 (D. Conn. 2001). The court has broad discretion to protect a party with a protective order. See SeattleTimes Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

James F. Daigle, Jr. is a defendant in three separate and distinct cases brought by three separate plaintiffs. In fact, these actions do not stem from the same factual interaction with James F. Daigle, Jr. Because James F. Daigle, Jr. was a police sergeant at the time of the subject allegations, the plaintiff alleges that he was acting in the course and scope of his employment as a police officer when the photos were taken. Since the allegations were brought to light in May of 2002 James F. Daigle, Jr. has faced and continues to face much public scrutiny, as he defends all three pending cases. Because one case has nothing to do with the other two, the defendant is entitled to present his defense in each case separately. The plaintiff in one case should not be entitled to annoy, embarrass, oppress or unduly burden the defendant by requesting irrelevant information regarding the other two cases during his deposition in this case. Any information pertaining to the other two cases or the two other plaintiffs has no bearing on the current, pending charges in this case. As a result, the defendant respectfully requests that this Court grant the stipulated Protective Order.

The defendant, James F. Daigle, Jr., also alleges that questioning concerning interaction with the two additional plaintiffs has no relevancy on the current action brought by the plaintiff. The Court has held that questions which are so far a field of the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

bounds of relevancy can be considered oppressive and unreasonable. <u>Avon Linen Svcs. Inc. v. Gratenstein</u>, 16 F.R.D. 469, 471 (D. Conn. 1953). In fact, the plaintiff in each action has the ability to participate and conduct discovery relevant and applicable to their action. It is well known that a party cannot take a deposition for purposes unrelated to the lawsuit at hand. <u>Jennings v. Peters</u>, 162 F.R.D. 120, 122 (N. Dist. Ill. 1995). In addition, the Rules were amended to narrow the scope of permissible discovery to only the actual claims and defenses, and not the entire subject matter. Fed. R. Civ. P. 26(a), (b), and Advisory Committee Notes to 2000 Amendment. These changes should reinforce the courts' practice in civil rights actions of restricting discovery to areas actually raised in the pleadings. 6 James Wm. Moore, et. al., *Moores Federal Practice* ¶ 26.46[3] (3d Ed. 2005). While the standard of relevancy is a liberal one, parties should <u>not</u> be permitted to roam in shadow zones of relevancy. <u>Smith v. Dowson</u>, 158 F.R.D. 138, 142 (D. Minn. 1994) (issuing protective order barring questions of a 42 U.S.C. § 1983 defendant police officer regarding his activities and investigating after the arrest which formed basis for the civil rights lawsuit). Therefore, it is unnecessary and would be considered irrelevant for the parties to inquire in deposition format into the factual interaction between James F. Daigle, Jr. and the plaintiffs in the two other lawsuits, Kristen Ejchorszt and Theresa Earl.

    In addition, the Court should note that this request has been agreed and stipulated to by plaintiff's counsel in the matter <u>Earl v. City of Norwich, et al</u>. In this case, plaintiff's counsel at the request of the undersigned counsel agreed by stipulation

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to not question James F. Daigle, Jr. about the factual interaction with the plaintiff's in the two other pending cases, without any prejudice to his client.  Also, in this action, plaintiff's counsel agreed to a Stipulated Motion for Protective Order (Doc # 62-1, **Exhibit B**) with the City of Norwich governing the conduct of discovery to include:

    (a)    Documents and information exchanged in discovery between the parties shall be limited to the parties, counsel of record, and their respective employees designated to assist counsel in this litigation:

Interestingly, while plaintiff's counsel has agreed to not disclose any documents received from the defendant City of Norwich to any other counsel, including those representing the plaintiffs in the other actions, they refuse to agree to this Protective Order.  The Court approved this Motion for Protective Order on November 24, 2004. (Doc # 65, **Exhibit C**)

    Pursuant to Rule 26(f), the undersigned counsel did confer with plaintiff's counsel requesting that he stipulate to the Protective Order, attached as **Exhibit A**, and was advised that counsel did not agree. (**Exhibit D**)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### III. <u>CONCLUSION</u>

Wherefore, for the reasons stated herein, the defendant respectfully requests that this Court enter a protective order.

                                 THE DEFENDANT
                                 JAMES F. DAIGLE, JR.

By _____
   Eric P. Daigle of
   HALLORAN & SAGE LLP
   Fed. Bar #ct23486
   One Goodwin Square
   225 Asylum Street
   Hartford, CT 06103
   (860) 522-6103
   Daigle@halloran-sage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

      This is to certify that on this 27th day of January, 2006, I hereby mailed a copy of the foregoing Answer to Amended Complaint to:

Peter Catania, Esquire
Attorney Linda L. Mariani
Mariani & Reck, LLC
83 Broad Street
New London, CT 06320

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Charles K. Norris, Esquire
Gordon, Chinigo, Leone,
 Maruzo, Basilica, LLP
141 Broadway
Norwich, CT 06360

John R. Williams, Esquire
51 Elm Street
New Haven, CT 06510

                                    Eric P. Daigle

781283-1(HSFP)



One Goodwin Square      HALLORAN      Phone (860) 522-6103
225 Asylum Street      & SAGE LLP      Fax (860) 548-0006
Hartford, CT 06103                                        Juris No. 26105