Exhibit A

Exhibit A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | NO.: 3:02CV1026 (CFD) |
| v. | : | |
| CITY OF NORWICH, ET AL | : | SEPTEMBER 24, 2004 |

### OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND PRODUCTION REQUESTS DATED AUGUST 10, 2004

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, City of Norwich, hereby objects to plaintiff's interrogatories and production requests dated August 10, 2004 as follows:

### INTERROGATORIES

10. If either of the individual defendants has ever been the subject of any civilian complaint or internal disciplinary proceeding having to do with alleged abuses of his powers as a law enforcement officer, state as to each such proceeding:

    A.    The substance of any charges made in each such proceeding;
    B.    The name and address of each person who brought such charges;
    C.    The date and outcome of each such proceeding, including the date and nature of any subsequent disciplinary action, if any was taken.

**ANSWER:** **OBJECTION. The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial and is not reasonably calculated to lead to the discovery of admissible evidence.**

ORAL ARGUMENT IS NOT REQUESTED

>Furthermore, it is overbroad and unduly burdensome in that it is unlimited in time and in scope.

11. Identify all records or reports generated by any official or employee of the defendant City of Norwich concerning any incident alleged in the complaint, concerning the plaintiff, and/or concerning either of the individual defendants.

**ANSWER:** **OBJECTION.** The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is overbroad and unduly burdensome in that it is unlimited in time and in scope.

13. Describe in detail the process by which each of the individual defendants was hired by the City of Norwich.

**ANSWER:** **OBJECTION.** The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is overbroad and unduly burdensome in that it is unlimited in time and in scope.

14. Describe in detail all training provided to each of the individual defendants during the course of such defendant's employment by the City of Norwich.

**ANSWER:** **OBJECTION.** The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is overbroad and unduly burdensome in that it is unlimited in time and in scope.

17. Identify every civilian utilized by the Norwich Police Department at any time during the last ten (10) years in connection with the department's attempts to enforce liquor laws, and state the date(s) each person was utilized by the department.

**ANSWER:** **OBJECTION.** The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is overbroad and unduly burdensome in that it is unlimited in time and in scope.

## REQUESTS FOR PRODUCTION

2. Any and all materials used or relied upon by the defendant in preparing answers to any of the plaintiff's interrogatories.

**ANSWER:** **OBJECTION. The defendant objects to this request insofar as this request seeks materials prepared in anticipation of litigation, is work product of defendants' counsel and seeks information beyond the scope of discovery. Additionally, this request seeks to invade the thoughts, mental impressions and strategy of defendants' counsel.**

3. The names and address of all persons who are or may be witnesses to any of the events which are the subject of this lawsuit or of any defense being offered by the defendant.

**ANSWER:** **OBJECTION. The defendant objects to this request insofar as this request seeks materials prepared in anticipation of litigation, is work product of defendants' counsel and seeks information beyond the scope of discovery. Additionally, this request seeks to invade the thoughts, mental impressions and strategy of defendants' counsel.**

4. The names and addresses of any and all expert witnesses contacted or retained by the defendant or defense counsel in connection with any aspect of this litigation.

**ANSWER:** **OBJECTION. The defendant objects to this request insofar as this request seeks materials prepared in anticipation of litigation, is work product of defendants' counsel and seeks information beyond the scope of discovery. Additionally, this request seeks to invade the thoughts, mental impressions and strategy of defendants' counsel.**

8. The complete personnel, disciplinary and training files of each of the individual defendants.

ANSWER: OBJECTION. The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is overbroad and unduly burdensome in that it is unlimited in time and in scope.

9. Any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial of this case.

ANSWER: OBJECTION. The defendant objects to this request insofar as this request seeks materials prepared in anticipation of litigation, is work product of defendants' counsel and seeks information beyond the scope of discovery. Additionally, this request seeks to invade the thoughts, mental impressions and strategy of defendants' counsel.

10. Any and all statements of witnesses to any event relevant to this Complaint or any defense being offered to this Complaint.

ANSWER: OBJECTION. The defendant objects to this request insofar as this request seeks materials prepared in anticipation of litigation, is work product of defendants' counsel and seeks information beyond the scope of discovery. Additionally, this request seeks to invade the thoughts, mental impressions and strategy of defendants' counsel.

11. Any and all C.I.R. reports, case/incident reports, internal affairs records, Detective Bureau records, medical records, accident records, wagon records, booking records, cell block records, etc., concerning the plaintiff, either individual defendant or the subject matter of this lawsuit.

ANSWER: OBJECTION. The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial, and is not reasonably

    calculated to lead to the discovery of admissible evidence. Furthermore, it is overbroad and unduly burdensome in that it is unlimited in time and in scope.

12. Any and all police records concerning internal disciplinary procedures, regardless of the outcome, to which either of the individual defendants has been subjected while employed as a police officer.

ANSWER: OBJECTION. The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is overbroad and unduly burdensome in that it is unlimited in time and in scope.

13. Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department of the subject matter of this lawsuit.

ANSWER: OBJECTION. The defendant objects to this request insofar as this request seeks materials prepared in anticipation of litigation, is work product of defendants' counsel and seeks information beyond the scope of discovery. Additionally, this request seeks to invade the thoughts, mental impressions and strategy of defendants' counsel.

14. Copies of all documents identified in response to Interrogatory 16.

ANSWER: OBJECTION. The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is overbroad and unduly burdensome in that it is unlimited in time and in scope.

     15.    All records concerning each person identified in response to Interrogatory 17.

**ANSWER:**    **OBJECTION.** The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is overbroad and unduly burdensome in that it is unlimited in time and in scope.

DEFENDANT,
CITY OF NORWICH

By /s/ Beatrice Jordan
Beatrice S. Jordan
ct22001
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail: bjordan@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 24th day of September, 2004.

Stephen E. Reck, Esquire
Michael J. Cartier, Esquire
Mariani & Reck, LLC
83 Broad Street
New London, CT 06320

John R. Williams, Esquire
William & Pattis, LLC
51 Elm Street
New Haven, CT 06510

Eric P. Daigle, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

*Beatrice S. Jordan*
Beatrice S. Jordan