Exhibit B

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELANIE WILSON | : NO.: 3:02CV1026 (CFD) |
| v. | : |
| CITY OF NORWICH, ET AL | : OCTOBER 25, 2004 |

### RESPONSES/OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND PRODUCTION REQUESTS DATED AUGUST 10, 2004

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, **City of Norwich**, hereby responds/objects to plaintiff's interrogatories and production requests dated August 10, 2004 as follows, and attaches a verification thereto.

### INSTRUCTION AND DEFINITION:

1. These interrogatories shall be deemed continuing, so as to require supplemental answers if further information is obtained between the time the answers are served and the time of trial.

2. If no one agent of the defendant is competent to answer all the interrogatories, the responses should be separately answered under oath by as many agents of the defendant as are necessary.

3. As used herein, the term "document" means the original as well as any copy regardless of origin or location of any typewritten, handwritten, printed or recorded material including, but not limited to, any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, working paper, chart, paper, graph, index, tape, disc, data sheet, data processing card, diary, calendar, business records, address and telephone records, or any other written, recorded,

transcribed, punched, taped, filmed or graphic matter however produced or reproduced to which you have or have had access or control.

4. As used herein, the term "identify" or "identification" with reference to a document means to state the date, author (and if different the signer or signers), the addressee, document (e.g., letter, memorandum, etc.) and its present or last known location and the name and address of the person having custody or control of such document. If any such document was, but is no longer in your possession or subject to your control, state the disposition made of it, the reason for such disposition and the date thereof, its present location and the name and address of the person having custody or control of such document, with sufficient particularity to request its production under Rule 34, F.R.C.P.

5. As used herein, the term "you" means you, yourself, the person to whom these interrogatories are addressed or any of your agents, deputies, assignees, partners, associates or any employees, employers or organizations of which you are a member or an employee, or any person acting on your behalf.

6. Without limitation, a document is deemed to be in your "control" if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

7. "Communicate" or "communication" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

8. Use of the term "identify" with reference to an individual person, means to state his full name, present home address, present position and business affiliation or employment. "Identify" as to a communication means to state the date of the communication, the type of communication, the place where such communication was made, the identities or the maker(s) and the receiver(s) of the communication and of each person present when it was made, and the subject matter discussed.

9. The masculine shall include the neuter or feminine gender, unless the context expressly indicates otherwise; the singular includes the plural and vice versa; the present tense includes the past tense and vice versa; and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

10. If any of the information requested in answer to the interrogatories propounded herein is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage) state the form in which it is available and describe the type of computer or other machine required to read the records. If the information requested is stored in a computer, indicate whether there is an existing program which will print the records in the form desired, or if no program exists, whether one could be written.

11. If you do not answer any interrogatories because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

## INTERROGATORIES

1. What is the full name of each person responding to these interrogatories?

**ANSWER:** Warren Mocek

2. What is the date of birth of each person responding to these interrogatories?

**ANSWER:** 5/22/55.

3. What is the business address of each person responding to these interrogatories?

**ANSWER:** Norwich Police Department, 70 Thames Street, Norwich, CT 06360

4. What is the present job title and present job duties of each person responding to these interrogatories?

**ANSWER:** Deputy Chief, Norwich Police Department

5. Has any official of the defendant City of Norwich made any written or recorded statements to any person regarding any incident alleged in the Complaint?

**ANSWER:** Yes, Deputy Chief Warren L. Mocek prepared an Internal Affairs Investigation Report regarding the incident. Chief Louis Fusaro issued a press release regarding the investigation on May 22, 2002, and June 11, 2002.

4

6. State the names and addresses of all persons who were or are believed to have been present at the time of each incident alleged in the Complaint or who observed or are believed to have observed all or part of any such incident.

**ANSWER:** **I have no knowledge of anyone who witnessed and/or were present during the taking of the photographs other than the plaintiff and James F. Daigle.**

7. As to each individual named in response to Interrogatory 6, state whether such individual has given any written or recorded statement or statements, concerning the subject matter of the Complaint in this lawsuit.

**ANSWER:** **Yes. The plaintiff gave a written statement on January 4, 2002. James F. Daigle gave recorded statements on February 26, 2002, March 12, 2002, March 15, 2002, March 22, 2002 and April 3, 2002.**

8. If, at the time of the incident alleged in the Complaint, you were covered by an insurance policy under which an insurer may be liable to satisfy part or all of a judgment or reimburse you for payments to satisfy part or all of a judgment, state the following:

    A. The name(s) and address(es) of the insured(s);
    B. The amount of coverage under each insurance policy;
    C. The name(s) and address(es) of said insurer(s).

**ANSWER:** **At the time of the incident alleged in the Complaint the City of Norwich was insured by Legion Insurance Company with a $1,000,000 general liability policy. Pursuant to a Court Order issued July 25, 2003, by the Commonwealth Court of Pennsylvania in the matter of <u>M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania v. Legion Insurance Company</u>, Docket No. 183 MD 2002, Legion Insurance Company has been declared insolvent and ordered to be liquidated effective July 28, 2003. The Connecticut Insurance Guaranty Association, by statute, has a limit of $300,000 per covered claim, minus a $100 deductible.**

5

9.  State the names and addresses of all experts whom you intend to call to testify at trial.

**ANSWER:** To be disclosed in accordance with the parties' Rule 26(f) Report.

10. If either of the individual defendants has ever been the subject of any civilian complaint or internal disciplinary proceeding having to do with alleged abuses of his powers as a law enforcement officer, state as to each such proceeding:

- A. The substance of any charges made in each such proceeding;
- B. The name and address of each person who brought such charges;
- C. The date and outcome of each such proceeding, including the date and nature of any subsequent disciplinary action, if any was taken.

**ANSWER:** **Objection pending.**

Without waiving said objection, the defendants provide as follows with regard to civilian complaints or internal disciplinary proceedings having to do with complaints as to the wrongful taking of nude and/or semi-nude photographs in conjunction with underage alcohol sting operations or the alleged child pornography investigations:

With regard to James F. Daigle:
- A. (1) The taking of nude and/or topless photographs in the course of an underage alcohol sting operation
  - (2) The taking of nude photographs in the course of an underage alcohol sting operation and as part of the alleged child pornography investigation
- B. (1) Kristen Ejchorszt
     3 Hazelwood Drive
     Baltic, CT
  - (2) Theresa Earl
     73 Meridean Street
     Apt. 2
     Groton, CT

6

      C.    (1)-(2) James F. Daigle was terminated, effective June 11, 2002

11.    Identify all records or reports generated by any official or employee of the defendant City of Norwich concerning any incident alleged in the complaint, concerning the plaintiff, and/or concerning either of the individual defendants.

**ANSWER:**    **Objection pending.**

    **Without waiving said objection, the defendants provide as follows: (1) Incident Report re Underage Liquor Sting Operation, dated 9/15/00; (2) Internal Affairs Investigation Report.**

12.    Describe in detail all disciplinary actions taken against either of the individual defendants in connection with any conduct involving the plaintiff or any of the allegations of the complaint.

**ANSWER:**    **James F. Daigle was terminated, effective June 11, 2002**

13.    Describe in detail the process by which each of the individual defendants was hired by the City of Norwich.

**ANSWER:**    **Objection pending.**

    **Without waiving said objection, the defendants provide general summary of the hiring process as follows: Prospective officers are required to successfully complete a written exam, oral interview, polygraph exam, psychiatric exam, background investigation, police academy program and completion of a twelve month probationary period before being hired as a full time officer of the Norwich Police Department.**

14. Describe in detail all training provided to each of the individual defendants during the course of such defendant's employment by the City of Norwich.

**ANSWER:** **Objection pending.**

Without waiving said objection, the defendants provide as follows: The defendants successfully completed the Police Academy program. Thereafter the defendants underwent field training prior to receiving their certification. In addition, the defendants are subject to on-going training, consisting of a minimum of forty hours of retraining in various mandated subjects every three years in order to maintain their certification.

15. If any electronic or photographic record was made of any part of any of the events alleged in the complaint or in your answers to the preceding interrogatories, identify the person or persons having present custody or such electronic or photographic record or recording and state the exact present location of each such photograph or recording.

**ANSWER:** Photographs are in the possession of defense counsel, Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT.

16. Identify all regulations or rules of the City of Norwich and/or its police department, in effect at any time during the last ten (10) years, concerning the employment or uncompensated usage of civilians and/or minors by any City department, including but not limited to the Police Department.

**ANSWER:** OBJECTION. The defendant objects to this interrogatory as it seeks information which is irrelevant, immaterial, and is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objection, the defendant provides as follows: The City of Norwich has no such regulations or rules regarding the employment or uncompensated usage of civilians and/or minors by the Norwich Police Department in underage alcohol sting operations.

The underage alcohol sting operation is run by the State of Connecticut. The State provided all of the training, as well as their own guidelines regarding said operations.

17. Identify every civilian utilized by the Norwich Police Department at any time during the last ten (10) years in connection with the department's attempts to enforce liquor laws, and state the date(s) each person was utilized by the department.

**ANSWER:** **Objection pending.**

**Without waiving said objection, the defendants provide as follows with regard to those civilians utilized by the Norwich Police Department during the last ten (10) years in connection with the department's attempts to enforce liquor laws: Kristen Ejchorszt, Teresa Earl, and Kelly Blicher.**

9

## REQUESTS FOR PRODUCTION

1. Any and all materials identified in answer to any interrogatories served upon the defendant by the plaintiff.

**ANSWER:** See attached.

2. Any and all materials used or relied upon by the defendant in preparing answers to any of the plaintiff's interrogatories.

**ANSWER:** **Objection pending.**

**Without waiving said objection, the defendants provide as follows: See attached copies of the Internal Affairs investigation.**

3. The names and address of all persons who are or may be witnesses to any of the events which are the subject of this lawsuit or of any defense being offered by the defendant.

**ANSWER:** **Objection pending.**

**Without waiving said objection, the defendants provide as follows: This defendant has no knowledge of anyone who witnessed and/or were present during the taking of the photographs other than the plaintiff and James F. Daigle.**

4. The names and addresses of any and all expert witnesses contacted or retained by the defendant or defense counsel in connection with any aspect of this litigation.

**ANSWER:** **Objection pending.**

**Without waiving said objection the defendant provides that expert witnesses retained by the defendants who may testify at the trial of**

this matter will be disclosed in accordance with the parties' Rule 26(f) Report.

5. Any and all photographs of any plaintiff.

**ANSWER:** **See attached.**

6. Any and all films, videos or recordings of the plaintiff.

**ANSWER:** **No such electronic, video or audio recordings of the plaintiff exist.**

7. Any and all photographs of any scene of events described or referred to in the Complaint.

**ANSWER:** **See attached.**

8. The complete personnel, disciplinary and training files of each of the individual defendants.

**ANSWER:** **Objection pending.**

**Without waiving said objection, the defendants provide as follows: See attached internal disciplinary proceedings regarding James Daigle, having to do with complaints as to the wrongful taking of nude and/or semi-nude photographs in conjunction with underage alcohol sting operations or the alleged child pornography investigations.**

9. Any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial of this case.

**ANSWER:** **Objection pending.**

11

>Without waiving said objection, the defendants provide as follows: To be disclosed in accordance with the Federal Rules of Procedure.

10. Any and all statements of witnesses to any event relevant to this Complaint or any defense being offered to this Complaint.

**ANSWER:** **Objection pending.**

>Without waiving said objection, the defendant provides as follows: See attached.

11. Any and all C.I.R. reports, case/incident reports, internal affairs records, Detective Bureau records, medical records, accident records, wagon records, booking records, cell block records, etc., concerning the plaintiff, either individual defendant or the subject matter of this lawsuit.

**ANSWER:** **Objection pending.**

>Without waiving said objection, the defendant provides as follows: See attached.

12. Any and all police records concerning internal disciplinary procedures, regardless of the outcome, to which either of the individual defendants has been subjected while employed as a police officer.

**ANSWER:** **Objection pending.**

>Without waiving said objection, the defendants provide as follows with regard to civilian complaints or internal disciplinary proceedings regarding James Daigle, having to do with complaints as to the wrongful taking of nude and/or semi-nude photographs in conjunction with underage alcohol sting operations or the alleged child pornography investigations: See attached.

13. Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department of the subject matter of this lawsuit.

**ANSWER:** **Objection pending.**

**Without waiving said objection, the defendants provide as follows: See attached.**

14. Copies of all documents identified in response to Interrogatory 16.

**ANSWER:** **Objection pending.**

**Without waiving said objection, the defendants provide as follows: Not applicable, see response to Interrogatory 16.**

15. All records concerning each person identified in response to Interrogatory 17.

**ANSWER:** **Objection pending.**

Without waiving said objection, the defendants provide as follows with regard to those civilians utilized by the Norwich Police Department during the last ten (10) years in connection with the department's attempts to enforce liquor laws: See attached.

DEFENDANT,
CITY OF NORWICH

By *Beatrice Jordan*
Beatrice S. Jordan
ct22001
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail: bjordan@hl-law.com

14

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 25th day of October, 2004.

Stephen E. Reck, Esquire
Michael J. Cartier, Esquire
Mariani & Reck, LLC
83 Broad Street
New London, CT 06320

John R. Williams, Esquire
William & Pattis, LLC
51 Elm Street
New Haven, CT 06510

Eric P. Daigle, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_Beatrice Jordan_
Beatrice S. Jordan

# VERIFICATION

STATE OF CONNECTICUT    )
                        ) ss:
COUNTY OF               )

I, Warren Mocek, being duly sworn, hereby depose and say that I am the Deputy Chief for the City of Norwich Police Department, and hereby verify that the foregoing responses to plaintiff's interrogatories, directed to the City of Norwich, are true and accurate. The matters contained therein are within my personal knowledge, and have been assembled by myself and counsel of the City of Norwich.

_____
Warren Mocek

Subscribed and sworn to before me this ___ day of October, 2004.

_____
Notary Public
My Commission Expires: June 30, 2006