Case 3:02-cv-01026-CFD   Document 96-6   Filed 02/07/2006   Page 1 of 5

Exhibit E

Westlaw.

Not Reported in F.Supp.2d                                                                                       Page 1

Not Reported in F.Supp.2d, 2000 WL 1528239
**(Cite as: Not Reported in F.Supp.2d)**

C
Not Reported in F.Supp.2d, 2000 WL 1528239
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Jennifer REYES, by her Mother and Natural Guardian, Mary Ellen Reyes, and Mary Ellen Reyes, individually, Plaintiffs,
v.
THE CITY OF NEW YORK, Police Officer Vella (# 13581), Police Officer Van Cook (# 13399), Police Officer McCormack (# 7951), Police Officer Hazzard (# 24072), and Sergeant Reppetti, Defendants.
**No. 00 Civ. 2300(SHS).**

Oct. 16, 2000.

*Memorandum Opinion and Order*

STEIN, J.
*1 Jennifer Reyes and her mother, Mary Ellen, have brought this action pursuant to 42 U.S.C. § 1983 for damages allegedly incurred during an altercation between Jennifer, who was 16 at the time of the incident, and the defendant police officers. The complaint alleges that Jennifer was improperly stopped by the individual defendants, who failed to identify themselves as police officers. The officers then allegedly pushed her against a wall, applied a choke hold to her, and "verbally abused and taunted " her, resulting in both physical and emotional damage.

Defendants now seek two protective orders denying plaintiffs' requests: (1) for the files of any complaints brought against these officers at the New York City Civilian Complaint Review Board (" CCRB"), and (2) for plaintiffs' counsel to be present at and to record the examinations of Jennifer by the psychiatrist and orthopedic surgeon designated by the defendants. For the reasons set forth below, the Court denies defendants' request to prohibit discovery of the CCRB files, but grants their request to prohibit the presence of third parties at Jennifer's examinations.

I. THE CCRB FILES

At a pretrial conference held on August 16, 2000, this Court directed defendants to submit the officers' CCRB histories for *in camera* review. That *in camera* review has taken place.

The Federal Rules of Civil Procedure permit discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Thus, courts in this district routinely recognize that "[i]n federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be [discoverable]." *National Congress for Puerto Rican Rights v. City of New York,* 194 F.R.D. 88, 92 (S.D.N.Y.2000) (quoting *Morrissey v. City of New York,* 171 F.R.D. 85, 88 (S.D.N.Y.1997).

Rule 404(b) of the Federal Rules of Evidence expressly provides that evidence of "other crimes, wrongs, or acts" may be admissible for at least some purposes, including "intent ... absence of mistake or accident." Thus, CCRB records concerning allegations of acts similar to those alleged in the complaint may be "reasonably calculated to lead to the discovery of admissible evidence." *See, e.g., Malsh v. New York City Police Dep't,* No. 92 Civ. 2973, 1995 WL 217507, at *2 & n. 5 (S.D.N.Y. Apr. 11, 1995) (citing cases). However, where CCRB records contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found to be "too tenuous to allow discovery." *Katt v. New York City Police*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 2

Not Reported in F.Supp.2d, 2000 WL 1528239
**(Cite as: Not Reported in F.Supp.2d)**

*Dep't,* No. 95 Civ. 8283, 1997 WL 394593, at *3- *4 (S.D.N.Y. July 14, 1997); *see also Haya v. City of New York,* No. 93 Civ. 7754, 1995 WL 314724, at *1 (S.D.N.Y. May 24, 1995).

\*2 Defendants contend that because the complaint to the CCRB regarding the incident at issue here was denominated to be regarding "FORCE-PUSH/SHOVE", only complaints that are identically labeled should be discoverable. As noted above, however, plaintiffs allege, in addition to the shove, the use of a choke hold and verbal abuse and taunts. Accordingly, the Court finds that files of the CCRB complaints against the defendant officers involving "force," "abuse of authority," or "discourtesy" should be produced for discovery purposes.

Defendants also contend that complaints determined by the CCRB to be "Unfounded" FN1 or "Unsubstantiated" FN2 should not be discoverable. Defendants cite no authority, however, to substantiate their position that an accusation against an individual must be proven before the fact of that accusation must be disclosed pursuant to an otherwise valid discovery request. Although a CCRB finding that a complaint was "Unfounded" or "Unsubstantiated" may be relevant to an accusation's admissibility at trial, plaintiffs should be afforded the opportunity to review the file.

> FN1. A CCRB complaint is labeled "Unfounded" where a three member panel of the board finds, by a preponderance of the evidence, that the act of misconduct did not occur. *See* Civilian Complaint Review Board, *What Happens After You File a Complaint?,* <http://www.ci.nyc.ny.us/html/ccrb/html/happens.html> (visited Oct. 12, 2000).
>
> FN2. A CCRB complaint is labeled "Unsubstantiated" where a three member panel of the board finds that there is insufficient evidence to determine whether an act of misconduct did or did not occur. *See* Civilian Complaint Review Board,

*What Happens After You File a Complaint?,* <http://www.ci.nyc.ny.us/html/ccrb/html/happens.html> (visited Oct. 12, 2000).

The CCRB records at issue here consist exclusively of complaints involving force, abuse of authority, and discourtesy. For the reasons previously discussed, the Court finds that they are discoverable, and should be made available to plaintiffs for their review.

## II. PRESENCE OF PLAINTIFFS' COUNSEL AT EXAMINATIONS

Rule 35 of the Federal Rules of Civil Procedure provides that a court may, "for good cause shown," order a party to submit to a physical or mental examination by a suitably licensed examiner "[w]hen the mental or physical condition" of the party is at issue. It also provides that such an order shall specify the "time, place, manner, conditions, and scope" of the examination, as well as the identity of the examiner. Fed.R.Civ.P. 35(a).

All parties concede that "good cause" exists for an examination of Jennifer by a psychiatrist and one by an orthopedic surgeon because she has put her physical and mental condition at issue. The parties disagree, however, on the conditions under which the examinations should take place. Specifically, plaintiffs have offered to produce Jennifer on the condition that her counsel and a court reporter be present at the psychiatric examination and that her counsel be present (without a court reporter) at the orthopedic examination. Defendants want only Jennifer and the examiners to be present.

The federal courts that have considered this issue are divided, although the "greater weight of authority favors the exclusion of the Plaintiff's attorney from the conduct of a Rule 35 examination." *Tomlin v. Holecek,* 150 F.R.D. 628, 631 (D.Minn.1993); *see also Abdulwali v. Washington Metro Area Transit Authority,* 193 F.R.D. 10, 12-13 (D.D.C.2000) (surveying cases). Where the presence of a third party has been allowed, the decision has generally "been grounded in the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 3
Not Reported in F.Supp.2d, 2000 WL 1528239
**(Cite as: Not Reported in F.Supp.2d)**

particular facts of the case." See *Tirado v. Erosa*, 158 F.R.D. 294, 295 (S.D.N.Y.1994). For example, a party who had difficulty with the English language was permitted to bring a stenographer, but not an attorney, to a psychiatric examination in *Di Bari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12 (E.D.N.Y.1989). Some courts, however, have spoken broadly about the benefits of the presence of counsel. See *Vreeland v. Ethan Allen*, 151 F.R.D. 551, 551 (S.D.N.Y.1993) ("[T]he presence of the attorney is more likely to produce a higher quality of justice and fairness in the ensuing trial and permit more cogent cross-examination of the expert."); *Zabkowicz v. West Bend Co.*, 585 F.Supp. 635, 636 (E.D.Wis.1984) ("[I]n the context of an adversary proceeding, the plaintiffs' interest in protecting themselves from unsupervised interrogation by an agent of their opponents outweighs the defendants' interest in making the most effective use of their expert.").

*3 Where third parties have been excluded, courts have usually relied on affidavits or other statements by the examiner explaining how and why the presence of a third party would interfere with the examination. *See, e.g., Hirschheimer v. Associated Metals & Minerals Corp.*, No. 94 CIV. 6155, 1995 WL 736901, at *3 (S.D.N.Y. Dec. 12, 1995); *Tirado*, 158 F.R.D. at 296; *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543, 546 (S.D.N.Y.1978). In addition, however, courts have opined generally that "the presence of a third person or recording device might invalidate the results of the mental examination, while destroying the 'level playing field' contemplated by Rule 35" and that "such presence in the examination would inject a greater degree of the adversarial process into an evaluation that is intended to be neutral." *E.g., Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 629-30 (D.Kan.1999) (quoting *Tomlin*, 150 F.R.D. at 631-33).

In this case, defendants have not submitted any statement by the examiners averring that the presence of a third party would interfere with the examinations. Plaintiffs express concerns over potential misconduct by the defense psychiatrist, as well as over Jennifer's youth-she turns 18 today. Thus, as a preliminary matter, the Court must decide who bears the burden of establishing reasons for attendance or exclusion.

Rule 35 places the burden of establishing the need for an examination on the party seeking the examination. See Fed.R.Civ.P. 35. The rule is silent, though, on the question of who may attend an examination. "[S]uch examinations," however, "like all other forms of discovery, are subject to the general provisions of Rule 26(c)." *Tirado*, 158 F.R.D. at 297. Rule 26(c) states, in pertinent part: " Upon motion by ... the person from whom discovery is sought, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c). Accordingly, when, as here, the need for an examination has been established pursuant to Rule 35 , the party seeking the attendance of a third party at that examination bears the burden of showing "good cause" for such attendance pursuant to Rule 26(c). See *Hertenstein*, 189 F.R.D. at 628, 629; *cf. Galieti v. State Farm Mutual Automobile Ins. Co.*, 154 F.R.D. 262, 265 (D.Colo.1994) ("[T]he party seeking the presence of a third party or recording device must carry the burden of convincing the court."); *Tirado*, 158 F.R.D. at 299; *Cline v. Firestone Tire & Rubber Co.*, 118 F.R.D. 588, 589 (S.D.W.Va.1988) ("[T]he proper rule is that Plaintiff's attorney should not be allowed to be present absent a showing of good cause.").

Plaintiffs have failed to meet their burden here. Although Jennifer is relatively young, her age alone does not demonstrate the need for a third party at an examination. *Cf. Tirado*, 158 F.R.D. at 297. Moreover, plaintiffs' concerns about potential misconduct on the part of the defense psychiatrist are unsupported by any facts, and, therefore, cannot constitute "good cause" for the presence of counsel or a court reporter at the psychiatric examination. Accordingly, the Rule 35 examinations of Jennifer Reyes by a psychiatrist and an orthopedic surgeon shall occur without the presence of her counsel or a court reporter.

S.D.N.Y.,2000.
Reyes ex rel. Reyes v. City of New York

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 4

Not Reported in F.Supp.2d, 2000 WL 1528239
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2000 WL 1528239

Briefs and Other Related Documents (Back to top)

• 1:00CV02300 (Docket) (Mar. 27, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.