UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | CIVIL ACTION |
| | | NO. 3:02CV1026 (CFD) |
| V. | : | |
| CITY OF NORWICH, LOUIS T. FUSARO and JAMES F. DAIGLE, JR. | : | FEBRUARY 9, 2006 |

### DEFENDANT JAMES F. DAIGLE'S JOINDER OF CITY'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL

**I.   INTRODUCTION**

On January 12, 2006, the plaintiff, Melanie Wilson, filed a Motion to Compel Discovery directed to the defendant, City of Norwich. Although the Motion to Compel is directed to the City of Norwich, as the custodian of those records, the individual defendant James F. Daigle, Jr., respectfully joins in the City's Objection to the plaintiff's Motion to Compel.

The Motion to Compel is directed to the City of Norwich which requests that the following items be produced:

> *8.   The complete personnel, disciplinary and training files of each of the individual defendants.*
>
> *12.  Any and all police records concerning internal disciplinary procedures, regardless of outcome, to which either of the individual defendants has been subjected while employed as a police officer.*
>
> *13.  Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal*

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> *investigation by the Police Department of the subject matter of this lawsuit.*

**II.   ARGUMENT**

Rule 34 of the Federal Rules of Civil Procedure permits any party to serve upon any other party a request "to produce . . . to inspect and copy, any designated documents . . . or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served[.]"  Rule 26(b) provides in pertinent part that:

> The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things, and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The plaintiff now moves pursuant to Rule 37 for an order compelling disclosure of the requested personnel files and Internal Affairs files of the defendants.  For the reasons set forth herein, the plaintiff's Motion to Compel should be denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

A.  **The Plaintiff Has Failed To Set Forth Sufficient Grounds For Production Of The Defendants' Personnel, Disciplinary And Internal Affairs Files**

The undersigned defendant, James F. Daigle, Jr., objects and has relayed to the City of Norwich his objection that any portion of his personnel and disciplinary file be released. Pursuant to Section 1-210(b) of the Connecticut General Statutes, "nothing in the Freedom of Information Act shall be construed to require disclosure of . . . personnel or medical files and similar files, the disclosure of which constitutes an invasion of personal property . . . ." Defendant Daigle objects to any disclosure from his personnel or disciplinary files which would be a direct intrusion into his life and would not necessarily lead to information which may be relevant in this case. The best analysis of this application to the right of privacy in a personnel file was set forth in State v. Januszewski, 182 Conn. 142, 170-73, 438 A.2d 679 (1980). The Connecticut Supreme Court addressed the issue of the right to privacy in a personnel file and recognized that even in a criminal case where the right of the defendants to cross-examine adverse witnesses enjoined explicit constitutional protection, the right of the plaintiff to discover the contents of a police officer's personnel file must be balanced against the officer's interest in preserving the confidentiality of his private and personal information. Id. The Connecticut Supreme Court held:

> The disclosure of such information must be carefully tailored
> to a legitimate and demonstrated need for such information
> in any given case.  Where disclosure of a personnel file
> would place in the hands of the defendant irrelevant or
> personal and sensitive information concerning the witnesses,

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> the entire file should not be disclosed.  No criminal defendant has the right to conduct a general 'fishing expedition' into the personnel records of a police officer. Any request for information that does not directly relate to legitimate issues that may arise in the course of the criminal prosecution ought to be denied.

State v. Januszewski at 172.

The plaintiff has set forth that the defendants' personnel, disciplinary and Internal Affairs files are highly relevant to the issues detailed in the Complaint and are critical to her discovery.  The undersigned defendant alleges that the plaintiff has set forth a broad based request for the production of the entire personnel file and her request for same can be characterized as nothing more than a fishing expedition that will be used as a spring board to embarrass and harass the defendant, James F. Daigle, Jr.  As a result of the plaintiff's failure to show relevance, the defendant requests that the Court preserve the privacy of the defendant officer which substantially outweighs the plaintiff's overly broad requests.  In addition, the plaintiff's request for disciplinary and Internal Affairs files of the defendants is also a fishing expedition, and the plaintiff has failed to identify tangible portions of such files which may be relevant to the allegations in the Complaint.  The defendant's expectation of privacy in becoming a police officer, and society's concern with preserving that privacy, outweighs the plaintiff's blanket requests.  As such, the records requested are not relevant to the present municipal liability claim and plaintiff's Motion to Compel should be denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

WHEREFORE, for the foregoing reasons, the undersigned defendant joins with the City of Norwich in respectfully requesting that the Court deny the plaintiff's Motion to Compel.

        **THE DEFENDANT,**
        **JAMES F. DAIGLE, JR.**

By _____
    Eric P. Daigle of
    HALLORAN & SAGE LLP
    Fed. Bar #ct23486
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103
    Daigle@halloran-sage.com

## CERTIFICATION

      This is to certify that on this 8th day of February, 2006, I hereby mailed a copy of the foregoing Objection to:

Peter Catania, Esq.
Linda L. Mariani, Esq.
Mariani & Reck, LLC
83 Broad Street
New London, CT 06320

Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Charles K. Norris, Esq.
Gordon, Chinigo, Leone,
Maruzo, Basilica, LLP
141 Broadway
Norwich, CT 06360

John R. Williams, Esq.
51 Elm Street
New Haven, CT 06510

                            Eric P. Daigle

707835-1(HSFP)

790870v.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105