UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELANIE WILSON | : |
| | : |
| VS. | :    NO. 3:02CV1026(CFD) |
| | : |
| CITY OF NORWICH, LOUIS T. | : |
| FUSARO and JAMES F. DAIGLE, JR. | :    FEBRUARY 19, 2006 |

## BRIEF IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

     The defendant Daigle has filed a motion which is almost breathtaking in its chutzpah, claiming that the plaintiff should be prohibited from asking him at a deposition any questions about similar acts of misconduct to those alleged in this case. He does this despite the agreement of the undersigned to maintain confidentiality about the information obtained, restricting its usage to this case. He claims such questioning would "annoy, embarrass, oppress or unduly burden" him. Astonishingly, he also claims that questioning him about other nearly identical cases in which he similarly abused his power as a police officer to sexually harass teenage girls, just as he is alleged to have done here, would be "irrelevant" at a deposition.

     It is elementary that "discovery is to be considered relevant where there is any possibility that the information sought may be relevant to the subject matter

1

of the action."  Renshaw v. Ravert, 82 F.R.D. 361, 363 (E.D. Pa. 1979) (emphasis in original).  See also Inmates of Unit 14 v. Rebideau, 102 F.R.D. 122, 127-28 (N.D.N.Y. 1984).  The word "relevant," for discovery purposes, includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case....[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Klonski v. Mahlab, 156 F.3d 255, 267 (1st Cir. 1998).  See generally King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988).

     Defendant Daigle's deposition already has been delayed because of this frivolous motion for a protective order.  It ought not to be delayed further.  The motion for a protective order should be denied.

                    Respectfully submitted:

                    _____
                    JOHN R. WILLIAMS (ct00215)
                    51 Elm Street, Suite 409
                    New Haven, CT 06510
                    (203) 562-9931
                    FAX: (203) 776-9494
                    E-Mail: jrw@johnrwilliams.com
                    Plaintiff's Attorney

<u>CERTIFICATION OF SERVICE</u>

On the date above stated, copies hereof were mailed to:

Attorney Linda L. Mariani  
Stephen E. Reck, Esq.  
Mariani & Reck  
P. O. Box 1630  
New London, CT 06320-1630  

Thomas R. Gerarde, Esq.  
Attorney Melinda A. Powell  
Howd & Ludorf  
65 Wethersfield Avenue  
Hartford, CT 06114  

Eric Daigle, Esq.  
Halloran & Sage, LLP  
225 Asylum Street  
One Goodwin Square  
Hartford, CT 06103-4303  

_____
JOHN R. WILLIAMS