UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**MELANIE WILSON,**
  **- Plaintiff**

  **v.**           **NO.  3:02CV1026(CFD)(TPS)**

**CITY OF NORWICH, LOUIS T.
FUSARO and JAMES F. DAIGLE, JR.**
  **- Defendants**

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, the plaintiff, Melanie Wilson, requests that the defendant, City of Norwich, be compelled to produce the following materials:

> 8. The complete personnel, disciplinary and training files of each of the individual defendants.
>
> 12. Any and all police records concerning internal disciplinary procedures, regardless of the outcome, to which either of the individual defendants has been subjected while employed as a police officer.
>
> 13. Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department of the subject matter of this lawsuit.

**(Dkt. #92).** Defendant objects to these discovery requests on grounds that they are irrelevant, overbroad, and unduly burdensome.

### Request for Production #8

The plaintiff's request for the complete personnel,

disciplinary and training files of each of the individual defendants is relevant and is not overbroad or unduly burdensome. This request is reasonably calculated to lead to the discovery of admissible evidence concerning whether the City or Chief knew or should have known of Daigle's propensities, among other things. The requests are not overly broad or burdensome to the defendants, but rather are narrowly tailored, as they only concern the files of the three defendants.

**Request for Production #12**

The plaintiff's request for police records concerning internal disciplinary procedures to which either of the individual defendants has been subjected is relevant and narrowly tailored. Whether Daigle or Fusaro were disciplined for past actions in the police department is relevant to whether the police department knew Daigle had a propensity for misconduct, as they claim they did not.

Defendants argue that they have produced all documentation regarding civilian complaints and internal disciplinary proceedings against Daigle concerning the wrongful taking of nude and/or semi-nude photographs in conjunction with underage alcohol sting operations or the alleged child pornography investigations, however the plaintiff's request is more broad than this. Plaintiff's request for information concerning *all* complaints and disciplinary proceedings, not just those concerning nude photographs or child pornography, is relevant. In addition, the request is limited in

time and scope, in that it only requests the records relating to the two individual defendants during the times they were employed as police officers.

**Request for Production #13**

Defendants argue that they have already provided plaintiff a complete copy of all documents requested in Request #13, except those protected by the work product doctrine.

Under both the attorney-client privilege and work-product doctrine, the party asserting the claim has the initial burden of showing it applies.  See Cornelius v. Consol. Rail Corp., 169 F.R.D. 250, 253 (N.D.N.Y. 1996); In re Horowitz, 482 F.2d 72, 82 (2d Cir.), cert denied, 414 U.S. 867 (1973).   To assist the court and counsel, both the Federal and Local Rules require that the party asserting a privilege provide the court with a privilege log.  Fed. R. Civ. P. 26(B)(5); D. Conn. L. Civ. R. 37(a)(1).

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. Pro. 26(B)(5).  The privilege log is not simply a technicality, it is essential tool which allows the parties and the court to make an intelligent decision as to whether a privilege or immunity exists.   See Bowne v. Ambase, 150 F.R.D. 465, 474

(S.D.N.Y. 1993). Preparation of a privilege log is a critical step in discharging one's burden of establishing the existence of a privilege.

From the court's review of the record, it is not apparent that defendants have created a privilege log, therefore their claim of privilege is not perfected, and the documents requested are discoverable.

## **CONCLUSION**

The plaintiff's motion to compel is **GRANTED,** and the defendants are **ORDERED** to respond to plaintiff's requests for production #8, #12, and #13, to the extent they have not yet done so.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED** at Hartford, Connecticut this 23rd day of February, 2006.

                                        **/s/ Thomas P. Smith**
                                        **Thomas P. Smith**
                                        **United States Magistrate Judge**