# INTERNAL AFFAIRS INVESTIGATION REPORT
# NORWICH POLICE DEPARTMENT

MAY 22, 2002

WARREN L. MOCEK
DEPUTY CHIEF OF POLICE

might utilize her in another operation.

On the basis of the above, inclusive of credibility issues concerning Lt. Daigle and his admission of taking of nude photographs of at least 4 other women prior to November 30, 2001, I consider Ms. Ejchorszt's description of events on November 30, 2001, to be more plausible and accurate than that of Lt. Daigle. Lt. Daigle twice met with this female volunteer and required that she remove her shirt and bra not only without any female present, but also without any other Department member present. He did so after the operation when, by his own account, he had identified Ms. Ejchorszt as the individual who had stalked Officer Camp and who had an infatuation with members of the Department in general; of note, had Lt. Daigle been so concerned with Ms. Ejchorszt's integrity, demeanor and credibility as a participant in the operation, logic would have dictated that he cease the operation and tread with particular care when discharging her from her duties. Regardless whether or not Lt. Daigle actually took photographs of Ms. Ejchorszt topless or in her bra, he no doubt attempted to take the photographs and purposefully conveyed to Ms. Ejchorszt the impression that he took such photographs.

Lt. Daigle has engaged in conduct unbecoming a police officer, violation of the City's sexual harassment policy, violation [by analogy from an individual arrested to a volunteer] of the Department's strip search policy,

111

failure to conform to the police code and canon of ethics, inappropriate use of his official position, failure to adhere to the Department's missions, goals and objectives [inclusive of fostering public confidence], neglect of duty, incompetence and extraordinarily poor judgment.