Not Reported in A.2d                                                                                                          Page 1
Not Reported in A.2d, 2005 WL 2277114 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

Briefs and Other Related Documents
Logan v. AdamsConn.Super.,2005.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut,Judicial District of New Haven.
Pebbles LOGAN
v.
Van Mackensie ADAMS et al.
No. CV030477815.

Aug. 24, 2005.

Kinney & Secola, New Haven, for Pebbles Logan.
New Haven Corporation Counsel, New Haven, for New Haven City of Board of Education.
DEVLIN, J.
**\*1** In this lawsuit, the plaintiff, Pebbles Logan, seeks damages for severe emotional trauma and related injuries from her high school teacher, Van Mackensie Adams (Adams), the City of New Haven (City) and the New Haven Board of Education (Board). The gravamen of the plaintiff's Second Amended Revised Complaint is that Adams repeatedly engaged in sexual intercourse with her while she was a minor and a student at Career High School in New Haven. (Second Amended Revised Complaint, ¶ 9.)

In the present motion, the City moves to strike the Second, Third, Fourth and Fifth counts of the Second Amended Revised Complaint. The plaintiff objects to the motion. For the reasons set forth below, the motion is granted.

*DISCUSSION*

*A.*

*STANDARD*

The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). For purposes of a motion to strike, the moving party admits all facts well pleaded. RK Constructors v. Fusco Corp., 231 Conn. 381, 383 n. 2 (1994). Conclusions of law unsupported by the facts alleged, however, are not admitted. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992). Moreover, the court must construe the facts in the complaint most favorably to the plaintiff. Faulkner v. United Technologies Corp., 240 Conn. 576, 580 (1997).

*B.*

*Second Count: Indemnification under § 7-465*

In the second count, the plaintiff alleges that, pursuant to General Statutes § 7-465, the City is required to indemnify Adams and pay on his behalf any damages awarded to the plaintiff. The City asserts that § 7-465 is inapplicable to the facts alleged by the plaintiff.

As relevant here, § 7-465 provides as follows:

Any ... city ... shall pay on behalf of any employee of such municipality ... all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded ... for physical damage to person ... if the employee at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, *and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee* in the discharge of such duty ...

General Statutes § 7-465(a), (Emphasis added).

The City asserts that the allegation that Adams, a high school teacher, was having sexual intercourse with a student is a wilful or wanton act outside of the indemnification provided by § 7-465. The plaintiff asserts that the nature of Adams' conduct is an issue of fact that should not be resolved on a motion to strike.

Our Supreme Court has stated that "the plain and unambiguous language of § 7-465 provides that a muni-

cipality is not obligated to pay damages if the employee was acting in a wilful or wanton manner. *West Haven v. Hartford Ins. Co.,* 221 Conn. 149, 156 (1992). Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct. *Dubay v. Irish,* 207 Conn. 518, 533 (1988).

**\*2** In the present case, the conduct of Adams as alleged in the complaint, is not only wilful and wanton but criminal. General Statutes § 53a-71(a)(8) provides:
A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (8) the actor is a school employee and such other person is a student enrolled in a school in which the actor works or a school under the jurisdiction of the local or regional board of education which employs the actor.

Section 53a-71(a)(8), see also General Statutes § 53a-73a(a)(6) (defining sexual assault in the fourth degree to include sexual contact between a teacher and student).

The plaintiff explicitly alleges that, while a student, her teacher, Adams, had sexual intercourse with her. Although labeled as negligent conduct, such acts clearly fall within the above-stated Penal Code definitions of crimes. Accordingly, such conduct is outside the indemnification requirements of § 7-465.

The motion to strike the second count is granted.

C.

*Third Count-Direct Action Against Board of Education*

In the third count, the plaintiff seeks indemnification for Adams' conduct from the Board pursuant to General Statutes § 10-235. This court agrees with the majority view that § 10-235 does not authorize a direct action against a board of education by an injured plaintiff. See, e.g., *Parsons v. West Hartford Board of Education,* Superior Court, judicial district of Hartford, Docket No. 533484 (September 16, 1994) (Corradino, J.) 13 Conn. L. Rptr. 52.

The motion to strike the third count is granted.

D.

*Fourth Count-Indemnification under § 52-557n(a)(1)(A)*

General Statutes § 52-557n(a)(1)(A) provides that Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee officer or agent thereof acting within the scope of his employment or official duties.

Section 52-557n(a)(1)(A). The statute goes on to state:Except as otherwise provided by law, a political subdivision of the state shall not be liable for damage to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct ...

Section 52-557n(a)(2).

In the fourth count, the plaintiff, pursuant to § 52-557n(a)(1)(A), seeks to hold the Board liable for the acts of Adams. As stated above, the conduct of Adams, as alleged in the complaint, is criminal conduct and within the explicit exception set forth in § 52-557n(a)(2).

The motion to strike the fourth count is granted.

E.

*Fifth Count-Indemnification under § 7-465*

In the fifth count, the plaintiff alleges that the City is liable for negligently failing to: supervise Adams, evaluate his fitness to teach, check his background; and related claims. The plaintiff seeks to recover damages against the City pursuant to § 7-465. The plaintiff has not brought a count against any specific City employee. Unlike the other counts, this fifth count does not seek to hold the City liable for Adams' conduct but rather for the acts of another unidentified person.

**\*3** Liability of a municipality under § 7-465 is derivative in nature. To invoke § 7-465 a plaintiff must

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"first allege in a separate count and prove the *emuloyee's* duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Emphasis in original.) *Sestito v. Groton,* 178 Conn. 520, 527 (1979); Accord, *Altfeter v. Naugatuck,* 53 Conn.App. 791, 799 (1999); *Gaudino v. East Hartford,* 87 Conn.App. 353, 356-57 (2005).

In the present case, the plaintiff has failed to allege the negligence of any specific City employee in the hiring and supervision of Adams. Accordingly the motion to strike the fifth count must be granted.

*CONCLUSION*

For the reasons set fort above, the City's motion to strike is granted.

So Ordered at New Haven, Connecticut this 24th day of August 2005.

Conn.Super.,2005.
Logan v. Adams
Not Reported in A.2d, 2005 WL 2277114 (Conn.Super.)

Briefs and Other Related Documents (Back to top)

• NNH-CV-03-0477815-S (Docket) (May 21, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.