UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELANIE WILSON | : |
| | : |
| VS. | :    NO. 3:02cv1026(CFD) |
| | : |
| CITY OF NORWICH | : |
| and JAMES F. DAIGLE, JR. | :    JANUARY 13, 2008 |

**PLAINTIFF'S REQUESTS TO CHARGE**

The plaintiff respectfully requests the Court to charge the jury as follows:

1. The plaintiff has brought this lawsuit to obtain redress for what She contends were violations of her rights under Connecticut law and under the United States Constitution, specifically her rights to be free from invasion of privacy, sexual harassment, misrepresentation, infliction of emotional distress and denial of substantive due process of law. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, a police officer. State law provides that any person injured in ways prohibited by the law may recover fair, just and reasonable compensation for the injuries

caused by such wrongdoing whether or not the perpetrator is acting under color of law.  Therefore, as to the state law claims, you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

  2.  It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of her rights in order to find in favor of the plaintiff.  The plaintiff is entitled to relief if the defendant intended the actions which resulted in the violation of the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

  3.  The testimony of a police officer is entitled to no special or exclusive sanctity.  An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the

case of police officers you should not believe them merely because they are so employed. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, <u>CONN. JURY INSTRUCTIONS</u>, (2d Ed.) §667.]

    4. If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

a) The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

c) Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred.  Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.  You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.  The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607,

611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    5. You may also decide whether the plaintiff is entitled to the award of any punitive damages. In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

    1) Willful or malicious violation of the constitutional rights of the plaintiff;

    2) Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

    3) Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages. [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

6. The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

7. The plaintiff also is entitled to be awarded punitive damages in connection with her state law claims if she has proven to you that the conduct of the defendant had one of these characteristics, that is, that it resulted from an intention to harm her or from a reckless indifference to her rights, then she is entitled to have you add to the damages given in compensation for her losses and injury an additional sum as punitive damages. The measure of state law punitive damages is more limited than federal law punitive damages. Federal law punitive damages are limited only by what is fair and reasonable. The limitation of state law punitive damages, however, is the reasonable expense

which the plaintiff has incurred, including attorney fees, in prosecuting this action. [Berry v. Loiseau, 223 Conn. 786-811 (1992); Venturi v. Savitt, Inc., 191 Conn. 588, 592 (1983); Collens v. New Canaan Water Co., 155 Conn. 477, 489-90 (1967).] The court, that is the judge, is best able to determine what that number is; so if you determine that the plaintiff is entitled to punitive damages on her state law claims, you will simply state that fact and I will determine the appropriate amount of those damages at a later time.

      8.  Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully.  When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of wrongdoing.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.  A statement or act is

"knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.   [Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978); United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d 435 (9th Cir. 1976); Opper v. United States, 348 U.S. 84, 92 (1954); Wilson v. United States, 162 U.S. 613, 620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]

     9.  If you find that the defendant not only made a false statement or explanation tending to show his innocence, but has made that statement to a law enforcement officer, then you may consider that to be evidence not only of the defendant's consciousness of his own wrongdoing but independent evidence that in fact he did violate the plaintiff' rights in the manner alleged in the Complaint.  False exculpatory statements made to law enforcement officials are circumstantial evidence and have independent probative force.  In other words, if you find that a defendant has knowingly made a false statement to a law enforcement officer, which if true would have tended to establish the innocence of the defendant, you may consider that false statement as independent evidence that the defendant actually committed the constitutional violation

alleged in the Complaint.  [United States v. Durrani, 835 F.2d 410, 424 (2d Cir. 1987).]

    10.  The plaintiff alleges that the defendant inflicted emotional distress upon her in violation of Connecticut law.  Under Connecticut law, when a person engages in conduct which involves an unreasonable risk of causing emotional distress to another and that emotional distress is of a kind which, if caused, might adversely affect the plaintiff in a serious way, and the plaintiff actually has suffered such emotional injury, then the plaintiff is entitled to recover any damages which you determine are fair and just to compensate for the emotional distress she has suffered.  It is not necessary for there to be any physical injury in order for the plaintiff to recover.  All that is necessary is that the conduct of the defendant have been outrageous, that it have been undertaken under such circumstances that a reasonable person would have known that it was likely to cause emotional distress, and that severe emotional distress actually has resulted.  If you find these facts to have been proven, then the defendant should be found liable to the plaintiff for the intentional infliction of emotional distress under Connecticut state law.  [Buckam v. People Express, Inc., 205 Conn. 166, 173 (1987); Murray v. Bridgeport Hospital, 40 Conn.Sup. 56 (Conn.Super. 1984); Buckley v. Lovallo, 2 Conn. App. 579 (1984); Petyan v. Ellis, 200 Conn. 243 (1986).]

11. One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns, is subject to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person. Therefore, if you find that the defendant Daigle intruded upon the private affairs of Ms. Wilson in a manner that a reasonable person would find highly offensive, you should find him liable for invasion of her privacy. [3 Restatement (Second) of Torts, § 652B (1997). Cited with approval in Anderson v. Drapp, 2003 WL 22205645, 35 Conn. L. Rptr. No. 11, 415 (2003).]

12. The right to privacy is protected by the Fourteenth Amendment to the United States Constitution if the victim's privacy is invaded by a police officer under color of law. The right of privacy specifically extends to privacy in one's unclothed body. When a police officer, acting as such, photographs the unclothed body of another for his own gratification or the gratification of others, he violates the federal constitutional privacy rights of the person he photographed. Therefore, if you find that the defendant Daigle intentionally photographed Ms. Wilson's unclothed body for his own gratification or that of others, you must find that he has violated Ms. Wilson's constitutional right to privacy. [Whalen v. Roe, 429 U.S. 589, 599 (1977); Poe v. Leonard, 282 F.3d 123 (2nd Cir. 2002).]

        THE PLAINTIFF


BY        /s/
      JOHN R. WILLIAMS (ct00215)
      51 Elm Street, Suite 409
      New Haven, CT 06510
      (203) 562-9931
      FAX: (203) 776-9494
      E-Mail: jrw@johnrwilliams.com
      Her Attorney


CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


        /s/
JOHN R. WILLIAMS