UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | CIVIL ACTION<br>NO 3:02CV1026 (CFD) |
| V | : | |
| CITY OF NORWICH,<br>LOUIS T. FUSARO and<br>JAMES F DAIGLE JR | :<br>:<br>: | JANUARY 21. 2008 |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Federal Rule of Civil Procedure 51. the defendant. James Daigle. Jr submits the following requests for jury instructions This defendant reserves the right to supplement. modify and/or withdraw these requested instructions

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

PROPOSED JURY INSTRUCTION NO 1: SYMPATHY[1/]

Under your oath as jurors. you are not to be swayed by sympathy You should be guided solely by the evidence presented during the trial. without regard to the consequences of your decision

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence If you let sympathy interfere with your clear thinking. there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial You must make a fair and impartial decision so that you will arrive at a just verdict

1/ Leonard B. Sand. et al Modern Federal Jury Instructions, ¶ 71 01 at 71-20 (1995) (hereinafter "3 Sand")

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## PROPOSED JURY INSTRUCTION NO. 2: PUBLICITY DURING THE TRIAL[2/]

If there is publicity about this trial, you must ignore it Do not read anything or listen to any television or radio programs about the case You must decide this case only from the evidence presented in the trial

2/ Kevin F O'Malley, Jay E Grenig and Hon William C. Lee, Federal Jury Practice and Instructions: Civil, § 101 19, at 45 (5th ed 2000) (hereinafter "3 O Malley")

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. 3: CONSIDERATION OF THE EVIDENCE**

I am now going to instruct you as to what is part of the evidence in this case for you to consider in reaching a verdict.

The evidence in this case consists of the sworn testimony of each of the witnesses, regardless of which party called the witnesses It also consists of each document that was admitted into evidence by the Court as an exhibit, regardless of which party submitted the document

Some evidence is admitted for a limited purpose only When I instructed you during the trial that an item of evidence is admitted for a limited purpose, you must consider it only for that limited purpose and for no other [3/]

You are to consider only the evidence in the case But in your consideration of the evidence, you are not limited to the bald statements of the witnesses In other words, you are not limited to what you see and hear as the witnesses testify You are permitted to draw from the facts you find have been proved such reasonable inferences as you feel are justified in the light of your experience Finally, you must decide the case, not on the basis of fragments or parts of the evidence, but upon the testimony of

---

3/ Edward J Devitt, et al., Federal Jury Practice and Instructions, § 70.03, at 8 (4th ed 1987) (hereinafter "Devitt") See Ninth Circuit Pattern Jury Instructions, Instructions Nos 1 3-1 6, 3 2-3 3, 3 5

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[4/]

I am now going to instruct you as to what is not evidence in this case. Any evidence as to which an objection is sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded by you.[5/] If I sustained an objection to a question addressed to a witness, you are to disregard the question entirely -- you are not to draw any inference from the wording of the question, or speculate as to what the witness would have said if permitted to answer the question.[6/]

Anything you may have heard or seen outside the courtroom is not evidence, and must be entirely disregarded.[7/]

Furthermore, statements and arguments of counsel are not evidence in this case, unless made as an agreement or stipulation of fact.[8/] In particular, statements made by counsel in their opening or closing remarks or in the asking of questions of witnesses do not constitute any evidence whatsoever in the case and should be disregarded by you as proof of any facts. You should attach no weight to inferences from questions, apart from the sense and meaning of the answers.

---

4/ Devitt, § 70.03, at 7-8.

5/ Devitt, § 70.03, at 8.

6/ Adapted from Devitt, § 70.01, at 3.

7/ Devitt, § 70.03, at 8.

8/ Devitt, § 70.03, at 8.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

It is the duty and the right of counsel to address you and explain the testimony to enable you better to understand the questions that you are to decide However if counsel inadvertently misstates the law or misstates the evidence. you will follow the law as given to you by the Court in these instructions and not as stated by counsel And you will take the evidence detailed by the witnesses and shown by the documents introduced instead of the statements of counsel

During the course of this trial. you have heard the various attorneys objecting to questions of other counsel When the other side offers testimony or other evidence the attorney believes was not properly admissible, it is his or her right and duty to object. When I overruled the objection by allowing the testimony or other evidence to be introduced into evidence. I was not expressing any opinion as to the weight or effect of such evidence The attorneys were raising objections that I either accepted or rejected [9/]

9/ Adapted from Devitt. § 70 01 at 3

One Goodwin Square
225 Asylum Street
Hartford CT 06103

Halloran & Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

PROPOSED JURY INSTRUCTION NO 4: BURDEN OF PROOF[10/]

In a civil action like this. the plaintiff must prove every essential element of her claim by a fair preponderance of the evidence If the proof fails to establish any essential element of the plaintiff's claim by a fair preponderance of the evidence. the jury must find for the defendants as to that claim The defendants have the same burden of proof as to their affirmative defenses

To "establish by a fair preponderance of the evidence" means to prove that something is more likely so than not so In other words. a fair preponderance of the evidence in the case means such evidence as. when considered and compared with the evidence opposed to it. is more convincing and makes you believe that what is sought to be proved is more likely true than not true

In determining whether any fact in issue has been proved by a fair preponderance of the evidence in this case. you may. unless otherwise instructed. consider the testimony of all witnesses. regardless of who may have called them. and all exhibits received in evidence. regardless of who may have produced them

If you should find that all of the evidence is evenly balanced. then the plaintiff has failed to sustain the burden of proof and your verdict must be for the defendants

---

10/ Adapted from Devitt, § 72 01, at 31-32. See Ninth Circuit Pattern Jury Instructions Instructions Nos 1.13. 5.1; Manuel of Model Civil Jury Instructions for the District Courts of the Eighth Circuit. Instruction No. 3 04 (2001) (hereinafter "Eighth Circuit Pattern Jury Instructions")

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then she has met the burden of proof.[11/]

11/ Adapted from 3 Sand, ¶ 75.01, at 75-7.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

PROPOSED JURY INSTRUCTION NO 5: INVASION OF PRIVACY

Now that I have instructed you on the procedural aspects of the case. I will instruct you on the substance of the case

In this case the plaintiff has alleged that the taking of nude photographs by Daigle constituted an invasion of her privacy in that Daigle wrongfully appropriated the plaintiff's nude photographs under false pretenses and that these photographs were an intrusion on her physical solitude or seclusion

The law in the State of Connecticut finds that the right to privacy is invaded if a person unreasonably and seriously interferes with another's interest in not having her likeness exhibited to the public Liability exists if the conduct was such that Daigle would have realized it to be offensive to persons or ordinary sensibilities As important is that the photographs were exhibited to the public and without her permission and thereby was "subjected to ridicule. embarrassment. vexation. and humiliation " [10]

You must determine whether. in light of the circumstances described and the evidence presented. Mr Daigle should have realized that it would be offensive to a person of the plaintiff's sensibilities Secondly. again. keeping in mind the circumstances described and the evidence presented. you must determine whether the photographs were publicized to cause the plaintiff to be subject to ridicule. embarrassment. vexation. and humiliation It is not enough that the plaintiff perceived the invasion but that the invasion actually occurred

---

[10] Korn v. Rennison. 21 Conn Sup 400

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

PROPOSED JURY INSTRUCTION NO 6: CONSENT[13]

Lack of consent is an essential element to these claims of Invasion of Privacy 'Consent' implies willingness. voluntariness. free will. reasoned or intelligent choice. or an active act of concurrence Consent may be express or implied You must determine whether -- under all the circumstances -- the plaintiff submitted to the photographs taken by Mr Daigle on both occasions. either voluntarily. intelligently and by an active concurrence

13/ Neal v. Neal. 125 Idaho 627, 635, 873 P.2d 881 (Idaho App 1993); People v Whitten. 269 Ill.App.3d 1037, 1044, 647 N E 2d 1062 (Ill App. 5 Dist . 1995)(referring to Black's Law Dictionary 377 (4th ed 1968))

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## PROPOSED JURY INSTRUCTION NO. 7: INTENTIONAL MISREPRESENTATION

In order for the plaintiff to sustain her burden of proof in an action for Intentional Misrepresentation, the plaintiff must prove: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to its injury [20]

[20]/ Updike, Kelly, & Spellacy, P.C. v. Beckett, 269 Conn. 613, 643 (2004)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO 8: 42 U S C. § 1983 - THE STATUTE[21]**

The plaintiff has alleged that Mr Daigle violated her constitutional rights, specifically her Equal Rights as guaranteed to her by both the constitution of the United States of American and the constitution of the State of Connecticut Federal civil rights law provides a remedy for individuals who have been deprived of their constitutional rights under color of state law Section 1983 of Title 42 of the United States Code states

> Every person who. under color of any statute. ordinance, regulation, customer usage of any state . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights. privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law. suit in equity. or other proper proceeding for redress

To establish a claim under Section 1983. the plaintiff must establish by a preponderance of the evidence. each of the following four elements First. the defendant Mr Daigle acted under color of the authority of the State of Connecticut. In this case. the defendants contend that the actions of the defendant Mr Daigle did not occur while he was acting under color of law or within the scope of his employment at a police officer for the City of Norwich Second. that the defendants deprived the plaintiff of her rights. privileges or immunities secured by the Constitution or laws of the United States In this

---

21/ Adapted from 4 Sand, ¶ 87 03 at 87-65 See Parratt v Taylor. 451 U S. 527. 535 (1981). overruled on other grounds, Daniels v Williams. 474 U S 327 (1986); Baker v. McCollan. 443 U S 137. 144 n 3 (1979)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

regard. the plaintiff claims that the defendants violated her Equal Rights I will discuss this element further in a moment. Third. that defendant's actions were the proximate cause of the injuries and consequent damages sustained by the plaintiff Fourth. that the actions of the defendant which caused the alleged injury or loss claimed by the plaintiff were intentional and purposeful If you find that the defendants were merely negligent or failed to exercise due care. that is insufficient to establish a civil rights violation Unless you find that the plaintiff has proven each of these elements by preponderance of the evidence. you must return a verdict for the defendants.[22]

---

[22]/ Dodd. v. Norwich, 827 F.2d 1, 8 (2d Cir. 1987); Baker v McCollan, 443 U.S. 137, 139-40. 99 S Ct. 2689, 2692 (1979); Daniels v. Williams, 474 U.S. 327. 106 S Ct 662 (1986); Brower v. Inyo County. 489 U S 593. 596. 109 S Ct. 1378. 1381 (1989)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. 9:**
**FIRST-ELEMENT - ACTION UNDER COLOR OF STATE LAW**[17/]

The first element of the plaintiff's claim is that the defendants acted under color of state law The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute. ordinance. regulation. custom or usage. of any state (or territory or the District of Columbia) The term "state" encompasses any political subdivision of a state. such as a county or city. and also any state agencies or a county or city agency

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state Section 1983 forbids action taken under color of state law where the actor misuses power that he or she possesses by virtue of state law

An actor may misuse power that he or she possesses by virtue of state law even if his or her acts violate state law; what is important is that the defendant was clothed with the authority of state law. and that the defendant's action was made possible by virtue of state law

In order for an act to be under color of state law. the act must be of such nature and committed under such circumstances that it would not have occurred except for the fact that the defendants were clothed with the authority of the state - that is to say. the

---

17/ 4 Sand, ¶ 87.03[2], at 87-69, 87-71. See 3B O'Malley. § 165 40 at 636-37; Ninth Circuit Pattern Jury Instructions Instruction No 11 2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

defendants must have purported or pretended to be lawfully exercising their official power while in reality abusing it.

The act of a state official in pursuit of his or her personal aims that is not accomplished by virtue of his or her state authority is not action under color of state law merely because the individual happens to be a state (officer)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. 10:
SECOND ELEMENT - DEPRIVATION OF RIGHT**

The second element of the plaintiff's claim is that she was deprived of a constitutional right by one or more of the defendants In order for the plaintiff to establish the second element. she must show these things by a fair preponderance of the evidence: first. that a defendant committed the acts alleged by the plaintiff; second. that those acts caused the plaintiff to suffer the loss of a constitutional right; and. third. that. in performing the acts alleged. the defendant acted intentionally or recklessly If the plaintiff proves that the defendant acted negligently. the defendant cannot be held liable

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. 11:**
**THIRD-ELEMENT- PROXIMATE CAUSE** [18/]

The third element which the plaintiff must prove is that one or more of the defendants' acts were a proximate cause of the injuries sustained by her A "proximate cause" is defined by the law as a cause which. in natural or continuous sequence. unbroken by any intervening cause. produces the injury and without which the injury would not have occurred Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff

In order to recover damages for any injury. the plaintiff must show by a fair preponderance of the evidence that such injury would not have occurred without the conduct of the defendant

A defendant is not liable if the plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury

---

18/ Adapted from 4 Sand, ¶ 87.03 at 87-79; 3B O'Malley § 121 60 at 265; Ronald W. Eadas. Jury Instructions on Damages in Tort Actions. § 1.05 [1] (5th ed 2003) ("Eades"). See Noga v. Potenza, 221 F Supp. 2d 345 352 (N D N Y 2002)

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. 12:**
**FOURTH ELEMENT STATE OF MIND - GENERAL** [19/]

In addition to your consideration of the elements. I instruct you that. to establish a claim under Section 1983. the plaintiff must show that one or more of the defendants acted intentionally or recklessly If you find that the acts of a defendant were merely negligent. then. even if you find that the plaintiff was injured as a result of those acts. you must return a verdict for that defendant

---

19/ 4 Sand, ¶ 87.03 at 87-75; Wright & Ankerman, § 690, at 1067-68. See Ninth Circuit Pattern Jury Instructions, Instruction No. 11.1. See also Brower v. Inyo County, 489 U.S. 593. 596 (1989); Daniels v. Williams, 474 U S. 327, 330-33 (1986); Medeiros v. O'Connell. 150 F.3d 164 (2d Cir. 1997); Ansley v. Heinrich, 925 F 2d 1339 1344 (11th Cir 1991); Dodd v. City of Norwich. 827 F 2d 1. 3 (2d Cir 1987)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

PROPOSED JURY INSTRUCTION NO. 13: STATE OF MIND - INTENTIONAL [20/]

An act is intentional if it is done knowingly. that is if it is done voluntarily and deliberately and not because of a mistake. accident. negligence or other innocent reason In determining whether each defendant acted with the requisite state of mind. you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do. there is no way of looking into a person's mind Therefore. you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts

---

20/ Adapted from 4 Sand ¶ 87 03 at 87-76 See Wright & Ankerman. § 690. at 1067-68.

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO 14: STATE OF MIND - RECKLESSNESS [21]**

An act is reckless if done in conscious disregard of its known probable consequences In determining whether a defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts

---

21/ Adapted from 4 Sand, ¶ 87 03 at 87-77

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

**PROPOSED JURY INSTRUCTION NO 15: STATE OF MIND - NEGLIGENCE** [22/]

An act is negligent if a defendant was under a duty or obligation, recognized by law, that required him or her to adhere to a certain standard of conduct to protect others against unreasonable risks, and he or she breached that duty or obligation

Again, if you find that the plaintiff has established that a defendant was negligent, the plaintiff has failed to establish a Section 1983 case against that defendant and you must enter a verdict in favor of that defendant

22/ Adapted from 4 Sand ¶ 87 03 at 87-78.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

**PROPOSED JURY INSTRUCTION NO. 16:**
**PREPONDERANCE OF THE EVIDENCE**

The mere fact that a plaintiff is here in court with claims for damages against the defendant does not in and of itself prove the truth of her allegations; nor does it necessarily follow that her claims have merit Rather, in order for the plaintiff to recover from the defendant, she must prove each and every essential element of her claims by what is described in the law as a "preponderance of the evidence" If you find that any of the elements of plaintiff's case has not been proven by a preponderance of the evidence, you must return a verdict for the defendant

This rule does not require proof to an absolute certainty; proof to an absolute certainty is seldom possible in any case Rather, to prove a fact by a fair preponderance of the evidence means to prove that something is more likely so than not so In other words, a preponderance of the evidence means that kind of evidence, which, when compared with the evidence opposed to it, has more convincing force, and produces in your mind a belief that what is claimed is more likely true than not true

Accordingly, if after weighing all the evidence bearing on the question of the defendant's liability in this case you find that what the plaintiff claims to be true is more likely true than not true, then the plaintiff will have met her burden of proof On the other hand, if you find that all the evidence bearing on the question of the defendant's liability is evenly balanced, then the plaintiff will have failed to meet her burden of proof

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Of course. it is impossible literally to weigh the evidence on a pair of scales Nevertheless. it may be helpful to you in discharging your duty if you ask yourselves with respect to each disputed issue of fact how all the evidence would balance if you placed it on an imaginary pair of scales If all the evidence presented by both sides on a particular issue of fact caused the scales to strike an even balance. then a plaintiff would have failed to meet her burden of proof on that issue In other words. if you cannot determine whether an allegation of fact has been proved or not proved. you should find for the defendant on that issue

The plaintiff. if she is to prevail. must prevail because of the strength of her own case She cannot prevail by reason of the weakness of the defendant's case The burden of proof in this proceeding is upon the plaintiff to prove the material allegations of her complaint. by a fair preponderance of the evidence

Moreover. if you should find that the plaintiff upon any point has failed to sustain the burden of proof. as I have just described to you. then such point or points must be decided in favor of the defendant even though the defendant failed to produce any evidence in contradiction or the defendant's evidence in this respect was weak or uncertain [23]

---

23 Thaw v. Fairfield. 132 Conn. 173 (1945)

One Goodwin Square
225 Asylum Street
Hartford. CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. 17:**
**EXPERT WITNESSES – GENERALLY[24]**

You have heard testimony from several witnesses An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts

Ordinarily, a witness cannot give an opinion about anything, but rather is limited to testimony as to the facts in that witness' personal knowledge The experts in this case have given opinions However the fact that these witnesses may qualify as experts does not mean that you have to accept their opinions You can accept their opinions or reject them

In making your decision whether to believe an expert's opinion, you should consider the expert's education, training and experience in the particular field; the information available to the expert including the facts the expert had and the documents or other physical evidence available to the expert; the expert's opportunity and ability to examine those things; the expert's ability to recollect the activity and facts

---

24/ See 3 Leonard B, Sand et al., Modern Federal Jury Instructions, ¶ 76.01 at 76-25 (hereinafter "Sand"); 3 Edward J. Devitt et al., Federal Jury Practice and Instructions, § 72.08 at 39-40 (hereinafter "Devitt"); Connecticut Civil Jury Instructions No 1-41 (2001) (available online at www.jud.state.ct.us/civiljury/1-36)

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

that form the basis for the opinion; and the expert's ability to tell you accurately about the fact, activity and the basis for the opinion

You should ask yourselves about the methods employed by the expert and the reliability of the result. You should further consider whether the opinions stated by the expert have a rational and reasonable basis in the evidence Based on all of those things together with your general observation and assessment of the witness, it is then up to you to decide whether or not to accept the opinion You may believe all, some or none of the testimony of an expert witness In other words, an expert's testimony is subject to your review like that of any other witness [25]

In weighing the expert's testimony, you may also consider the expert's reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony You should not, however, accept this witness' testimony merely because he or she is an expert Nor should you substitute it for your own reason, judgment, and common sense You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed

---

25/ Connecticut Civil Jury Instructions No 1-41 (2001) (available online at www.jud.state.ct.us/civiljury/1-41)

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

by other evidence. you may disregard the opinion entirely    The determination of the
facts in this case rests solely with you

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. 18:**
**CONSIDER DAMAGES ONLY IF NECESSARY**[26]

If the plaintiff has proven by a fair preponderance of the credible evidence that the defendant is liable on her claim, then you must determine the damages, if any, to which the plaintiff is entitled However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to a recovery

In considering damages, you must continue to remember that the plaintiff must prove her damages, if any, by a fair preponderance of the evidence and that a plaintiff is entitled to recover only those compensatory damages which she has proven by a fair preponderance of the evidence

In determining damages, if you have occasion to do so, you must not allow yourselves to be influenced by passion, prejudice, or sympathy for one side or the other

You must base your award solely on a fair and impartial consideration of all the evidence [27]

---

26/ Adapted from 3 Sand. ¶ 77 01 at 77-2

27/ Eades. § 104 [1]

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO 19: LIABILITY TO BE DETERMINED FIRST[28]**

In your deliberations you must not discuss damages unless and until you have first. in accordance with these instructions. determined that a defendant is liable to the plaintiff

[28]/ Eades § 1 05 [1]

- 28 –

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

PROPOSED JURY INSTRUCTION NO. 20: COMPENSATORY DAMAGES[29]

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights If you find that the defendants are liable on the due process claim, as I have explained it, then you must award the plaintiff sufficient damages to reasonably and fairly compensate her for any injury proximately caused by the defendant's conduct

These are known as "compensatory damages" Compensatory damages seek to make a plaintiff whole -- that is, to compensate her for the damage that she has suffered

I remind you that you may award compensatory damages only for injuries that the plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct The damages that you award if any, must be fair and reasonable, neither inadequate nor excessive You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered or which he is reasonably likely to suffer in the near future

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense

Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork On the other hand, the law does not require a plaintiff

29/ Adapted from 3 Sand ¶ 77 01 at 77-7 See 3B O'Malley, at 165 70 at 644-45

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to prove the amount of her losses with mathematical precision. but only with as much definiteness and accuracy as the circumstances permit.

In all instances. you are to use sound discretion in fixing an award of damages. drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence

If you find that the defendant is liable to the plaintiff as to the claim advanced. and only if you find that a defendant is so liable. you must then determine the amount of damages due to the plaintiff Just because I instruct you on damages does not mean that you must award damages. or that I have an opinion as to whether you should award damages

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. 21:**
**EFFECT OF INSTRUCTION AS TO DAMAGES[30]**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case Instructions as to the measure of damages are given for your guidance only in the event that you should find in favor of the plaintiff from preponderance of the evidence in the case in accordance with the other instructions

[30]/ O'Malley. § 106 02

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

PROPOSED JURY INSTRUCTION NO. 22: PUNITIVE DAMAGES[31]

MEMBERS OF THE JURY:

Now that you have returned a verdict in favor of the plaintiff and awarded her damages, we must begin a second phase of the trial. This phase will be shorter than the first phase.

In addition to the damages you have awarded the plaintiff, you may, but are not required to award a separate and additional award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him or her from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a fair preponderance of the evidence that the defendant acted maliciously or wantonly with regard to the plaintiff's rights.

---

31/ Adapted from 4 Leonard B. Sand at al., Modern Federal Jury Instructions, ¶ 87.03 at 87-92 (1995). See Ninth Circuit Pattern Jury Instructions, Instruction No. 7.5; Eighth Circuit Pattern Jury Instructions, Instruction No. 4.53; 3B O'Malley, § 165.71 at 649.

The defendant has or will file a motion to bifurcate the determination, if necessary, of punitive damages from the remainder of the trial. This proposed instruction is submitted, if that second phase is necessary.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

An intent to injure exists when a defendant has a conscious desire to violate federal rights of which he or she is aware. or when a defendant has a conscious desire to injure the plaintiff in a manner he or she knows to be unlawful A conscious desire to perform the physical acts that caused the plaintiff's injury. or to fail to undertake certain acts. does not by itself establish that the defendant has a conscious desire to violate rights or injure the plaintiff unlawfully

If you find by a fair preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure her or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights. then you may award punitive damages An award of punitive damages. however. is discretionary; that is. if you find that the legal requirements for punitive damages are satisfied. then you may decide to award punitive damages. or you may decide not to award them

In making this decision. you should consider the underlying purpose of punitive damages Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him or her and others like him or her from performing similar conduct in the future Thus in deciding whether to award punitive damages. you should consider whether the defendant may be adequately punished by an award of actual damages only. or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent the defendant

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

from again performing any wrongful acts he or she may have performed. or whether punitive damages are necessary to provide deterrence Finally. you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed

If you decide to award punitive damages. these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages That is. in fixing the sum to be awarded. you should consider the degree to which the defendant should be punished for his or her wrongful conduct. and the degree to which an award of one sum or another will deter the defendant or persons like him or her from committing wrongful acts in the future

The extent to which a particular sum of money will adequately punish a defendant. and the extent to which a particular sum will adequately deter or prevent future misconduct. may depend upon the financial resources of the defendant against which damages are awarded Therefore. if you find that punitive damages should be awarded against the defendant. you may consider the financial resources of the defendant in fixing the amount of such damages

If you find that punitive damages are appropriate. you must use reason in setting the amount. Punitive damages. if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias. prejudice or sympathy toward any party [32]

---

[32]/ Ninth Circuit Pattern Jury Instructions. Instruction No 7 5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In sum. punitive damages may be awarded for violations of the plaintiff's constitutional rights only in cases of malicious action in gross disregard of those rights [33] Punitive damages for constitutional violations are not a favorite in law and should be awarded only with caution and within narrow limits [34]

---

[33]/ Gagne v. Town of Enfield, 734 F 2d 902 903 (2d Cir 1984) (quoting charge by Cabranes. J )

[34]/ Id.

One Goodwin Square
225 Asylum Street
Hartford. CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. 23:**
**RELATIONSHIP BETWEEN PUNITIVE AND COMPENSATORY DAMAGES**

The amount to be awarded as punitive damages, if you award them, is for your good discretion The law does not offer any precise formula for determining a relationship between compensatory and punitive damages They should not be totally disproportionate to the compensatory damages [35] You may not base your award under influences such as passion, prejudice, or undue sympathy for either plaintiff or defendant.

However, in deciding on an appropriate figure, you should give due consideration to the degree of outrageousness of the conduct involved

The court relies on your good judgment, if punitive damages are to be awarded, in arriving at a sum which, considering all the circumstances including defendant's financial status, will serve not only to punish, but also to deter similar wrongdoing in the future

---

[35]/ Accord BMW of N. Amer., Inc. v. Gore, 517 U S 559 575-76 (1996)

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24:**
**SEXUAL HARASSMENT - HOSTILE ENVIRONMENT**

I will now charge you on the law regarding the plaintiff's claims that she was subjected to sexual harassment

In order to prevail on claims of sexual harassment multiple standards must be achieved First. the plaintiff must show an agency relationship in that the defendant. James Daigle. was her employer If Mr Daigle is determined to be the employer then to succeed on her claims of sexual harassment the Plaintiff must prove. by a preponderance of the evidence. each of the following elements:

*First* The plaintiff suffered from intentional discrimination because of his sex by the intentional conduct of HARASSER consisting of conduct of an unwelcomed sexual motive. such as unwelcome sexual propositions. sexual innuendo. the display of sexually explicit materials. or sexually derogatory language; and.

*Second*: This alleged conduct was regular and severe or pervasive; and.

*Third*. The alleged conduct detrimentally affected the plaintiff; and.

*Fourth*: The conduct would have detrimentally affected a reasonable person of the same sex – female - in the plaintiff's position; and.

*Fifth* The alleged conduct caused the plaintiff to suffer a tangible employment action That is. the alleged sexual harassment caused a significant change in his employment status. such as hiring. firing. failure to promote. reassignment with significantly different responsibilities or a decision causing significant change in benefits

One Goodwin Square
225 Asylum Street
Hartford CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

"All of the elements must be aggregated and objectively considered within the context the incidents and/or comments are made."

If plaintiff proves, by a preponderance of the evidence, each of the above elements, you may find the defendant liable for the sexual Harassment. [36]

---

36/ Faragher v. Boca Raton, 524 U.S. 775, 118 S. Ct. 2275 (1998)
Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257 (1998)
Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-23 (1993)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANT
JAMES F DAIGLE, JR

By /s/ ______________________
Eric P. Daigle of
HALLORAN & SAGE LLP
Fed Bar #ct23486
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
Daigle@halloran-sage.com

- 39 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**CERTIFICATION**

This is to certify that on this 21st day of January, 2008, I hereby mailed a copy of the foregoing to:

For the Plaintiff:

Stephen E. Reck, Esquire
Mariani & Reck, LLC
83 Broad Street
P O Box 1630
New London, CT 06320
Ph: (860) 443-5023
E-Mail: s.reck@marianireck.com

John R Williams, Esquire
John R Williams and Associates LLC
51 Elm Street
New Haven, CT 06510
Ph: (203) 562-9931
E-Mail: jrw@johnrwilliams com

For Defendant City of Norwich:

Beatrice Jordan
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
Ph: (860) 249-1361
E-Mail: bjordan@hl-law com

/s/ ______________________
Eric P Daigle