UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | NO.:  3:02CV1026 (CFD) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NORWICH, ET AL | : | JANUARY 21, 2008 |

**<u>AMENDED JOINT TRIAL MEMORANDUM</u>**

Pursuant to the Court's Trial Memorandum Order [Doc. 132], the parties submit

the following Joint Trial Memorandum:

**1.**     **<u>TRIAL COUNSEL</u>:**

For Plaintiff:     Stephen E. Reck, Esquire
Mariani & Reck, LLC
83 Broad Street
P.O. Box 1630
New London, CT  06320
Ph:  (860) 443-5023
E-Mail:  s.reck@marianireck.com

John R. Williams, Esquire
John R. Williams and Associates, LLC
51 Elm Street
New Haven, CT  06510
Ph:  (203) 562-9931
E-Mail:  jrw@johnrwilliams.com

For Defendant James Daigle:          Eric P. Daigle, Esquire
                                     Halloran & Sage, LLP
                                     One Goodwin Square
                                     225 Asylum Street
                                     Hartford, CT  06103-4303
                                     Ph:  (860) 522-6103
                                     E-Mail:  daigle@halloran-sage.com

For Defendant City of Norwich:       Beatrice. Jordan
                                     Howd & Ludorf, LLC
                                     65 Wethersfield Avenue
                                     Hartford, CT 06114
                                     Ph:  (860) 249-1361
                                     E-Mail:  bjordan@hl-law.com

**2.      JURISDICTION:**

The Court has jurisdiction over this matter pursuant to the provisions of Title 28,

United States Code §§1441, 1331 and 1343(3) in that this matter presents federal

questions pursuant to 42 U.S.C. §§1983 and 1988; the Court has pendent jurisdiction

over the state law claims.

**3.      JURY/NON-JURY:**

This matter is to be tried to a jury.

**4.      NATURE OF CASE:**

The plaintiff, Melanie Wilson, has brought this action by way of a thirty-seven

count Amended Complaint dated September 8, 2003.  The plaintiff alleges that, in

early September of 2000, she volunteered to assist the City of Norwich in an underage

alcohol purchase sting operation after being recruited by Norwich Police Officer James

F. Daigle, Jr.  The plaintiff further alleges that, on September 15, 2000, Daigle told her that, as a participant in the sting operation, he would need to take nude photographs of her in order to document that she was not wearing a wire.  The plaintiff alleges that, based on this representation, she allowed Daigle to take the photographs of her at her residence when he arrived to pick her up for the sting operation.

In addition, the plaintiff alleges that, approximately two months later, Daigle told her he was investigating a child pornographer and inquired as to whether she would be willing to pose for photographs to assist in his investigation.  The plaintiff refused at first, but later changed her mind and agreed to allow him to photograph her for the alleged investigation.  The plaintiff alleges that she subsequently allowed Daigle to take several topless photographs of her sometime between December 15 and December 24, 2000 based on his representations.

Counts One through Fourteen and Thirty-Five through Thirty-Six of the Amended Complaint are directed to Defendant James F. Daigle and allege the following claims as to each of the foregoing incidents: (1) invasion of privacy; (2) violation of Conn. Gen. Stat. § 46a-58; (3) § 1983 civil rights claim for violation of her 14th Amendment Substantive Due Process rights; (4) intentional misrepresentation; (5) negligent infliction of emotional distress; (6) intentional infliction of emotional distress; (7) sexual harassment; and (8) negligent misrepresentation.

Counts Fifteen through Thirty-Four and Thirty-Seven are directed to the City of Norwich and Chief Louis Fusaro, and allege claims of: (1) common law negligent training and supervision; (2) violation of Conn. Gen. Stat. § 46a-58; (3) § 1983 failure to train and supervise; and (4) § 7-101a and 7-465 indemnification with regard to every claim against James F. Daigle.

Pursuant to the Court's ruling [Doc. 124] on the defendants, City of Norwich and Chief Louis J. Fusaro's, Motion for Summary Judgment, Chief Fusaro is no longer a defendant in this action.  Moreover, pursuant to the Court's ruling, the sole remaining claims against the City of Norwich are for indemnification pursuant to Conn. Gen. Stat. § 7-465 with regard to the plaintiff's claims against the co-defendant, James Daigle, arising out of the September 15, 2000 underage alcohol purchase sting operation as alleged in Counts Five (negligent infliction of emotional distress), Nine (§ 1983 civil rights claim for violation of her 14th Amendment Substantive Due Process rights), and Thirty-Five (negligent misrepresentation) of the Amended Complaint.

**5.** **STIPULATONS OF FACT AND LAW:**

**Stipulations of Fact:**        None

**Stipulations of Law:**        None

**6.** **PLAINTIFF'S CONTENTIONS:**

The Defendant, James F. Daigle Jr., was a Detective Sergeant with the Norwich Police Department.  In that capacity, he planned and developed a "sting" operation

designed to uncover the unlawful sales of alcohol to minors.  He recruited the Plaintiff to be a volunteer in the undercover, underage alcohol purchase "sting" operation.  On September 15, 2000, the Defendant, Daigle, told the Plaintiff that to participate in the "Sting" operation as an undercover minor attempting to purchase alcohol, it would be necessary for him to take two photographs of her fully nude, front and back, to document that she was not wearing a wire or tape recorder.  Because Detective Sergeant Daigle was a Norwich Police Officer, the Plaintiff believed what he told her, and allowed him to take two photographs of her fully nude, front and back.  At the time the Defendant took the two photographs of the Plaintiff, the Plaintiff was under the belief that said photographs were necessary and required as part of her participation in the underage alcohol purchasing "sting" operation.  The Plaintiff's belief that the taking of the nude photographs was necessary and required was reasonable, given the Defendant's position as a City of Norwich Police Detective Sergeant.

On or about January 4, 2002, the Plaintiff learned that the nude photographs that had been taken of her were not part of any "sting" operation, and that the Defendant, Daigle, made misrepresentations to her about having to pose in the nude to assist the City of Norwich as a volunteer in a "sting" operation.  The Defendant, Daigle, made the misrepresentations to the Plaintiff concerning the need to take nude photographs of the Plaintiff in order to induce the Plaintiff to consent to the taking of the said nude photographs. As a result of the nude photographs taken of the Plaintiff,

she has suffered serious and permanent emotional injuries, including but not limited to, severe

emotional distress, anxiety, depression, low self-esteem, anger, rage, and permanent psychological scarring.  Additionally, the Plaintiff does not know who has seen her nude photographs, or what has been done with them, and fears that she will forever be subject to future pain and humiliation.  As a result of her injuries as described above, the Plaintiff has undergone, and will in the future continue to undergo intensive therapy and counseling. Furthermore, as a result of the injuries and damages, the Plaintiff has incurred, and will in the future continue to incur, medical bills for treatment, therapy and counseling.

The Defendant taking nude photographs of the Plaintiff constituted an invasion of the Plaintiff's privacy in that:

a.    The  Defendant wrongfully appropriated the Plaintiff's nude photographs or likeness under false pretenses for the Defendant's own benefit, and

b.    The taking of the nude photographs under false pretenses constituted an intrusion upon the Plaintiff's physical solitude or seclusion.

The taking of the nude photographs and the invasion of the Plaintiff's rights to privacy as stated above, and constituted a violation of Connecticut General Statute §46a-58.

6

In December of 2000, the Plaintiff volunteered to assist the City of Norwich Police Department in a Child Pornography investigation.  The defendant Daigle also participated in this operation, and was one of the chief planners and developers of the investigation.  The defendant Daigle was the City of Norwich police officer who recruited the plaintiff to be a volunteer in the Child Pornography investigation.  At some time in October or November of 2000, the defendant Daigle told the plaintiff that several female City of Norwich police officers had posed in the nude as part of the child pornography investigation, but that nude photographs of a minor were needed to create authentic nude photographs, and that since the plaintiff was 18 it would be legal for him to photograph her, but that the nude photographs of the plaintiff would look like those of a minor.  Because the defendant Daigle was a Norwich police officer, the plaintiff believed what he told her and allowed him to take several photographs of her nude from the waist up sometime between December 15 and December 24, 2000.  At the time the defendant Daigle took the nude photographs of the plaintiff, the plaintiff was under the belief that said nude photographs were necessary and required as part of her participation in the child pornography investigation.  The plaintiff's belief that the taking of the nude photographs was necessary and required was reasonable, given the defendant's position as a City of Norwich police detective sergeant.  On or about January 4, 2002, the plaintiff learned that the nude photographs that had been taken of her were not part of any child pornography investigation and that the defendant Daigle

7

had made misrepresentations to her about having to pose in the nude to assist the City of Norwich as a volunteer in a child pornography investigation. The Defendant, Daigle, made the misrepresentations to the Plaintiff concerning the need to take nude photographs of the Plaintiff in order to induce the Plaintiff to consent to the taking of the said nude photographs.

As a result of the nude photographs taken of the Plaintiff, she has suffered serious and permanent emotional injuries, including but not limited to, severe emotional distress, anxiety, depression, low self-esteem, anger, rage, and permanent psychological scarring. Additionally, the Plaintiff does not know who has seen her nude photographs, or what has been done with them, and fears that she will forever be subject to future pain and humiliation. As a result of her injuries as described above, the Plaintiff has undergone, and will in the future continue to undergo intensive therapy and counseling. Furthermore, as a result of the injuries and damages, the Plaintiff has incurred, and will in the future continue to incur, medical bills for treatment, therapy and counseling.

The Defendant taking nude photographs of the Plaintiff constituted an invasion of the Plaintiff's privacy in that:

    a.    The Defendant wrongfully appropriated the Plaintiff's nude photographs or likeness under false pretenses for the Defendant's own benefit, and

    b.    The taking of the nude photographs under false pretenses

constituted an intrusion upon the Plaintiff's physical solitude or seclusion.

The taking of the nude photographs and the invasion of the Plaintiff's rights to privacy as stated above, and constituted a violation of Connecticut General Statute §46a-58.

At all times mentioned herein, the defendant Daigle was acting under color of law, that is, under color of the constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and the City of Norwich. The conduct of defendant Daigle described above was shocking to the conscience and deprived the plaintiff of substantive due process of law in violation of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

The Defendant, Daigle, intentionally misrepresented to the Plaintiff that it was necessary for the Plaintiff to submit to the taking of said nude photographs, in order to induce the Plaintiff into agreeing to allow Daigle to take said nude photographs.  Had the Defendant, Daigle, not made said misrepresentations, the Plaintiff would have never agreed to allow the taking of said nude photographs.

The Defendant, Daigle, should have realized that his conduct involved an unreasonable risk of causing emotional distress to the Plaintiff and that distress, if it were caused, might result in distress or bodily harm.

The conduct of defendant Daigle was extreme and outrageous.

9

The defendant City of Norwich is liable to indemnity the damages herein pursuant to §7-465 and §7-101a of the Connecticut General Statutes.

**7.    DEFENDANTS' CONTENTIONS:**

**A.    Defendant James Daigle's Contentions**

A.    James Daigle sets forth the affirmative defense of consent in that the plaintiff consented to all photographs taken of her.

B.    The plaintiff has failed to sufficiently allege an agency relationship in that the defendant, James Daigle, is not her employer.

C.    Any and all alleged emotional damages were sustained by the plaintiff prior to the alleged photographs.

**B.    Defendant City of Norwich's Contentions**

Pursuant to the Court's ruling on the defendant's summary judgment motion, the sole claims remaining against the City of Norwich are for indemnification as to James Daigle's alleged conduct pursuant to Conn. Gen. Stat. § 7-465.  It is the City's contention that no exposure exists as to liability in this matter pursuant to the sole claims against it for indemnification under Conn. Gen. Stat. § 7-465 with regard to conduct of the co-defendant.  The statute by its very language affords indemnification by a municipality on behalf of any employee for all sums which the employee becomes obligated to pay by reason of the liability imposed upon such employee for infringement of any person's civil rights, or for physical damages to person or property,

10

*only if* the employee, at the time of the occurrence, was *acting in the performance of his duties and within the scope of his employment*, and if such occurrence, was *not the result of any willful or wanton act of such employee in the discharge of such duty*.  The plaintiff, by her own concessions, alleges that co-defendant Daigle's actions were intentional, malicious, wanton and willful.  Co-defendant Daigle's conduct in securing the photographs of the plaintiff under the misrepresentation of police business was not within the scope of his duties, and was wilful and intentionally procured for his own prurient interests.  Such conduct by the co-defendant does not serve any purpose, nor advance any interest of the City, thereby precluding indemnification as to his conduct under the express language of the statute.

8.    **LEGAL ISSUES:**

1.    Whether any of the nude and/or topless photographs James Daigle took of the plaintiff on September 15, 2000 and between December 15 and December 24, 2000, were taken under false pretenses?

2.    Whether the photographs taken of the plaintiff on or about September 15, 2001 and between December 15th and 24th where consensual.

3.    Whether the conduct of James Daigle constituted an invasion of the plaintiff's privacy on or about September 15, 2001 and between December 15th and 24th .

11

4.    Whether the conduct of James Daigle constituted a violation of the plaintiff's rights to privacy under 42 U.S.C. 1983 and C.G.S. 46a-58.

5.    Whether James Daigle intentionally and/ or negligently misrepresented any factual claims to the plaintiff in order to induce the plaintiff into posing nude and/or topless on September 15, 2000 and between December 15 and December 24, 2000?

6.    Whether James Daigle was acting within the scope of his duties at the time he allegedly photographed the plaintiff?

7.    Whether James Daigle's conduct as alleged by the plaintiff can reasonably be said to have been undertaken in furtherance of the interests of the City of Norwich?

8.    Whether James Daigle's conduct as alleged by the plaintiff was intentional, wilful, wanton or reckless?

9.    Whether the City of Norwich is obligated to indemnify James Daigle for the conduct alleged by the plaintiff?

**9.    VOIR DIRE QUESTIONS:**

To be provided under separate cover.

**10.    LIST OF WITNESSES:**

**A.    Plaintiff's Witness List**

1.    The plaintiff will testify regarding all of the allegations in her complaint.

2.    Kristen Ejchorszt will testify concerning a pattern of similar misconduct by defendant Daigle.

**OBJECTION:** The defendants object to testimony by Kristen Ejchorszt regarding prior underage alcohol compliance investigations, and her involvement as a volunteer operative in the same.   This testimony is not relevant to the subject proceedings and is prejudicial to the defendant.  The defendants reserve the right to object further to this testimony.

3.  Ellen Wilson will testify concerning her knowledge of the defendant

Daigle's actions and to the plaintiff's damages.

4.  Defendant Daigle will testify concerning his actions as alleged.

5.  Theresa Earl will testify concerning a pattern of similar misconduct by

defendant Daigle.

**OBJECTION:** The defendants object to testimony by Theresa Earl regarding prior underage alcohol compliance investigations, and her involvement as a volunteer operative in the same.   This testimony is not relevant to the subject proceedings and is prejudicial to the defendant.  The defendants reserve the right to object further to this testimony.

6.  Pamela Kane, Ph.D., will testify as an expert witness in accordance

with the Disclosure previously filed herein.

7.  Warren L. Mocek, Deputy Chief of Police, will identify police records

and testify concerning aspects of the police internal investigation of this matter.

**OBJECTION:** The defendants object to testimony by Deputy Chief Mocek regarding prior underage alcohol compliance investigations, and testimony regarding the internal investigation of incidents other than the plaintiff's subject allegations.  This testimony is not relevant to the subject proceedings and is prejudicial to the defendant.  The defendants reserve the right to object further to this testimony.

13

8.  The plaintiff reserves the right to call any and all of the witnesses listed by the defendants.

**B.    Defendant James Daigle's Witness List**

The defendant James Daigle may call any of the following witnesses to testify at the trial of this matter:

1.    **Melanie Wilson**.  Plaintiff Wilson is expected to testify as to her recollection of the subject incidents.

2.    **Ellen Wilson** (Mother of Plaintiff), 34 Will Road, Norwich, CT; Mrs. Wilson will testify regarding her knowledge of the subject incident, including conversations she had with her daughter in response to the subject incident.

3.    **James Daigle**, 9 Shady Lane, Norwich, CT.  Mr. Daigle is expected to testify as to his recollection of the subject incidents, as well as his interactions with the plaintiff, and his preparation and participation in the underage alcohol purchase operation.

4.    **Detective Peter Camp**, Norwich Police Department, 70 Thames Street, Norwich, CT  06360; Detective Camp will testify regarding his knowledge and history with the plaintiff, including his knowledge of the subject incident.

5.    **Detective Mark Lounsbury**, Norwich Police Department, 70 Thames Street, Norwich, CT  06360; Detective Camp will testify regarding his knowledge and history with the plaintiff, including his knowledge of the subject incident.

6.     **Detective Chris Ladd**, Norwich Police Department, 70 Thames Street, Norwich, CT  06360; Detective Ladd will testify regarding his involvement in the underage drinking operation, including his observations and information he received from the plaintiff.

7.     **Special Agent Jennifer Sturgeon**, Department of Consumer Protection, 165 Capitol Avenue, Hartford, CT.  Agent Sturgeon will testify regarding her involvement in the underage drinking operation, including her observations of the plaintiff.

8.     **Supervisor Special Agent Melanie Luke**, Department of Consumer Protection, 165 Capitol Avenue, Hartford, CT.  Agent Sturgeon will testify regarding her involvement in the underage drinking operation, including her observations of the plaintiff.

9.     **Brian Girasoli**, 4 Pearl Street, Mystic, CT.  Mr. Girasoli will testify regarding his conversation with the plaintiff regarding her involvement with the defendant James Daigle.

The defendant reserves to call any witness identified by the plaintiff or co-defendant.  Additionally, the defendant reserves the right to supplement this witness list as may be necessary prior to trial.

C.    **Defendant City of Norwich's Witness List**

The defendant, City of Norwich, may call any of the following witnesses to testify at the trial of this matter:

1.    ***Melanie Wilson***.  Plaintiff Wilson is expected to testify as to her recollection of the subject incidents.

2.    ***James Daigle***, 9 Shady Lane, Norwich, CT.  Mr. Daigle is expected to testify as to his recollection of the subject incidents, as well as his interactions with the plaintiff, and his preparation and participation in the underage alcohol purchase operation.

3.    ***Chief Louis Fusaro***, Norwich Police Department, 70 Thames Street, Norwich, CT.  Chief Fusaro is expected to testify regarding the bases underlying the securing of photographs of volunteers in underage alcohol purchase operations, the duties of Norwich police officers, the code and cannon of ethics to be followed by Norwich Police Officers, and the Norwich Police Department's mission, goals and objectives.

4.    ***Deputy Chief Warren Mocek***, Norwich Police Department, 70 Thames Street, Norwich, CT.  Deputy Chief Mocek is expected to testify regarding the bases underlying the securing of photographs of volunteers in underage alcohol purchase operations, the duties of Norwich police officers, the code and cannon of ethics to be

followed by Norwich Police Officers, and the Norwich Police Department's mission, goals and objectives.

The defendant reserves to call any witness identified by the plaintiff or co-defendant.  Additionally, the defendant reserves the right to supplement this witness list as may be necessary prior to trial.

11.    **EXHIBITS:**

A.    **Plaintiff's Exhibit List**

P-1    Non-opinion portions of the Internal Affairs Investigation Report concerning this case and supporting evidence.

P-2    Records of Connecticut Department of Consumer Protection concerning operations in which the plaintiff was involved.

P-3    Defendant Daigle's business card.

P-4    Plaintiff's relevant telephone records

P-5    Curriculum Vita of Plaintiff's Expert

P-6    Report of Plaintiff's Expert

P-7    Bills for treatment of plaintiff

The plaintiff reserves the right to supplement her exhibit list prior to trial.

**B.** **Defendant James Daigle's Exhibit List**

1.    Norwich Police Report 00-29461, regarding the subject operation

2.    Photocopy of three photographs depicting the plaintiff prior to the

operation.

The defendant reserves the right to supplement his exhibit list prior to trial.

**C.** **Defendant City of Norwich's Exhibit List**

D-1    City of Norwich Police Department description of police officer duties

D-2    City of Norwich Police Department police code and cannon of ethics

D-3    City of Norwich Police Department's mission, goals and objectives

The defendant reserves the right to supplement this exhibit list as may be

necessary prior to trial.

**12.** **DEPOSITION TESTIMONY:**

The parties do not anticipate testimony by deposition unless they are notified

that a witness is unavailable.  In the event of such witness unavailability, the parties

will seek leave to obtain a trial deposition.

**13.** **REQUESTS FOR JURY INSTRUCTIONS:**

To be provided under separate cover.

**14.** **ANTICIPATED EVIDENTIARY PROBLEMS:**

The defendant, City of Norwich, anticipates evidentiary problems with regard to

the scope of testimony and Internal Affairs Investigative Report materials to be offered

by the plaintiff with regard to prior underage alcohol compliance investigations, and the internal investigation of incidents other than the plaintiff's subject allegations. The defendant will address these issues by way of Motions in limine.

**15.    PROPOSED FINDINGS AND CONCLUSIONS:**

Not applicable.

**16.    TRIAL TIME:**

The parties anticipate approximately five days of evidence in this trial.

**17.    FURTHER PROCEEDINGS:**

The Defendants anticipate filing one or more Motions in Limine regarding anticipated evidence.

The Defendants anticipate filing a Motion and Memorandum of Law to Bifurcate the trial. The plaintiff opposes any such motion.

Plaintiff reserves the right to object to any motions filed by the defendants.

**18.    ELECTION FOR TRIAL BY MAGISTRATE:**

The parties do not agree to trial by magistrate.

PLAINTIFF,
MELANIE WILSON


By_____/s/ John R. Williams_____
    John R. Williams, Esquire
    John R. Williams and Associates, LLC
    51 Elm Street
    New Haven, CT  06510
    Ph:  (203) 562-9931
    E-Mail:  jrw@johnrwilliams.com

THE DEFENDANT,
JAMES DAIGLE, JR.


By_____/s/ Eric P. Daigle_____
    Eric P. Daigle, Esq.
    ct23486
    Halloran & Sage, LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103-4303
    (860) 522-6103
    (860) 548-0006 (Fax)
    E-Mail:  daigle@halloran-sage.com

DEFENDANT,
CITY OF NORWICH


By /s/  Beatrice S. Jordan
    Beatrice S. Jordan
    ct22001
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114-1121
    (860) 249-1361
    (860) 249-7665 (Fax)
    E-Mail:  bjordan@hl-law.com