UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | NO.: 3:02CV1026 (CFD) |
| v. | : | |
| CITY OF NORWICH, ET AL | : | JANUARY 21, 2008 |

**DEFENDANT, CITY OF NORWICH'S PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's Trial Memorandum Order, Fed. R. Civ. P 51 and the District of Connecticut Standing Order Regarding Trial Memoranda in Civil Cases, the defendant, City of Norwich, hereby submits the following proposed jury instructions. The defendant reserves the right to modify and/or supplement these jury instructions.

**I.     INDEMNIFICATION CLAIM AGAINST THE CITY OF NORWICH:**

***The Statute***

The plaintiff asserts statutory claims for indemnification against the City of Norwich for the alleged acts of the co-defendant, James Daigle, brought pursuant to Conn. Gen. Stat. § 7-465. Connecticut General Statutes § 7-465 is a municipal employee indemnification statute.

      **AUTHORITY:** Pratt v. Old Saybrook, 225 Conn. 177, 179 (1993); Viebert v. Board of Education, 260 Conn. 167, 173-74 (2002).

General Statutes § 7-465 states in pertinent part: "Any town, city or borough … shall pay on behalf of any employee of such municipality … all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded … for physical damages to person or property … if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting within the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty …"

**AUTHORITY:** Conn. Gen. Stat. § 7-465.

Connecticut General Statutes § 7-465 only provides for indemnification by municipalities of municipal officers, agents or employees who incur liability for certain of their official conduct which is not the result of willful, wanton or reckless acts by such officer or agent in the discharge of his or her employment.

**AUTHORITY:** Williams v. New Haven, 243 Conn. 763, 768 (1998); Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987).

In order to prevail in her claim pursuant to Conn. Gen. Stat. § 7-465, the plaintiff must first prove that James Daigle is liable to her for the injuries sustained, and that such liability is not the result of wilful, wanton or reckless conduct by James Daigle. Only then may the plaintiff go on to prove the City's liability by indemnification. In other

words, any indemnification liability by the City is predicated on your findings of individual negligence on the part of James Daigle and the City's employment relationship with him.

**AUTHORITY:**  Sestito v. Groton, 178 Conn. 520, 527 (1979); Wu v. Town of Fairfield, 204 Conn. 435, 438 (1987).

Only three of the plaintiff's claims are subject to possible indemnification under § 7-465, namely: (1) the plaintiff's claim that James Daigle violated her constitutional rights, brought pursuant to 42 U.S.C. § 1983, with regard to the September 15, 2000 alcohol sting operation as alleged in the Fifth Count of her Amended Complaint; (2) the plaintiff's claim against James Daigle for negligent infliction of emotional distress with regard to the September 15, 2000 alcohol sting operation as alleged in the Ninth Count of her Amended Complaint; and (3) the plaintiff's claim against James Daigle for negligent misrepresentation with regard to the September 15, 2000 alcohol sting operation as alleged in the Thirty-Fifth Count of her Amended Complaint.

Accordingly, if you find that the plaintiff has proven to you, by the preponderance of the evidence, that James Daigle is liable to her for the conduct alleged in the Fifth, Ninth and Thirty-Fifth Counts of her Amended Complaint, and that his actions were not willful, wanton or reckless, then you will find that the City of Norwich is responsible to pay all sums James Daigle shall be liable to pay.  If, however, the plaintiff has not proven to you that James Daigle is liable to her for the

conduct alleged in these counts, then I instruct you to return a verdict in favor of the defendant City of Norwich as to the plaintiff's indemnification claims pursuant to § 7-465.

By its very language, Conn. Gen. Stat. § 7-465 requires the plaintiff to prove three elements in order to prevail on a claim of indemnification, namely that: (1) the defendant employee was acting within the performance of his duties at the time of the alleged conduct; (2) the defendant employee was acting within the scope of his employment at the time of the alleged conduct; and (3) that the defendant's conduct as alleged was not wilful or wanton.  Thus, in order to prevail on her indemnification claims in the instant matter, the plaintiff must prove to you, by a preponderance of the evidence, that James Daigle was acting within the performance of his duties ***and*** within the scope of his employment as a City of Norwich police officer at the time he allegedly photographed the plaintiff, ***and*** that his conduct in doing so was not wilful or wanton.

**AUTHORITY:**  Conn. Gen. Stat. § 7-465(a).

### *Within Performance of Duties and Scope of Employment*

As a threshold matter, in order to find the City liable for indemnification for the alleged acts of James Daigle as alleged, the plaintiff must prove to you that James Daigle was acting within the performance of his duties ***and*** within the scope of his

4

employment as a City of Norwich police officer at the time he allegedly photographed the plaintiff.

In determining whether an employee's conduct occurred within the course of their duties, a plaintiff must prove that the conduct took place: (1) within the period of employment, (2) at a place whether the employee could reasonably be, and (3) while the employee is reasonably fulfilling the duties of employment or doing something incidental to it.

> **AUTHORITY:** Rawling v. New Haven, 206 Conn. 100, 106-07, 537 A.2d 439 (1988); Crotty v. Naugatuck, 25 Conn. App. 599, 603-04, 595 A.2d 92 (1991); Santana v. Hartford, 94 Conn. App. 445,452, 894 A.2d 307 (2006).

An employee is said to be reasonably fulfilling the duties of his employment, or doing something incidental to it, when the employee's alleged conduct can be said to be in furtherance of the employer's interests or for the employer's benefit. If the employee's alleged conduct is not in furtherance of the employer's interests, or for the employer's benefit, the employee cannot be said to be reasonably fulfilling the duties of his employment at the time of the conduct complained of. There must be a nexus between the conduct complained of and the employee's duties. Thus, in order to establish that James Daigle was acting within the performance and scope of his duties as a City of Norwich Police Officer at the time he allegedly took the photographs of the plaintiff on September 15, 2000, the plaintiff must prove to you, by a preponderance of

the evidence, that James Daigle's alleged photographing of her in a nude and/or partially nude state was in furtherance of the interests of the Norwich Police Department, or otherwise benefited the Norwich Police Department.

> **AUTHORITY:** Gutierrez v. Thorne, 13 Conn. App. 493, 498-99, 537 A.2d 527 (1988); Brown v. Dept. of Corrections, 89 Conn. App. 47, 52, 871 A.2d 1094 (2005); Santana v. Hartford, 94 Conn. App. 445, 455, 894 A.2d 307 (2006).

The mere fact that the plaintiff alleges that James Daigle was on duty at the time he allegedly took the photographs, or otherwise used his status as a police officer to procure them, does not alter the analysis. The fact that Daigle's tortious conduct occurred while on duty does not render it susceptible to an inference that he was acting to further the City's interests in allegedly taking the photographs. Acting within the course of one's employment means while engaged in the service of the employer's interests, and it is not synonymous with the phrase "during the period covered by employment." The proper inquiry, therefore, remains whether Daigle's alleged taking of the photographs of the plaintiff on September 15, 2000 can be said to be compatible with his duties as a Norwich Police Officer, and whether the photographs were in furtherance of the interests of the Police Department.

> **AUTHORITY:** Gutierrez v. Thorne, 13 Conn. App. 493, 499, 537 A.2d 527 (1988); Santana v. Hartford, 94 Conn. App. 445, 455, 894 A.2d 307 (2006).

Accordingly, If you find that the plaintiff has failed to prove that James Daigle's alleged photographing of her in a nude and/or partially nude state on September 15, 2000 was in furtherance of the interests of the Norwich Police Department, or otherwise benefited the Norwich Police Department, the plaintiff has not met her burden of proving that he was acting within the performance and scope of his duties as a City of Norwich Police Officer at the time he allegedly took the photographs of her. You must, therefore, find that the City of Norwich is not liable to the plaintiff.

### *Intentional, Wilful and Wanton Acts Exclusion*

If you find that the plaintiff has proven to you that James Daigle's conduct in allegedly taking nude and/or partially nude photographs of her was done in the performance of his duties as a City of Norwich Police Officer, and was done within the scope of his duties as a police officer, you must go on to consider the third prong of the indemnification test, namely whether the plaintiff has proven that James Daigle's conduct "was not the result of any wilful or wanton act [by him] in the discharge of [his duties]."

**AUTHORITY:** Conn. Gen. Stat. § 7-465(a).

It is axiomatic that a municipality can act only through natural persons as its agents or employees. A municipality may not, however, be held vicariously liable for the intentional torts of its employees.

    **AUTHORITY:** <u>Shay v. Rossi</u>, 253 Conn. 134, 168, 749 A.2d 1147 (2000); <u>Miller v. Eagan</u>, 265 Conn. 301, 325, 828 A.2d 549 (2003); <u>Sanzone v. Bd. of Police Commissioners</u>, 219 Conn. 179, 193, 592 A.2d 912 (1991); <u>Pane v. City of Danbury</u>, 267 Conn. 669, 684-86, 841 A.2d 684 (2004); <u>O'Connor v. Bd. of Ed.</u>, 90 Conn. App. 59, 64-65, 877 A.2d 860 (2005).

In fact, our legislature has expressly immunized a municipality from liability for damages caused by the wilful and/or intentional acts of its employees which constitute criminal conduct, fraud, actual malice or willful misconduct.  Willful misconduct may either be intentional or committed under circumstances exhibiting a reckless disregard for the safety of others.  The terms willful, wanton and reckless have been treated as interchangeable with one another.  A willful act is one done intentionally or with reckless disregard of the consequences of one's conduct.  Thus, there exists no distinction between "intentional" and "wilful" conduct.

    **AUTHORITY:**    Conn. Gen. Stat. § 7-465(a); Conn. Gen. Stat. §52-557n(a)(2); <u>Pane v. City of Danbury</u>, 267 Conn. 669, 685, 841 A.2d 684 (2004); <u>Bauer v. Waste Management of Connecticut, Inc.</u>, 239 Conn. 515, 527, 686 A.2d 481 (1996); <u>Dubay v. Irish</u>, 207 Conn. 518, 533, 542 A.2d 711 (1988); <u>West Haven v. Hartford Insur. Co.</u>, 221 Conn. 149, 161 n.3, 2 A.2d 988 (1992); <u>O'Connor v. Bd. of Ed.</u>, 90 Conn. App. 59, 65, 877 A.2d 860 (2005); BLACKS LAW DICTIONARY, Fifth Edition (1979).

Accordingly, in order to prevail on her claim of indemnification, the plaintiff must prove that James Daigle's conduct in allegedly photographing her on September 15, 2000 was not the result of any wilful or wanton act by him in the discharge of his duties.  In this regard, you must determine whether James Daigle intentionally or recklessly procured the alleged photographs of the plaintiff on September 15, 2000

under the guise of police business so as to induce the plaintiff into posing for the photographs as alleged by the plaintiff.  If you find that James Daigle did, in fact, intentionally or recklessly procure the photographs of the plaintiff under the guise of police business so as to induce her to pose for the photographs, you must find that the City of Norwich is not liable for indemnification of his wilful, wanton and intentional conduct.  You must, therefore, enter your verdict in favor of the City of Norwich.

## II.     DAMAGES:

You may not speculate or guess as to damages.  You must bear in mind at all times that the burden of proving damages is on the plaintiff.  The plaintiff must prove any claimed element of damage was a proximate cause or a result of the incidents alleged.

The plaintiff is entitled to recover only fair, just, and reasonable compensation.  It is not proper for the jury, in considering the question of damages, to attempt to be generous or punitive rather than fair and reasonable.

> **AUTHORITY:**  Rosa v. American Oil Company, 129 Conn. 585, 590, 30 A.2d 385 (1943).

### *Sympathy*

Sympathy or pity must not enter into or affect your deliberations.  In this Court of Justice, a defendant is not liable to a plaintiff for damages or expenses just because the plaintiff has incurred injuries, damages or expenses.

Your decision cannot be swayed by any sympathy for the plaintiff, but must be based solely upon the facts you find to have been proven and upon the law as I give it to you.

>  **AUTHORITY:** Lopes v. Connecticut Light & Power Co., 145 Conn. 313, 316, 142 A.2d 135 (1958); Mourison v. Hansen, 128 Conn. 62, 66, 20 A.2d 84 (1941); I Wright & Daly, Connecticut Jury Instructions, §312.

### *Causal Connection Of Claimed Injury*

The rule that the burden of proof is upon the plaintiff to satisfy you as to her injuries and her damage implies not merely that she must prove to you that she has injuries and damages, but also that she must prove to you that these injuries and damages were caused by the incidents alleged. If anything else is causing injuries and damages, if her condition as it is today is due to any other cause than the particular incidents alleged, you will dismiss such claims from your minds. When I say "cause" to you in this connection, I mean that there must be the same causal connection between the incidents alleged and the plaintiff's claimed suffering as I explained to you earlier. In other words, you must find that the incident was a substantial factor in bringing about the injuries and damage. If, then, you are satisfied by a fair preponderance of the evidence that her pain, suffering, disability and the other elements of damage she claims were due to the incidents alleged, you will compensate her for them.

**AUTHORITY**: Mourison v. Hansen, 128 Conn. 62, 66 (1941). See generally 22 Am. Jur. 2d Damages §§473, et seq.

### *Future Medicals*

The plaintiff has asserted a claim for medical expenses that she will incur in the future that are related to injuries suffered as a result of the incidents alleged. In order to recover an award for future medical expenses, the plaintiff must provide evidence that future treatment is reasonably probable, and provide a reasonable estimate of the cost of that treatment. The obvious purpose of this requirement is to prevent the jury from awarding damages for future medical expenses based merely upon speculation or conjecture.

**AUTHORITY**: Calvi v. Agro, 59 Conn. App. 732 (2000).

DEFENDANT,
CITY OF NORWICH


By /s/ Beatrice S. Jordan
   Beatrice S. Jordan
   ct22001
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-1121
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail: bjordan@hl-law.com

## **CERTIFICATION**

This is to certify that on January 21, 2008, a copy of the foregoing **Proposed Jury Instructions** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


Stephen E. Reck, Esquire
Michael J. Cartier, Esquire
Mariani & Reck, LLC
83 Broad Street
New London, CT  06320

John R. Williams, Esquire
William & Pattis, LLC
51 Elm Street
New Haven, CT  06510

Eric P. Daigle, Esquire
Christine P. Plourde, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103


By   /s/ Beatrice S. Jordan
Beatrice S. Jordan