UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELANIE WILSON | CIVIL ACTION |
| | NO. 3:02CV1026 (CFD) |
| V. | |
| CITY OF NORWICH, LOUIS T. FUSARO and JAMES F. DAIGLE, JR. | APRIL 28, 2008 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR BIFURCATION OF PUNITIVE DAMAGES**

I. **INTRODUCTION**

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the undersigned defendant James Daigle, respectfully request this Court to bifurcate the issue of the amount of punitive damages from the plaintiff's other claims. In the present action, the plaintiff is seeking punitive damages for alleged violations of her constitutional rights and state law claims as a result of circumstances surrounding an alleged sexual misconduct against the undersigned defendant. For the following reasons, the defendant's Motion to Bifurcate the trial should be granted.

II. **DISCUSSION**

Rule 42(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> [t]he Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues ... .

Fed. R. Civ. P. 42(b). An order to bifurcate a trial into various liability and damages phases is firmly within the discretion of a trial court. *In Re Master Key Anti-trust Litigation*, 528 F.2d 5 (2d Cir. 1975). Ordering a bifurcated trial of different claims is appropriate in order to (1) avoid prejudice; (2) provide for convenience; or (3) expedite the proceedings and be economical. *United States v. International Business Machines Corp.*, 60 F.R.D. 654, 657 (S.D.N.Y. 1973). The decision to bifurcate is firmly within the discretion of the trial judge. *In Re Master Key Antitrust Litigation*, 528 F.2d 5, 14 (2d Cir. 1975). In determining whether bifurcation is proper, the court must weigh the issues of convenience, judicial economy and the possible prejudicial effects to the parties. Fed. R. Civ. P. 42(b).

In the present action, the plaintiff is seeking punitive damages for alleged violations of her constitutional rights and state law claims as a result of circumstances surrounding an alleged misconduct. The purpose of awarding punitive damages is to punish a defendant and deter any similar conduct from occurring in the future. *Smith v. Wade*, 461 U.S. 30, 54, (1983). In *Aldrich v. Thomson McKinnon*, 756 F.2d 243, 249 (2d Cir. 1985), the court held that punitive damages should not be greater than the amount necessary to punish a defendant and deter such conduct from occurring again. "[A]n award should not be so high as to result in the financial ruin of the defendant ... [n]or should it constitute a disproportionately large percentage of a defendant's net worth." *Vasbinder v. Scott*, 976 F.2d 118, 121 (2d Cir. 1992)(citations omitted).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Accordingly, in determining the amount of punitive damages, each defendant's net worth must be presented so as to prevent a disproportionately large award. To prevent a disproportionate award, it is each defendant's burden to prove whether his financial circumstances require a limited, punitive damages award. *Smith v. Lightning Bolt Productions Inc.*, 861 F.2d 363, 373 (2d Cir. 1988). In *Smith*, the Second Circuit further reasoned that:

> Since it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages, the preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all. If the jury finds in favor of the claimant on all these issues, the parties should then be allowed to present evidence with respect to the amount of the punitive damages award.

*Id.* at 373-74. *See also Vasbinder v. Ambach*, 926 F.2d 1333, at 1344 (2d Cir. 1991)(punitive damages are "tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability or compensatory damages phase of the case.")

Additionally, judicial economy and convenience to the parties favor bifurcation of the issue of the amount of punitive damages. Should the jury find punitive damages are not warranted, then time, money and effort would not have been wasted litigating the amount of reasonable punitive damages. Similarly, there would be no need to produce

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

evidence of the defendant's net worth. Doing so could be viewed by the fact finder as weakness or an implicit admission of liability by the defendant.

Therefore, to avoid undue prejudice during the liability and compensatory damage phase of this action and to promote judicial economy, for the convenience of the parties, and to follow Second Circuit precedent, the defendant respectfully requests that this Court grant his motion to bifurcate the issue of the amount of punitive damages until the jury resolves the issue of liability, compensatory damages, and determines whether punitive damages are even warranted.

Finally, the plaintiff's right to submit all relevant, admissible evidence would not be denied; no additional cost or delay would be occasioned by the bifurcation; and time and money might be saved if the jury returns a defendant's verdict as to the individual defendant.

### III. CONCLUSION

WHEREFORE, the undersigned defendant respectfully requests that the Court order a bifurcated trial on the issue of the amount of punitive damages from the plaintiff's other claims.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

THE DEFENDANT
JAMES F. DAIGLE, JR.


By /s/_____
Eric P. Daigle
HALLORAN & SAGE LLP
Fed. Bar #ct23486
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
Daigle@halloran-sage.com

## CERTIFICATION

This is to certify that on the 28th day of April 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Stephen E. Reck s.reck@marianireck.com
Peter Catania, Esq. info@marianireck.com
Attorney Linda L. Mariani l.mariani@marianireck.com
Mariani & Reck, LLC

Beatrice S. Jordan, Esq. bjordan@hl-law.com
Alexandria L. Voccio, Esq. avoccio@hl-law.com
John J. Radshaw, III, Esq. jradshaw@hl-law.com
Thomas R. Gerarde, Esq. tgerarde@hl-law.com
Howd & Ludorf

John R. Williams, Esq. jrw@johnrwilliams.com

/s/_____
Eric P. Daigle

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105