UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE WILSON | : | CIVIL ACTION<br>NO. 3:02CV1026 (CFD) |
| V. | : | |
| CITY OF NORWICH, LOUIS T.<br>FUSARO and JAMES F. DAIGLE, JR. | : | APRIL 28, 2008 |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE ALLEGED PAST MISCONDUCT UNRELATED TO THE PLAINTIFF

Pursuant to Federal Rules of Evidence 401-404 and 413-415, the defendant, James Daigle, Jr., submits this Motion in Limine to preclude the plaintiff from offering evidence of alleged past misconduct that is wholly unrelated to the Plaintiff's claims. This evidence should be excluded because it is irrelevant to Plaintiff's claims; its prejudicial effect outweighs its probative value, and is not admissible under the Federal Rules of Evidence.

I. **FACTUAL BACKGROUND**

The plaintiff, Melanie Wilson, has brought this action by way of a thirty-seven count Amended Complaint dated September 8, 2003. The plaintiff alleges that, in early September of 2000, she volunteered to assist the City of Norwich in an underage alcohol purchase sting operation after being recruited by Norwich Police Officer James F. Daigle, Jr. The plaintiff further alleges that, on September 15, 2000, Daigle told her that, as a participant in the sting operation, he would need to take nude photographs of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

her in order to document that she was not wearing a wire. The plaintiff alleges that, based on this representation, she allowed Daigle to take the photographs of her at her residence when he arrived to pick her up for the sting operation.

In addition, the plaintiff alleges that, approximately two months later, Daigle told her he was investigating a child pornographer and inquired as to whether she would be willing to pose for photographs to assist in his investigation. The plaintiff refused at first, but later changed her mind and agreed to allow him to photograph her for the alleged investigation. The plaintiff alleges that she subsequently allowed Daigle to take several topless photographs of her sometime between December 15 and December 24, 2000 based on his representations.

During the course of the Internal Affairs investigation by the Norwich Police Department, another two girls were identified as having alleged that Daigle took semi-nude pictures of them during an underage alcohol sting. These girls have been identified as Theresa Earl and Kristen Ejchorszt. They have also filed actions nearly identical to the action filed by the plaintiff in District Court against the defendant, James Daigle. The first action <u>Theresa Earl v. James Daigle, et al</u>, 3:03-cv-1323 was pending before Judge Stefan R. Underhill and settled without a trial in January of 2008. The second action <u>Kristen Ejchorszt v. James Daigle, et, al</u>, 3:02-cv-1350, brought by Kristen Ejchorszt, is currently pending before this Court. The Plaintiff has identified, per her witness list, her intention to call Kristen Ejchorszt and Theresa Earl to testify

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

concerning a pattern of similar misconduct by defendant Daigle and the undersigned has objected to that testimony.

## II. LAW AND ARGUMENT

### A. Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Paredes, 176 F.Supp.2d 192, 193 (S.D.N.Y.2001). The Supreme Court has explained that "[a]lthough the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); see also Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir.1996) (approving the practice). In ruling on a motion in limine, a court may exclude evidence which is "clearly inadmissible on all potential grounds." Parades, 176 F.Supp.2d at 193.

### B. Plaintiff Should Not Be Permitted To Introduce Testimony and/or Witnesses To Testify Regarding Alleged Past Misconduct by the Defendant

#### 1. The Court Should Preclude Testimony From Other Witnesses Regarding Alleged Past Misconduct Because It Is Unrelated To The Plaintiff, Irrelevant To Plaintiff's Claim And Is Highly Prejudicial

The plaintiff has identified Theresa Earl and Kristen Ejchorszt as witnesses in support of her case claiming that they will testify concerning a pattern of "similar

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

misconduct" by the defendant James Daigle. James Daigle contends that this testimony and any evidence of alleged past "similar misconduct" is irrelevant, inadmissible and highly prejudicial. Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence which is not relevant to any issue or claim in an action lacks probative value, and, therefore is inadmissible. Fed. R. Evid. 402. In addition, relevant evidence may be excluded if the value of such evidence is substantially outweighed by its prejudicial effect. Fed. R. Evid. 403. Moreover, even if testimony regarding alleged "similar misconduct" was relevant, which it is not, it should be precluded as unduly prejudicial, pursuant to Federal Rule of Evidence 403. The "similar misconduct" bears no relation to Plaintiff's interaction with Defendant. Not only would such testimony be irrelevant to Plaintiff's claims against Defendant, the impact of such testimony would be highly prejudicial to Defendant and misleading to the jury. See Moorehouse v. The Boeing Co., 501 F. Supp. 390 (ED Pa. 1980), aff'd without opinion 639 F2d 774 (3d Cir 1980) (stating that special care must be taken to preclude evidence that may confuse the jury or prejudice the defendant). Testimony regarding alleged past "similar Misconduct" should be precluded because its probative value is substantially outweighed by its prejudicial nature.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

The evidence before the Court will support that the testimony of either Theresa Earl or Kristen Ejchorszt regarding "a pattern of similar misconduct by the defendant Daigle" is not relevant to the subject proceedings and does not have any probative value. Any allegations of similar misconduct by Daigle with other girls are irrelevant to this action because it is unrelated to the plaintiff's claim and irrelevant to the plaintiff's claim. Each of these three cases, while alleged to be similar, is very distinct and different in many ways. The Court recognized this when it held that it is proper to try the three cases separately and that a jury has yet to decide a verdict against the defendant.[1] These facts all support the notion that any evidence relating to the two other cases would be unduly prejudicial to Defendant. In fact, the distinctions in these cases would lead to this Court to having to try a case within a case and this questioning would be highly prejudicial to the defendant and cause confusion to the jury. In addition to being irrelevant, the Court should preclude the testimony of alleged similar misconduct because its probative value is substantially outweighed by the dangers of unfair prejudice. As such, the Court should grant this motion in limine.

---

1/  In the case <u>Kristen Ejchorszt v. James Daigle, Jr. et al</u>, Docket No. 3:02-cv-01350 pending before Judge Christopher F. Droney, the plaintiff filed a Motion to Consolidate the cases on October 6, 2006 (Doc #114). An opposition was filed (Doc #'s 116, 117) and the Court issued an order on July 9, 2007 denying the plaintiff's Motion to Consolidate (Doc# 133).

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

### 2. The Accusations of "Similar Misconduct" Does Not Qualify As Sexual Misconduct And Is Not Admissible

The plaintiff has identified her intention to submit evidence of "similar misconduct." This misconduct is sexual in nature, however, it does not qualify as sexual misconduct and is not admissible. Federal Rule of Evidence 404 is the general rule regarding the admissibility of evidence pertaining to the character of the defendant. The Rule states that "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith" except in circumstances where the accused brings up character evidence about himself or the victim, then the opposing party can admit similar evidence in rebuttal. Fed. R. Evid. 404. Federal Rules of Evidence 413 through 415 are generally seen as exceptions to the broad principle set forth in Rule 404. Rules 413-415 allow for the admittance of evidence pertaining to the accused party's character in order to show that it is likely that the accused committed the same act again. Fed. R. Evid. 413-415. In particular, Rule 413 allows for other offenses of sexual assault to be admitted in a criminal case, Rule 414 allows for other offenses of child molestation to be admitted in a criminal case, and Rule 415 allows for other offenses of either sexual assault or child molestation to be admitted in a civil case. Fed R. Evid. 413-415. Based on the evidence before the Court the only arguable application would be Rule 415 since this is a civil case. However, it is crystal clear that Rule 415 is not the authority the plaintiff can rely on for the admissibility of "Similar Misconduct."

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

The analysis of the Rules must start with identifying the necessary definitions.

**Rule 413** provides the definition for the term "sexual assault." It states:

> (d) For purposes of this rule and Rule 415, "offense of sexual assault" means a crime under Federal law or the law of a State (as defined in section 513 of title 18, United States Code) that involved
>
> (1) any conduct proscribed by chapter 109A of title 18, United States Code;
> (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person;
> (3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body;
> (4) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or
> (5) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(4).

Fed. R. Evid. 413(d). As stated above, **Rule 415** governs the admissibility of similar acts in civil case concerning Sexual Assault or Child Molestation. It states:

> (a) In a civil case in which a claim for damages or other relief is predicated on a party's alleged commission of conduct constituting an offense of sexual assault or child molestation, evidence of that party's commission of another offense or offenses of sexual assault or child molestation is admissible and may be considered as provided in Rule 413 and Rule 414 of these rules.

Fed. R. Evid. 415.

A review of the above Rules clearly identifies that in order to provide evidence or testify as to evidence of past sexual misconduct is admissible in a civil case, both cases need to involve sexual assault or child molestation. In this case although the defendant allegedly tricked the girls into taking nude pictures, there was no element of assault or

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

attempted assault as define by Rule 413(d). The facts show that Daigle made no attempt to touch or injure any of the girls, sexually or otherwise. Even if the court somehow rationalizes that the language of 413(d) is applicable in this context, it most likely will not be able to find that the evidence is more probative than prejudicial to Defendant under Rule 403. The facts that the court has already held that it is proper to try the three cases separately and that a jury has yet to decide a verdict against the defendant, all support the notion that any evidence relating to the two other cases would be unduly prejudicial to Defendant. In such a case, therefore, Rule 404, the general rule barring character evidence, is applicable.

### III. CONCLUSION

For the foregoing reasons, the Defendant's Motion to in Limine should be granted.

THE DEFENDANT
JAMES F. DAIGLE, JR.

By /s/ _____
Eric P. Daigle
HALLORAN & SAGE LLP
Fed. Bar #ct23486
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
Daigle@halloran-sage.com

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## CERTIFICATION

      This is to certify that on the 28th day of April 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

      Stephen E. Reck *s.reck@marianireck.com*
      Peter Catania, Esq. *info@marianireck.com*
      Attorney Linda L. Mariani *l.mariani@marianireck.com*
      Mariani & Reck, LLC

      Beatrice S. Jordan, Esq. *bjordan@hl-law.com*
      Alexandria L. Voccio, Esq. *avoccio@hl-law.com*
      John J. Radshaw, III, Esq. *jradshaw@hl-law.com*
      Thomas R. Gerarde, Esq. *tgerarde@hl-law.com*
      Howd & Ludorf

      John R. Williams, Esq. *jrw@johnrwilliams.com*

      /s/_____
             Eric P. Daigle

1159546 1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105